



1   TERRY E. SANCHEZ, (State Bar No. 101218)
    terry.sanchez@mto.com
2   KATHERINE M. FORSTER (State Bar No. 217609)
    katherine.forster@mto.com
3   SORAYA C. KELLY (State Bar No. 252993)
    soraya.kelly@mto.com
4   MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue
5   Thirty-Fifth Floor
    Los Angeles, CA  90071-1560
6   Telephone:    (213) 683-9100
    Facsimile:    (213) 687-3702
7
    Attorneys for Defendant
8   MERRILL LYNCH, PIERCE, FENNER & SMITH
    INCORPORATED
9

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                       SAN JOSE DIVISION

13

14  MARK L. GRINGERI,                  CASE NO. _____

15          Plaintiff,                 **C08  03453**

16      vs.                            NOTICE OF REMOVAL

17  MERRILL LYNCH, PIERCE, FENNER &    **HRL**
    SMITH INCORPORATED, PAT            [Santa Clara County Superior Court
18  WILLIAMS, and DOES 1 through 100,  Case No. 107CV090322]

19          Defendants.

20

21

22           TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

23  NORTHERN DISTRICT OF CALIFORNIA

24           PLEASE TAKE NOTICE that Defendant Merrill Lynch, Pierce, Fenner &  Smith

25  Incorporated ("Merrill Lynch") hereby removes the action captioned *Mark L. Gringeri v. Merrill*

26  *Lynch, Pierce, Fenner & Smith Incorporated, et al.*, Case No. 107CV090322, from the Superior

27  Court of the State of California for the County of Santa Clara, to the United States District Court

28  for the Northern District of California, San Jose Division.  The basis for removal is as follows:

1        1.      On July 20, 2007, Plaintiff filed this verified Complaint against Defendants

2  Merrill Lynch and Patricia Williams ("Williams") in the Superior Court of the State of California

3  for the County of Santa Clara.

4        2.      On July 25, 2007, Defendant Merrill Lynch was served with a copy of the

5  Summons and Complaint.

6        3.      On or around August 6, 2007, Defendant Williams was served with a copy

7  of the Summons and Complaint.

8        4.      On September 10, 2007, pursuant to an executed Stipulation between the

9  parties to extend the time to answer, Defendants Merrill Lynch and Williams filed a Verification

10  and Verified Answer to the Complaint.

11        5.      On March 10, 2008, pursuant to an executed Stipulation between the

12  parties, Defendants Merrill Lynch and Williams filed an Amended Answer to the Complaint to

13  add affirmative defenses.

14        6.      On July 10, 2008, Plaintiff and Defendant Williams entered a Stipulation

15  dismissing the action against Defendant Williams with prejudice, and with a waiver of costs and

16  fees.

17        7.      On July 16, 2008, the Dismissal with prejudice was entered as to

18  Defendant Williams.

19                                  **JURISDICTION**

20        8.      This is a civil action over which this District Court has original jurisdiction

21  under 28 U.S.C. § 1332(a), and which Merrill Lynch is entitled to remove to this Court pursuant

22  to 28 U.S.C. §§ 1441(a) and (b).

23                           **BASIS FOR REMOVAL**

24        9.      The only non-diverse defendant, Williams, has been voluntarily dismissed

25  with prejudice, thus removal based on diversity jurisdiction is proper because the matter in

26  controversy exceeds the sum of $75,000, exclusive of interest and costs, and the action is between

27  citizens of different states.

28

1          10.    The following facts establish that the amount in controversy exceeds

2  $75,000, exclusive of interest and costs.

3          a.    Although Merrill Lynch denies that it is liable to Plaintiff for any alleged

4  damages, Plaintiff asserts ten causes of action against Merrill Lynch, including claims under the

5  California Fair Employment and Housing Act ("FEHA") for discrimination and retaliation, and

6  wrongful termination in violation of public policy.  Plaintiff seeks damages for emotional distress,

7  loss of compensation (including salary, wages, bonuses, and incentive stock options), loss of

8  tangible and intangible employment opportunities, loss of business opportunities, loss of earning

9  capacity, punitive damages, and attorneys' fees.  *See* Complaint.

10         b.    From the date of Plaintiff's termination on August 22, 2006 to the date he

11  filed his complaint on July 20, 2007, almost one year had passed.  Complaint ¶ 30.

12         c.    Plaintiff was a employed by Merrill Lynch for approximately 23 years as a

13  Financial Advisor.  Complaint ¶ 17.  He had earned approximately $ 171,235.21 during the one-

14  year period from April 2005 through March 2006.  Declaration of Katherine M. Forster ("Forster

15  Decl."), ¶¶ 3-4 & Exhs. A & B.  Therefore, Plaintiff's alleged damages for back pay alone exceed

16  $75,000.  *See In Re Ford Motor Co./Citibank (South Dakota) N.A.*, 264 F.2d 952, 958 (9th Cir.

17  2001) (the "amount in controversy" requirement is satisfied where either plaintiff can gain or

18  defendant can lose the jurisdictional amount).

19         d.    Moreover, where an underlying statute authorizes an award of attorneys'

20  fees, such fees may be included in calculating the amount in controversy.  *Johnson v. America*

21  *Online, Inc.*, 280 F. Supp. 2d 1018, 1025 (N.D. Cal. 2003).  Here, Plaintiff asserts two cause of

22  action arising out of the FEHA.  A successful plaintiff in a FEHA discrimination action may

23  receive compensatory and punitive damages as well as an award of reasonable attorney fees.  *See*

24  Cal. Civ. Code § 3294; Cal. Gov't Code § 12965; *Monge v. Super. Ct.*, 176 Cal. App. 3d 503,

25  509-510 (1986) (punitive damages); *Beaty v. BET Holdings, Inc.*, 222 F.3d 607, 609 (9th Cir.

26  2000) (attorney fees).  In complex employment cases, such as the present case, attorneys' fees

27  alone can exceed $75,000.  Such fees, coupled with Plaintiff's claims for damages, thus exceeds

28  the $75,000 jurisdictional requirement.

1        11.    Plaintiff is a resident of California.

2        12.    At the time this action was commenced, and at all times thereafter, Merrill

3    Lynch was, has been, and still is, a corporation incorporated under the laws of the State of

4    Delaware, with its principal place of business in the State of New York.  For the purpose of 28

5    U.S.C. §§ 1332 and 1441(a) and (b), Merrill Lynch is not a citizen of the State of California.

6        13.    The Complaint in the Superior Court action was filed on or about July 20,

7    2007.  The only non-diverse defendant, Williams, was voluntarily dismissed from the action with

8    prejudice on July 16, 2008.   Thus, removal of this action is timely under 28 U.S.C. § 1446(b)

9    because it is being filed within 30 days of the action becoming removable and less than one year

10    after the commencement of the action.

11                    **INTRADISTRICT ASSIGNMENT**

12        14.    Removal to the San Jose Division of the United States District Court for

13    the Northern District of California is proper pursuant to Civil Local Rule 3-2(c), and 28 U.S.C. §

14    1446(a) since the Complaint was filed in the Superior Court of the State of California in and for

15    the County of Santa Clara.

16        15.    The following documents constitute all of the process, pleadings or orders

17    received or served by Merrill Lynch in this action, true and correct copies of which are attached

18    as exhibits and incorporated herein as part of this Notice:

19            Exhibit A -    Service of Process Transmittal from CT Corporation

20            Exhibit B -    Summons & Complaint

21            Exhibit C -    Civil Case Cover Sheet; Civil Lawsuit Notice; Alternative

22                    Dispute Resolution Information Sheet/Civil Division

23            Exhibit D -    Stipulation to Extend Time To Answer

24            Exhibit E -    Defendants' Verified Answer to Plaintiff's Verified

25                    Complaint

26            Exhibit F -    Verification to Defendants' Verified Answer to Plaintiff's

27                    Verified Complaint

28            Exhibit G -    Defendants' Amended Answer to Plaintiff's Verified

1                              Complaint

2            Exhibit H -    Plaintiff's Case Management Statement

3            Exhibit I -    Defendants' Case Management Statement

4            Exhibit J -    Notice of Mediation Status Conference

5            Exhibit K -    ADR Stipulation and Order Form

6            Exhibit L -    Stipulation and Order to Amend Answer of Defendants to

7                                Add Affirmative Defenses

8            Exhibit M -    Notice of Further Case Management Conference

9            Exhibit N -    Plaintiff's Case Management Conference Statement

10           Exhibit O -    Defendants' Case Management Conference Statement

11           Exhibit P -    Notice of Trial Setting Conference

12           Exhibit Q -    Stipulation and Order of Dismissal of Defendant Williams

13                                with Prejudice

14

15          BASED ON THE FOREGOING, Defendant Merrill Lynch hereby removes this

16 action, now pending in the Superior Court of the State of California for the County of Santa

17 Clara, Case Number 107CV090322, to the United States District Court for the Northern District

18 of California.

19

20 DATED: July 16, 2008                 MUNGER, TOLLES & OLSON LLP

21                                   TERRY E. SANCHEZ
                                  KATHERINE M. FORSTER

22                                   SORAYA C. KELLY

23

24                          By: _____

25                                  TERRY E. SANCHEZ

26                           Attorneys for Defendant
                          MERRILL LYNCH, PIERCE, FENNER &

27                           SMITH INCORPORATED

28

**CT** CORPORATION
A Wolterskluwer Company

**Service of Process
Transmittal**
07/25/2007
Log Number 512435436

|||||||||||||||||||||||||||||||||||||||||||||

TO:      Amy Eisenhardt, Attorney
         Merrill Lynch
         Third Party Services, Building One
         4800 Deer Lake Drive
         Jacksonville, FL, 32246

RE:      **Process Served in California**

FOR:     Merrill Lynch, Pierce, Fenner & Smith Incorporated (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mark L. Gringeri, Pltf. vs. Merrill Lynch, Pierce, Fenner & Smith Incorporated, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Notice, Attachment(s), Verified Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Santa Clara County- San Jose, Superior Court, CA<br>Case # 107CV090322 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Wrongful termination on the basis of Age |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/25/2007 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Steven M. Fink<br>Mesirow & Fink<br>10 Almaden Boulevard<br>Suite 400<br>San Jose, CA, 95113-2237<br>408-288-8100 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 798726813499<br>Email Notification, Amy Eisenhardt thirdparty_processing@ml.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Dianne Christman<br>818 West Seventh Street<br>Los Angeles, CA, 90017<br>213-337-4615 |

Page 1 of  1 / MV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

Ex. A                                          6

Arrow

Page 1 of 1

FROM: Mara Velasco (213)337-4615
CT - Los Angeles SOP Team
818 West Seventh Street

Los Angeles, CA 90017

TO:  **Amy Eisenhardt (904)218-5731**
**Merrill Lynch**
**Third Party Services**
**Building One - 4800 Deer Lake Drive**
**Jacksonville, FL 32246**
Ref: SOP/0413900/512435436/Mara Velasco

FedEx Revenue Barcode

CAD#: 8318649
SHIP DATE: 25JUL07
WEIGHT: 1 LB

DELIVERY ADDRESS (FedEx-EDR)

TRK # 7987 2681 3499     FORM 0201

32246  -FL-US

** 2DAY **

JAX

# SC USTA

FRI
A2
Deliver by:
27JUL07

CLS052907

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
2007 JUL 20 PM 2: 10

KIRI TORRE
B. CHOPOFF
SUPERIOR CO. CA.
CO. OF SANTA CLARA
BY_____ DEPUTY

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
MERRILL LYNCH, PIERCE, FENNER & SMITH
INCORPORATED, PAT WILLIAMS, DOES 1 through 100

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTA DEMANDANDO EL DEMANDANTE):
MARK L. GRINGERI

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y dirección de la corte es):
Santa Clara County Superior Court
191 N. First Street
San Jose, CA 95113

CASE NUMBER:
(Número del Caso):
07CV090322

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
STEVEN M. FINK (SBN 47789)
Mesirow & Fink
10 Almaden Boulevard, Suite 400    San Jose, CA 95113-2237
(408) 288-8100

DATE: JUL 20 2007    KIRI TORRE    B. CHOPOFF
(Fecha)                    Clerk, by    , Deputy
                        (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): MERRILL LYNCH Pierce Fenner
   Smith
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☒ by personal delivery on (date): 7-25-57 2:45pm

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)
Martin Dean's Essential Forms TM

SUMMONS    Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

GRINGERI

Ex. B    8

1    Steven M. Fink, Esq. (Bar No. 47789)
     **MESIROW & FINK**
2    10 Almaden Boulevard, Suite 400
     San Jose, California 95113-2237
3    Tel: (408) 288-8100
     Fax: (408) 288-9409
4

     Attorneys for Plaintiff, MARK L. GRINGERI
5



(ENDORSED)
**FILED**
JUL 2 0 2007
KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
_____ DEPUTY
CHOPOFF

6

7        SUPERIOR COURT OF THE STATE OF CALIFORNIA

8            COUNTY OF SANTA CLARA

9

10    MARK L. GRINGERI,

11           Plaintiff,

12      vs.

13    MERRILL LYNCH, PIERCE, FENNER &
     SMITH INCORPORATED, PAT
14    WILLIAMS, and DOES 1 through 100,

15          Defendants.

16

| CASE NO. **107CV090322** |
|---|

**VERIFIED COMPLAINT FOR DAMAGES, EQUITABLE RELIEF AND PENALTIES FOR: (1) DISCRIMINATION IN VIOLATION OF LABOR CODE §§ 6320(a)(1)&(2), & 6310(b); (2) RETALIATION FOR OPPOSITIONAL CONDUCT IN VIOLATION OF GOVERNMENT CODE §12940(h); (3) RETALIATION FOR PARTICIPATORY CONDUCT IN VIOLATION OF GOVERNMENT CODE §12940(h); (4) EMPLOYMENT DISCRIMINATION IN VIOLATION OF LABOR CODE §§ 1102 & 2699; (5) EMPLOYMENT DISCRIMINATION IN VIOLATION OF LABOR CODE §§ 1101(b) & 2699; (6) EMPLOYMENT DISCRIMINATION IN VIOLATION OF LABOR CODE §§ 232.5 & 2699; (7) CONSTITUTIONAL ACTION FOR INVASION OF PRIVACY IN VIOLATION OF ARTICLE 1, §1 OF THE CALIFORNIA CONSTITUTION; (8) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; (9) BREACH OF CONTRACT; AND (10) PROMISSORY ESTOPPEL**

25        Plaintiff, MARK L. GRINGERI ("Mr. GRINGERI" or "Plaintiff"), respectfully

26   demanding his right to jury trial, complains and alleges as follows:

27

28

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

## PRELIMINARY ALLEGATIONS

### PARTIES

1. Plaintiff, Mr. GRINGERI, is a duly registered and licensed securities broker under the applicable federal and California securities laws and was employed in that capacity by Defendant, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED ("MERRILL LYNCH"), from May of 1983 to August of 2006. During this tenure of employment, Mr. GRINGERI was well qualified for his job duties and performed them in an exemplary manner.

2. Defendant, MERRILL LYNCH, is and was a Delaware Corporation registered to do business with the Secretary of State of the State of California. MERRILL LYNCH is and was an investment banking firm that offers research and brokerage services to investors. MERRILL LYNCH has thousands of employees worldwide.

3. Defendant, PAT WILLIAMS ("Ms. WILLIAMS"), was the District Manager for MERRILL LYNCH and one of Mr. GRINGERI's supervisors. Upon information and belief, Ms. WILLIAMS was one of Mr. GRINGERI's "supervisors" within the meaning of Government Code §12926(r); and materially participated in the decision to terminate Mr. GRINGERI's employment with MERRILL LYNCH.

4. The true names and capacities of the Defendants who are sued herein as DOES 1 through 100, inclusive, whether individual, associate, or otherwise, are unknown to Plaintiff at this time. Therefore, Plaintiff sues such fictitiously named Defendants by such fictitious names and capacities. Each of the Defendants designated herein by fictitious names is, in some manner, responsible for the events and happenings referred to herein and caused damages proximately and foreseeably thereby, whether such responsibility was negligent, intentional, or otherwise. Plaintiff will seek leave of this Court to amend this Complaint with respect to the true names and capacities of such Defendants once such fictitiously named Defendants have been ascertained with reasonable certainty.

### REFERENCES

5. Unless otherwise indicated by the context of the allegations contained herein, the occurrence of the transactions, events, and facts set forth in the allegations in this Complaint shall

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1   be deemed to refer to "at all times herein mentioned and relevant."

2      6.  The allegations in this Complaint based upon information and belief, such as "Plaintiff

3   is informed and believes" or "upon information and belief," shall encompass within their meaning

4   "and thereon allege(s)" or "and thereon alleging," so as specifically to denote that the particular

5   allegation is alleged upon information and belief.

6      7. Unless the context clearly indicates otherwise, the term "attached hereto" shall denote

7   "a true and accurate copy of which is attached hereto and incorporated herein by reference."

8      8.  Unless the context clearly indicates otherwise, and except when otherwise stated,

9   whenever references are made in this Complaint to any of the acts, conduct, or omissions of the

10  Defendants, such allegations shall be deemed to denote the acts, conduct, and omissions of each

11  of the Defendants acting individually, jointly and severally.

12     9.  Unless the context clearly indicates otherwise, the term "MERRILL LYNCH

13  PARTIES" shall denote Defendants, MERRILL LYNCH, Ms. WILLIAMS and DOES 1 through

14  100, and each of them, inclusive.  In this connection, and except when otherwise stated, whenever

15  reference is made in this Complaint to any of the acts, conduct or omissions of the MERRILL

16  LYNCH PARTIES, such allegations shall be deemed to denote the acts, conduct or omissions

17  of each such Defendants acting individually, jointly and severally.

18     10.  Unless the context clearly indicates otherwise, the term "MERRILL LYNCH

19  CORPORATE PARTIES" shall denote Defendants, MERRILL LYNCH and  DOES 1

20  through100, and each of them, inclusive, and to the specific exclusion of Ms. WILLIAMS. In this

21  connection, and except when otherwise stated, whenever reference is made in this Complaint to

22  any of the acts, conduct or omissions of the MERRILL LYNCH CORPORATE PARTIES, such

23  allegations shall be deemed to denote the acts, conduct or omissions of each of such Defendants

24  acting individually, jointly and severally.

25                    **AGENCY**

26     11. Upon information and belief, each of the Defendants was acting as the agent, servant,

27  and employee of each of the remaining Defendants, and each of the Defendants was acting within

28  the scope and course of such agency and employment, and with the knowledge, permission, and

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1  consent of each other, and for the mutual benefit of all of the Defendants and/or for the mutual

2  benefit of one or more of the Defendants.

3      12. Upon information and belief, when Defendants perpetrated all or some of the acts,

4  conduct and/or omissions alleged herein, each of them individually, or through their authorized

5  agents, servants, employees, or both, knew of such acts, conduct and omissions, and/or

6  knowingly acquiesced in, and/or aided and abetted, and/or knowingly accepted the benefits of

7  the same.  Plaintiff is, therefore, informed and believes that, by reason of the foregoing,

8  Defendants are, and were, jointly and severally liable to Plaintiff for such damages suffered as

9  alleged herein.

10              **PRIOR MERRILL LYNCH LITIGATION**

11      13. During, at least, the last 5 years, MERRILL LYNCH and its related entities have been

12  the defendant(s) in, *inter alia:* (a) governmental securities litigation brought by the Attorney

13  General of the State of New York and by the Securities and Exchange Commission of the United

14  States of America ("SEC") ("Governmental Securities' Fraud Litigation"); (b) one or more class

15  actions by African-American employees or former employees of MERRILL LYNCH ("Racial

16  Discrimination Litigation"); and (c) one or more class actions by female employees or former

17  female employees of MERRILL LYNCH ("Gender Discrimination Litigation") (collectively,

18  "Prior Merrill Lynch Litigation").  Upon information and belief, each of the cases comprising the

19  Prior Merrill Lynch Litigation was and is of public interest and was the subject of nationwide

20  media coverage.

21              **MANDATORY COOPERATION POLICY**

22      14. As set forth in MERRILL LYNCH's *Guidelines for Business Conduct,* §7 thereof, in

23  calendar year 2006, MERRILL LYNCH mandated that each of its employees was required to

24  cooperate with all internal MERRILL LYNCH investigations or risk being fired: "All employees

25  must also cooperate with such authorities, as well as with **internal** Merrill Lynch investigations.

26  Failure to cooperate with such investigations or examinations will result in disciplinary action,

27  including **termination** of employment." (Emphasis added.). Upon information and belief, the

28  *Guidelines for Business Conduct* were published on the world-wide internet at http://www.ml.com/

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1    index.asp?id=7695_8134_8305_6084.

2                           PROMISES OF NO RETALIATION

3         15.  As set forth in the *Guidelines for Business Conduct*, §5 thereof, employees of MERRILL

4    LYNCH were required to report all forms of workplace harassment, discrimination, and retaliation

5    with an attendant promise that the employees would not suffer any retaliation thereby:

6    "Employees who experience or observe **work-related discrimination, harassment, retaliation,**

7    **or similar problems** have an obligation to report such matters to their manager, a representative

8    of Leadership & Talent Management, the Employee Service Center, or the Office of General

9    Counsel. They may also call or write to the Ethics Hotline. The law and Merrill Lynch policy

10   **prohibit any retaliation** against employees who, in good faith, report incidents of misconduct."

11   (Emphasis added.).  In communicating with his manager, as more particularly described herein

12   below, Mr. GRINGERI relied upon this promise. Upon information and belief, this policy was

13   in effect throughout all of calendar year 2006.

14        16.  As set forth in *Merrill Lynch's Code of Ethics for Financial Professionals*, MERRILL LYNCH

15   prohibited any retaliation against an employee for cooperating with a company investigation:

16   "Merrill Lynch policy prohibits retaliation against an employee who reports a violation of this

17   Code of Ethics in good faith. As provided by law, Merrill Lynch is not permitted to fire, demote,

18   suspend, harass or discriminate against an employee in retaliation for **such employee providing**

19   **information to, or otherwise assisting or participating in, any investigation** or proceeding

20   by a regulatory or law enforcement agency, any member of the U.S. Congress or a Congressional

21   committee, **or by the Company**, relating to what the employee reasonably believes is a violation

22   of the securities laws, an act of fraud or a violation of any wage or discrimination laws. No Merrill

23   Lynch director, officer, employee or representative is permitted to take any such retaliatory

24   action." In communicating with MERRILL LYNCH's Human Resources Department ("Human

25   Resources") and his manager, as alleged in greater detail herein below, Mr. GRINGERI relied

26   upon this promise. Upon information and belief, *Merrill Lynch's Code of Ethics for Financial*

27   *Professionals* was published on the world-wide internet at http://www.ml.com

28   /index.asp?id=7695_8134_8305_6090.  Upon information and belief, this policy was in effect

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1    throughout all of calendar year 2006.

2                           **THREATENING BEHAVIOR**

3        17. Mr. GRINGERI began working for MERRILL LYNCH as a stockbroker in January

4    of 1983, the last 20 years of which were at its Cupertino location ("Cupertino Office").  In Mr.

5    GRINGERI's 20 years at the Cupertino Office, MERRILL LYNCH had no less than fourteen

6    different office managers at the Cupertino office, culminating in the appointment of MARK

7    BARNAO ("Mr. BARNAO") as Office Manager.  Mr. BARNAO, who was a rather large man,

8    operated through fear and intimidation, including but not limited to: (a) loud, angry, explosive, and

9    threatening verbal outbursts, (b) throwing objects at various employees, and (c) boasting of his

10   self-perceived ability to physically best anyone in the Cupertino Office, save perhaps one other

11   employee.  One of his victims was Mr. GRINGERI's assistant, GAIL MILLER, at whom Mr.

12   BARNAO would shout.

13                      **PROTECTED ACTIVITY UNDER FEHA**

14       18.  In August of 2006, Mr. GRINGERI protested and complained to Ms. WILLIAMS

15   that Mr. BARNAO was repeatedly mistreating GAIL MILLER in a manner that was threatening

16   and/or harassing.  Mr. GRINGERI believed in good faith that Mr. BARNAO's conduct may have

17   been a violation or violations of GAIL MILLER'S rights under state and/or federal civil rights

18   laws, although he was not personally aware of the specific statutes and cases governing and

19   defining those areas of law.  Upon information and belief, Mr. GRINGERI's complaints to Ms.

20   WILLIAMS and MERRILL LYNCH constituted protected activity within the meaning of

21   Government Code §12940(h).

22              **PROTECTED ACTIVITY UNDER LABOR CODE §6310**

23       19. In protesting to Ms. WILLIAMS, Mr. GRINGERI also believed in good faith that Mr.

24   BARNAO's loud, angry, explosive and threatening behavior towards GAIL MILLER and other

25   employees of MERRILL LYNCH might potentially evolve into a physically threatening situation.

26   Upon information and belief, Mr. GRINGERI's complaint to Ms. WILLIAMS constituted a

27   complaint about "safety" or "health" within the meaning of Labor Code §6306(a) ("'Safe,' 'safety,'

28   and 'health' as applied to an employment or a place of employment mean such freedom from

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1    danger to the life, safety, or health of employees as the nature of the employment reasonably

2    permits.") and was, therefore, protected activity within the meaning of Labor Code 6310(a)(1) ("(a)

3    No person shall discharge or in any manner discriminate against any employee because the

4    employee has done any of the following: [¶] (1) Made any oral or written complaint to. . . his or

5    her employer . . .").

6        20. On or about August 3, 2006, Ms. WILLIAMS called a meeting of MERRILL LYNCH

7    employees, and Mr. BARNAO informed the attending employees that although he would no

8    longer be the office manager, he would remain an employee at the Cupertino Office. Several

9    employees of MERRILL LYNCH complained to and confided in Mr. GRINGERI that they did

10   not want Mr. BARNAO to remain at the Cupertino Office in any capacity because of his violent

11   and quixotic temper tantrums and perceived threatening behavior. Upon information and belief,

12   Mr. GRINGERI's complaint to Ms. WILLIAMS constituted a complaint about "safety" or

13   "health" within the meaning of Labor Code §6306(a) and was, therefore, protected activity within

14   the meaning of Labor Code 6310(a)(1).

15       21. Thereafter on or about August 4, 2006, Ms. WILLIAMS called another meeting of

16   the MERRILL LYNCH employees about Mr. BARNAO while Mr. BARNAO was out of town.

17   She conducted a question-and-answer session. At that meeting, Mr. GRINGERI commented

18   upon the misbehavior of Mr. BARNAO, stating that Mr. BARNAO was one of the angriest

19   people he had ever met and that he, Mr. GRINGERI, felt threatened by Mr. BARNAO.

20       22. That same day, August 4, 2006, Mr. GRINGERI had a private meeting with Ms.

21   WILLIAMS. Mr. GRINGERI told Ms. WILLIAMS that he felt personally threatened by Mr.

22   BARNAO's explosive temper and that she also could be in physical danger from Mr. BARNAO.

23   Upon information and belief, Mr. GRINGERI's complaint to Ms. WILLIAMS constituted a

24   complaint about "safety" or "health" within the meaning of Labor Code §6306(a) and was,

25   therefore, protected activity within the meaning of Labor Code 6310(a)(1).

26       23. Thereafter, on or about the week of August 7, 2006, MARTIN ANDERSON ("Mr.

27   ANDERSON"), the Assistant Director for MERRILL LYNCH, polled the employees of

28   MERRILL LYNCH of the Cupertino Office about the qualities that they wanted in a new

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

7

1    manager. Several days later, Mr. ANDERSON called a meeting with all the employees to

2    announce the findings. Mr. ANDERSON told the attendees that some of the employees surveyed

3    had characterized the Cupertino Office as a "toxic work environment," "hostile place to work,"

4    and a "tough place to do business," or words of a similar nature.

5        24.  On August 21, 2006, several employees came to Mr. GRINGERI's office and

6    complained bitterly about the decision to keep Mr. BARNAO at the Cupertino Office.  In

7    response thereto, Mr. GRINGERI telephoned the Human Resources Department of MERRILL

8    LYNCH in New Jersey and spoke to Ms. KIM LOBERGER ("Ms. LOBERGER") about the

9    problems caused by Mr. BARNAO's presence and behavior.  Ms. LOBERGER recommended

10   that Mr. GRINGERI not file a complaint with Human Resources, and said she would open a file

11   and investigate. Neither Ms. LOBERGER nor anyone else from Human Resources or MERRILL

12   LYNCH ever contacted Mr. GRINGERI thereafter about the perceived problems with Mr.

13   BARNAO.  Upon information and belief, Mr. GRINGERI's complaint to Ms. LOBERGER

14   constituted a complaint about "safety" or "health" within the meaning of Labor Code §6306(a)

15   and was, therefore, protected activity within the meaning of Labor Code 6310(a)(1).

16                **PROTECTED ACTIVITY UNDER LABOR CODE §232.5**

17       25.  As set forth above, Mr. GRINGERI disclosed and discussed working conditions with

18   fellow employees, management, and Human Resources for which he was punished with great

19   alacrity by being fired.

20                     **AUGUST 22 TELEPHONE INTERVIEW**

21       26.  Thereafter on August 21, 2006, Ms. SHARON LONTOC ("Ms. LONTOC"), of

22   Merrill Lynch's HR Department in New Jersey, left a telephone message for Mr. GRINGERI in

23   the afternoon.

24       27.  On August 22, 2006, Mr. GRINGERI returned Ms. LONTOC's call. Ms. LONTOC

25   vaguely informed Mr. GRINGERI about allegations against him for inappropriate language

26   referring to race and gender and being unduly concerned about where the children of other

27   employees were going to college.

28       28.  In the course of the August 22, 2006, telephone conversation, Ms. LONTOC asked

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

8

1   Mr. GRINGERI certain questions and he responded thereto:

2          a. Ms. LONTOC asked, "*What do you think of the women's lawsuit,*" or words of a

3 similar tenor. Mr. GRINGERI assumed that she was asking about one or more suits against

4 MERRILL LYNCH for gender discrimination, the Gender Discrimination Litigation, which by

5 then had gained national media attention, and he responded, "*The five-year old one? I have no opinion,*"

6 or words of a similar tenor. Although Mr. GRINGERI was nonplused at the question and its

7 relevance to him, it appeared to him, and he concluded that, the question or questions about the

8 Gender Discrimination Litigation were part of an investigation of such claims by MERRILL

9 LYNCH to which Mr. GRINGERI was required to respond. Upon information and belief, Mr.

10 GRINGERI's responses to this area of inquiry conducted by his employer, MERRILL LYNCH,

11 constituted protected activity within the meaning of Government Code §12940(h) (It is illegal:

12 "(h) For any employer. . .to discharge, expel, or otherwise discriminate against any person because

13 the person has opposed any practices forbidden under this part or because the person has. .

14 .assisted in any proceeding under this part.").

15          b. Ms. LONTOC asked, "*What do you think of the class action regarding African-*

16 *Americans?*" Mr. GRINGERI assumed that Ms. LONTOC was referring to the Racial

17 Discrimination Litigation and responded, "*This reflects corporate realities and what I know has been sent*

18 *to me through email and in the news,*" or words of a similar tenor. Again, although Mr. GRINGERI

19 was nonplused at the question and its relevance to him, it appeared to him, and he concluded that,

20 the question or questions about the Racial Discrimination Litigation were part of an investigation

21 of such claims by MERRILL LYNCH to which Mr. GRINGERI was required to respond. Upon

22 information and belief, Mr. GRINGERI's responses to this area of inquiry conducted by his

23 employer, MERRILL LYNCH, constituted protected activity within the meaning of Government

24 Code §12940(h).

25          c. Ms. LONTOC asked, "*Did you discuss with anyone in the office the possibility of having*

26 *an African-American as a manager?*" Mr. GRINGERI responded, "*I discussed this with several parties in*

27 *two or more conversations,*" or words of a similar tenor.

28          d. Ms. LONTOC asked, "*Would you have a problem if you had an African-American*

Mesirow & Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1   *manager?*" Mr. GRINGERI responded, "*None at all,*" or words of a similar tenor.

2           e. Ms. LONTOC asked, "*Are there cliques in the office?*" Mr. GRINGERI responded,

3   "*Not in my opinion,*" or words of a similar tenor.

4           f. Ms. LONTOC asked, "*Is this a toxic work environment?*" or words of a similar tenor.

5   Mr. GRINGERI responded, "*I have been here for 23 years and I don't think so,*" or words of a similar

6   tenor.

7           g. Ms. LONTOC asked, "*Is this a hostile work place?*", or words of a similar tenor, and

8   Mr. GRINGERI responded, "*Sometimes, depending on the manager,*" or words of a similar tenor.

9           h. Ms. LONTOC asked, "*Do you talk about personal backgrounds of employees in the*

10  *office?*", or words of a similar tenor. Mr. GRINGERI responded, "*Can you give me an example,*" or

11  words of a similar tenor. Mr. GRINGERI was confused by the question as being overly broad.

12          i. Ms. LONTOC stated, "*It's been stated that you are overly concerned about where other*

13  *employees children are going to college,*" or words of a similar tenor. Mr. GRINGERI responded, "*I don't*

14  *feel that way and I really don't know what this question is about,*" or words of a similar tenor.

15          j. Ms. LONTOC accused Mr. GRINGERI of using the backgrounds of employees

16  against them, but she would not supply any details so that Mr. GRINGERI could respond

17  intelligently.

18      29. When Mr. GRINGERI questioned Ms. LONTOC about the background and context

19  of the questions, she was either vague or evasive or non-responsive in her replies.

20  ## AUGUST 22ND DISCHARGE

21      30. On August 22, 2006, Ms. WILLIAMS came into Mr. GRINGERI's office and told Mr.

22  GRINGERI that his employment was terminated because: (a) it had been determined that Mr.

23  GRINGERI did not answer the questions honestly; and (b) Mr. GRINGERI had violated

24  MERRILL LYNCH's "respect for the individual principle," or words of a similar tenor. Upon

25  information and belief, the reasons given for the termination of Mr. GRINGERI's employment

26  were false and pretextual.

Mesirow  27
&
Fink  28

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

### FEHA NOTICE

31.  On March 19, 2007, Mr. GRINGERI filed with the Department of Fair Employment and Housing ("DFEH"), a complaint against MERRILL LYNCH, and on March 30, 2007, Mr. GRINGERI filed an administrative complaint against MERRILL, LYNCH, PIERCE, FENNER & SMITH; and on March 20, 2007 and April 3, 2007, the DFEH issued to Mr. GRINGERI its "NOTICE OF CASE CLOSURE." On May 7, 2007, Mr. GRINGERI filed a DFEH complaint against Ms. WILLIAMS; and on May 9, 2007, the DFEH issued to Mr. GRINGERI its "NOTICE OF CASE CLOSURE." Genuine copies of the said administrative complaints and notices are collectively attached hereto as **Exhibit A.**   Pursuant to Evidence Code §452(c), the Court is respectfully requested to take judicial notice of the same.

### LWDA NOTICE

32.  On May 17, 2007, through his counsel, Mr. GRINGERI filed with the California Labor And Workforce Development Agency ("LWDA"), the written notice required by Labor Code §2699.3(a)(1), a copy of which is attached hereto as **Exhibit B.** In response thereto, the LWDA informed Mr. GRINGERI, through his counsel, by letter of June 7, 2007, that the matter was forwarded to the Department of Industrial Relations, Division of Labor Standards Enforcement ("DLSE") for its review and analysis. By its letter of June 22, 2007, the DLSE informed counsel for Mr. GRINGERI that it would take no further action. Genuine copies of said LWDA letters are collectively attached hereto as **Exhibit C.** Therefore, upon information and belief, Mr. GRINGERI is thereby authorized to bring this action for fees and penalties as permitted by Labor Code §§ 2699.3(2)(B) and 2699.

### INCORPORATION OF PRELIMINARY ALLEGATIONS

33.  Unless the context clearly indicates otherwise, the preliminary allegations contained in paragraphs 1 through 33 and their attendant subparts inclusive, shall be deemed to be incorporated herein by reference, as though fully set forth at length, in each and every claim for relief set forth in this Complaint.

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

## FIRST CAUSE OF ACTION

[Action For Discrimination And Retaliation In Violation Of The Statutory Provisions In Labor Code §§ 6310(a)(1) & (2) & 6310(b) Against The MERRILL LYNCH CORPORATE PARTIES.]

## PARTIES

34. Mr. GRINGERI brings this cause of action against the MERRILL LYNCH CORPORATE PARTIES only.

## VIOLATIONS CHARGED

35. As alleged above, Mr. GRINGERI complained to and warned MERRILL LYNCH about the threatening behavior of Mr. BARNAO. Upon information and belief, because Mr. GRINGERI articulated the said complaints and warnings, MERRILL LYNCH discriminated against Mr. GRINGERI in the terms and conditions of his employment and discharged Mr. GRINGERI in violation of California Labor Code §6310(a)(1) and/or §6310(a)(2) in that MERRILL LYNCH terminated his employment for making one or more bona fide complaints to management of MERRILL LYNCH about (a) the health and safety of himself and other employees of MERRILL LYNCH; and/or (b) the unsafe working conditions and/or practices.

## GOOD FAITH BELIEF

36. Mr. GRINGERI had a good faith belief in his complaints and warnings regarding the health and safety of the MERRILL LYNCH employees, including himself.

## REASONABLE BELIEF

37. Upon information and belief, Mr. GRINGERI had a reasonable belief that Mr. BARNAO's conduct threatened the health and safety of the MERRILL LYNCH employees.

## MOTIVATING FACTOR

38. Upon information and belief, the said complaints about Mr. BARNAO were a substantial and/or motivating factor in MERRILL LYNCH's discharge of Mr. GRINGERI's employment and in discriminating against him in the terms and conditions of his employment.

39. The reasons given by MERRILL LYNCH for firing Mr. GRINGERI and discriminating against him in the terms and conditions of his employment were pretextual and/or misleading.

VERIFIED COMPLAINT
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

Mesirow
&
Fink

12

## RELIEF REQUESTED

40. Upon information and belief, pursuant to Labor Code §6310(b), as a direct and proximate result of the said discriminatory behavior, Mr. GRINGERI is entitled to reinstatement of his employment, reimbursement of his lost wages and benefits in such amounts of which to be proven at trial.

41. Upon information and belief, as a direct and proximate result of the acts, conduct and omissions of MERRILL LYNCH, Mr. GRINGERI has been harmed in that he has suffered the intangible loss of employment related opportunities.

## SECOND CAUSE OF ACTION

**[Statutory Action Against The MERRILL LYNCH PARTIES For Retaliation In Violation Of The "Opposition Clause" Of Government Code §12940(h).]**

42. In addition to the preliminary allegations, Mr. GRINGERI hereby repeats, realleges, and incorporates herein by reference, the allegations contained in paragraphs 34 through 41 and their attendant subparts above.

## PARTIES

43. This cause of action is brought against all of the MERRILL LYNCH PARTIES, including Ms. WILLIAMS.

## PROTECTED ACTIVITIES

44. As alleged above, in August of 2006, Mr. GRINGERI protested and complained to Ms. WILLIAMS that Mr. BARNAO was repeatedly mistreating GAIL MILLER in a manner which was threatening and/or harassing.

45. Upon information and belief, the said complaint was a legally protected "opposition" activity under, *inter alia*, Government Code §12940(h) (It is illegal "[f]or any employer . . . or person to otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under [the applicable part of the Government Code].") (Alterations added.).

## GOOD FAITH BELIEF

46. Mr. GRINGERI believed in good faith that Mr. BARNAO's conduct may have been

Mesirow
&
Fink

VERIFIED COMPLAINT
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

13

21

1   or was a violation or violations of GAIL MILLER'S rights under state and/or federal civil rights
2   laws, although he was not personally aware of the specific statutes and cases governing and
3   defining those areas of law.

### REASONABLE BELIEF

5   47.  Upon information and belief, Mr. GRINGERI had a reasonable belief that Mr.
6   BARNAO had discriminated and/or harassed GAIL MILLER in that Mr. GRINGERI concluded
7   that Mr. BARNAO's conduct and misconduct was and had been disproportionately more
8   threatening to female employees than to male employees.

### ADVERSE EMPLOYMENT ACTIONS

10   48.  As set forth above, Mr. GRINGERI was discharged from his employment with
11   MERRILL LYNCH on August 22, 2006.

### MOTIVATING FACTOR

13   49.  Upon information and belief, the exercise of the protected activity was a motivating
14   or substantial factor for MERRILL LYNCH to discharge Mr. GRINGERI and otherwise
15   discriminate against him in the terms and conditions of his employment.

### RELIEF REQUESTED

17   50.  Upon information and belief, as a direct and proximate result of the retaliatory acts,
18   Mr. GRINGERI was hurt and injured in his health, strength and activity, sustained injury to his
19   nervous system and his person, all of which caused and continue to cause him great mental,
20   physical and nervous pain and suffering in a sum as of yet unascertained, but within the
21   jurisdictional limits of this Court. Mr. GRINGERI will seek leave of this Court to amend this
22   Complaint to insert the true amounts and categories thereof, and/or to prove the same at trial,
23   when the same has been ascertained with reasonable certainty.

24   51.  Upon information and belief, as a direct and proximate result of the retaliatory acts,
25   Mr. GRINGERI has been harmed in that he has suffered humiliation, mental anguish, emotional
26   distress and physical distress in a sum as of yet unascertained, but within the jurisdictional limits
27   of this Court. Mr. GRINGERI will seek leave of this Court to amend this Complaint to insert the
28   true amounts and categories thereof, and/or to prove the same at trial, when the same has been

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

14

1 ascertained with reasonable certainty.

2      52. Upon information and belief, as a direct and proximate result of the retaliatory acts,

3 Mr. GRINGERI has suffered financial damages and losses, including, but not limited to: (a) loss

4 of salary, wages, bonuses, incentive stock options and the amounts of money and benefits that he

5 would have otherwise received; (b) loss of tangible and intangible employment opportunities,

6 compensation and benefits; (c) loss of future employment opportunities; (d) loss of business

7 opportunities; and (e) loss of earning capacity.

8      53. Upon information and belief, as a direct and proximate result of the retaliatory acts,

9 Mr. GRINGERI has suffered additional, general, special, consequential, compensatory, and

10 statutory damages in amounts and categories unknown at this time. Mr. GRINGERI will seek

11 leave of this Court to insert the true amounts and categories thereof, and/or to prove the same

12 at trial, when the same has been ascertained with reasonable certainty.

13      54. Upon information and belief, and as more particularly set forth above, the said

14 retaliatory acts were "malicious" within the meaning of Civil Code §3294(c)(1), in that the

15 retaliatory conduct was intentional and/or despicable conduct which was carried on with a willful

16 and conscious disregard for the rights or safety of Mr. GRINGERI and/or the other employees

17 of MERRILL LYNCH.

18      55. Upon information and belief, and as more particularly set forth above, the said

19 retaliatory acts were "oppressive" within the meaning of Civil Code §3294(c)(2), in that such

20 conduct was despicable conduct that subjected Mr. GRINGERI to cruel and unjust hardship in

21 conscious disregard of his rights.

22      56. Upon information and belief, and as more particularly set forth above, and pursuant

23 to Civil Code §3294(b), Mr. GRINGERI is entitled to punitive damages.

24      57. Upon information and belief, Mr. GRINGERI is entitled to attorney fees pursuant to

25 Gov. Code §12965(b).

26

Mesirow
    &
Fink

27

28

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

### THIRD CAUSE OF ACTION

[Statutory Action Against The MERRILL LYNCH PARTIES
For Retaliation In Violation Of The "Participation Clause" Of
Government Code §12940(h)]

58.  In addition to the preliminary allegations, Mr. GRINGERI hereby repeats, realleges, and incorporates herein by reference, the allegations contained in paragraphs 42 through 57 and their attendant subparts above.

### PARTIES

59.  This cause of action is brought against all of the MERRILL LYNCH PARTIES, including Ms. WILLIAMS.

### PROTECTED ACTIVITY

60.  In the August 21st Interview, Ms. LONTOC requested information from Mr. GRINGERI regarding the pending Gender Discrimination Litigation and the Racial Discrimination Litigation.  At that time, *Merrill Lynch's Code of Ethics for Financial Professionals*, ¶6 thereof, stated that MERRILL LYNCH and the law prohibited any retaliation against an employee for cooperating with a company investigation:  "As provided by law, Merrill Lynch is not permitted to fire, demote, suspend, harass or discriminate against an employee in retaliation for **such employee providing information to, or otherwise assisting or participating in, any investigation** or proceeding. . .by the **Company**, relating to what the employee reasonably believes is a violation of the securities laws, an act of fraud or a violation of any wage or discrimination laws. No Merrill Lynch director, officer, employee or representative is permitted to take any such retaliatory action.".

61.  Although Mr. GRINGERI thought at the time that his opinions on the Racial Discrimination Litigation and Gender Discrimination Litigation were none of MERRILL LYNCH's business, as they touched upon his political, social and moral philosophies, he was aware that under the promulgated written policies of MERRILL LYNCH, he could be fired for not cooperating; and in any case, MERRILL LYNCH promised in writing that neither he nor any other employee would suffer retaliation for such cooperation.

62. Upon information and belief, under Government Code §12940(h), Mr. GRINGERI's

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1   participation in MERRILL LYNCH's internal investigation(s) of the Gender Discrimination

2   Litigation and the Racial Discrimination Litigation was protected participation activity thereunder.

### EVIDENCE CODE §623 ESTOPPEL

63. In the alternative or conjunctive, upon information and belief, pursuant to Evidence Code §623, MERRILL LYNCH is estopped to deny that Mr. GRINGERI's participation in MERRILL LYNCH's internal investigation(s) of the Gender Discrimination Litigation and the Racial Discrimination Litigation was protected participation activity thereunder in that:

a. In MERRILL LYNCH's *Guidelines for Business Conduct*, §5 thereof, and *Merrill Lynch's Code of Ethics for Financial Professionals*, ¶6 thereof, MERRILL LYNCH represented in writing, in effect, that Company investigations were protected against retaliation by law; and that cooperation with such MERRILL LYNCH internal investigations was mandatory on pain of discharge.

b. MERRILL LYNCH intended its employees, including Mr. GRINGERI, to rely upon those representations and promises.

c. Mr. GRINGERI believed in the truth of the promises and statements made by MERRILL LYNCH, to wit: the law protected his participatory conduct in internal investigations.

d. Mr. GRINGERI believed that he would be fired if he did not participate in the internal investigation conducted by Ms. LONTOC.

e. In reliance upon the promises and statements, Mr. GRINGERI provided information to Ms. LONTOC in connection with the Racial Discrimination Litigation and the Gender Discrimination Litigation.

### GOOD FAITH

64. Mr. GRINGERI answered the questions concerning the Racial Discrimination Litigation and the Gender Discrimination Litigation truthfully and honestly—providing his honest opinions and conclusions, as requested by Ms. LONTOC.

### ADVERSE EMPLOYMENT ACTIONS

65. As set forth above, Mr. GRINGERI was discharged from his employment with MERRILL LYNCH on August 22, 2006.

Mesirow
&
Fink

**VERIFIED COMPLAINT**
F:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

## MOTIVATING FACTOR

66. Upon information and belief, the exercise of the protected participation activity was a motivating or substantial factor for MERRILL LYNCH to discharge Mr. GRINGERI and otherwise discriminate against him in the terms and conditions of his employment.

## PRETEXT: *"SAILING TWIXT SCYLLA AND CHARBYDIS"*

67. According to the statements of Ms. WILLIAMS, his supervisor, MERRILL LYNCH did not like his answers to the questions and thought that they were dishonest. Upon information and belief, the reasons given were a pretext to fire him. Mr. GRINGERI's opinions of the Racial Discrimination Litigation and the Gender Discrimination Litigation were his honest opinions, not assertions of fact which were subject to being "true" or "false." The questions were, in effect, a semantic trap or *Hobson's Choice*: if Mr. GRINGERI sided with MERRILL LYNCH in the Racial Discrimination Litigation or the Gender Discrimination Litigation, then he was either a racist or sexist or both; however, if Mr. GRINGERI sided with the plaintiffs, instead of MERRILL LYNCH, then he was disloyal to the company.

## RELIEF REQUESTED

68. Upon information and belief, as a direct and proximate result of the retaliatory acts, Mr. GRINGERI has suffered the injuries and damages as set forth above.

## FOURTH CAUSE OF ACTION

[Statutory Action For Damages, Reinstatement, Attorney Fees And Penalties For Unlawful Discrimination In Violation Of Labor Code §§ 98.6(a), 98.6(b), 1102 & 2699 Against The MERRILL LYNCH CORPORATE PARTIES.]

69. In addition to the preliminary allegations, Mr. GRINGERI hereby repeats, realleges, and incorporates herein by reference, the allegations contained in paragraphs 35 through 41, 44 through 57, 60 through 68 and their attendant subparts above.

## PARTIES

70. This cause of action is brought against all of the MERRILL LYNCH CORPORATE PARTIES, excluding Ms. WILLIAMS.

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

18

26

## THE COERCIVE POLICY

71.  As set forth in MERRILL LYNCH's *Guidelines for Business Conduct,* §7 thereof, in calendar year 2006, MERRILL LYNCH mandated that each of its employees was required to cooperate with all internal MERRILL LYNCH investigations or risk being fired: "All employees must also cooperate with such authorities, as well as with internal Merrill Lynch investigations. Failure to cooperate with such investigations or examinations will result in disciplinary action, including termination of employment." (Emphasis added.) ("Mandatory Cooperation Rule").

## COERCED COOPERATION

72.  Mr. GRINGERI cooperated with the August 21st Interview conducted by Ms. LONTOC because he knew that not doing so could very likely lead to his discharge or some other adverse employment action.

## COURSE OR LINE OF POLITICAL ACTION OR ACTIVITY

73.  Ms. LONTOC questioned Mr. GRINGERI about his opinions of the Racial Discrimination Litigation and the Gender Discrimination Litigation, thus inquiring into Mr. GRINGERI's political, social and/or moral philosophy regarding the propriety or wisdom of the specific litigation and his general views on racial and gender discrimination.  Racial and gender discrimination and the remedies which should be provided therefor were and continue to be the subject of political debate on the national, regional, and local levels of government and politics.

## VIOLATIONS CHARGED

74.  Upon information and belief, by accusing Mr. GRINGERI of not honestly answering the questions posed by Ms. LONTOC in the August 21st Interview and by discharging Mr. GRINGERI from his employment, (a) the MERRILL LYNCH CORPORATE PARTIES coerced and influenced, or attempted to coerce and influence, Mr. GRINGERI by threat of discharge or loss of employment to adopt or follow MERRILL LYNCH's views on the propriety of the Racial Discrimination Litigation and/or Gender Discrimination Litigation; and/or (b) the MERRILL LYNCH CORPORATE PARTIES coerced and influenced, or attempted to coerce and influence, Mr. GRINGERI by threat of discharge or loss of employment to adopt or follow MERRILL LYNCH's views on the broader issues of racial and gender discrimination and the

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1    remedies therefor; and (c) the MERRILL LYNCH CORPORATE PARTIES coerced and

2    influenced, or attempted to coerce and influence, Mr. GRINGERI by threat of discharge or loss

3    of employment to refrain from adopting or following his own views on the propriety of the Racial

4    Discrimination Litigation and/or the Gender Discrimination Litigation and/or the broader issues

5    of racial and gender discrimination in society and the remedies therefor.

6        75.  Upon information and belief, by reason of the foregoing, the MERRILL LYNCH

7    CORPORATE PARTIES violated the provisions of Labor Code §1102 ("No employer shall

8    coerce or influence or attempt to coerce or influence his employees through or by means of threat

9    of discharge or loss of employment to adopt or follow or refrain from adopting or following any

10   particular course or line of political action or political activity.").

11       76.  Upon information and belief, and by reason of the foregoing, the MERRILL LYNCH

12   CORPORATE PARTIES have violated the provisions of Labor Code §98.6(a) ("No person shall

13   discharge an employee or in any manner discriminate against any employee or applicant for

14   employment because the employee or applicant engaged in any conduct delineated in this chapter,

15   including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with

16   Section 1101) of Part 3 of Division 2 . . .").

17                            **RELIEF REQUESTED**

18       77.  Upon information and belief, as a direct and proximate result of the retaliatory acts of

19   the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI was hurt and injured in his

20   health, strength, and activity, and sustained injury to his nervous system and his person, all of

21   which caused and continue to cause him great mental, physical, and nervous pain and suffering

22   in a sum as of yet unascertained, but within the jurisdictional limits of this Court.  Mr.

23   GRINGERI will seek leave of this Court to amend this Complaint to insert the true amounts and

24   categories thereof, and/or to prove the same at trial, when the same has been ascertained with

25   reasonable certainty.

26       78.  Upon information and belief, as a direct and proximate result of the retaliatory acts of

27   the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI has been harmed in that he

28   has suffered humiliation, mental anguish, emotional distress and physical distress in a sum as of

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1  yet unascertained, but within the jurisdictional limits of this Court. Mr. GRINGERI will seek

2  leave of this Court to amend this Complaint to insert the true amounts and categories thereof,

3  and/or to prove the same at trial, when the same has been ascertained with reasonable certainty.

4       79. Upon information and belief, as a direct and proximate result of the retaliatory acts of

5  the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI has suffered financial

6  damages and losses, including, but not limited to: (a) loss of salary, wages, bonuses, incentive

7  stock options and the amounts of money and benefits that he would have otherwise received; (b)

8  loss of tangible and intangible employment opportunities, compensation and benefits; (c) loss of

9  future employment opportunities; (d) loss of business opportunities; and (e) loss of earning

10  capacity.

11      80. Upon information and belief, as a direct and proximate result of the retaliatory acts of

12  the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI has suffered additional,

13  general, special, consequential, compensatory, and statutory damages in amounts and categories

14  unknown at this time. Mr. GRINGERI will seek leave of this Court to insert the true amounts

15  and categories thereof, and/or to prove the same at trial, when the same has been ascertained with

16  reasonable certainty.

17      81. Upon information and belief, and as more particularly set forth above, the said

18  retaliatory acts were "malicious" within the meaning of Civil Code §3294(c)(1), in that the

19  retaliatory conduct was intentional and/or despicable conduct which was carried on with a willful

20  and conscious disregard for the rights or safety of Mr. GRINGERI and/or the other employees

21  of MERRILL LYNCH CORPORATE PARTIES.

22      82. Upon information and belief, and as more particularly set forth above, the said

23  retaliatory acts were "oppressive" within the meaning of Civil Code §3294(c)(2), in that such

24  conduct was despicable conduct that subjected Mr. GRINGERI to cruel and unjust hardship in

25  conscious disregard of his rights.

26      83. Upon information and belief, and as more particularly set forth above, and pursuant

27  to Civil Code §3294(b), Mr. GRINGERI is entitled to punitive damages against the MERRILL

28  LYNCH CORPORATE PARTIES.

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

84. Upon information and belief, pursuant to Labor Code §98(b), as a direct and proximate result of the said discriminatory behavior of the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI is entitled to reinstatement of his employment, reimbursement of his lost wages and benefits in such amounts of which to be proven at trial.

85. Upon information and belief, Mr. GRINGERI is entitled to attorney fees and penalties as provided by Labor Code §2699 (g)(1) ("Except as provided in paragraph (2), an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs.").

## FIFTH CAUSE OF ACTION

**[Statutory Action For Damages, Reinstatement, Attorney Fees And Penalties For Unlawful Discrimination In Violation Of Labor Code §§ 98.6(a), 98.6(b), 1101(b) & 2699 Against The MERRILL LYNCH CORPORATE PARTIES.]**

86. In addition to the preliminary allegations, Mr. GRINGERI hereby repeats, realleges, and incorporates herein by reference, the allegations contained in paragraphs 69 through 85 and their attendant subparts above.

## PARTIES

87. This cause of action is brought against all of the MERRILL LYNCH CORPORATE PARTIES, excluding Ms. WILLIAMS.

## MANDATORY COOPERATION RULE

88. As set forth in MERRILL LYNCH's Mandatory Cooperation Rule, the *Guidelines for Business Conduct*, §7 thereof, in calendar year 2006, MERRILL LYNCH mandated that each of its employees was required to cooperate with all internal MERRILL LYNCH investigations or risk being fired: "All employees must also cooperate with such authorities, as well as with internal Merrill Lynch investigations. Failure to cooperate with such investigations or examinations will result in disciplinary action, including **termination** of employment." (Emphasis added.).

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

## COERCED COOPERATION

89. Mr. GRINGERI cooperated with the August 21st Interview conducted by Ms. LONTOC because he knew that not doing so under the Mandatory Cooperation Rule could very likely lead to his discharge or some other adverse employment action.

## COURSE OR LINE OF POLITICAL ACTION OR ACTIVITY

90. Ms. LONTOC questioned Mr. GRINGERI about his opinions of the Racial Discrimination Litigation and the Gender Discrimination Litigation, thus inquiring into Mr. GRINGERI's political, social and/or moral philosophy regarding the propriety or wisdom of the specific litigation and his general views on racial and gender discrimination. Racial and gender discrimination and the remedies which should be provided therefor were and continue to be the subject of political debate on the national, regional, and local levels of government and politics.

## VIOLATIONS CHARGED

91. Upon information and belief, by forcing Mr. GRINGERI to render his opinions on the Racial Discrimination Litigation and the Gender Discrimination Litigation, as aforesaid, and then by discharging Mr. GRINGERI for rendering his opinions, the MERRILL LYNCH CORPORATE PARTIES used the Mandatory Cooperation Rule to control or direct, or attempt to control or direct, the "political activities or affiliations" of Mr. GRINGERI as the term is used and interpreted in the provisions of Labor Code §1101 (b) ("No employer shall make, adopt, or enforce any rule, regulation, or policy: [¶] (b) Controlling or directing, or tending to control or direct the political activities or affiliations of employees.").

92. Upon information and belief, and by reason of the foregoing, the MERRILL LYNCH CORPORATE PARTIES have violated the provisions of Labor Code §98.6(a) ("No person shall discharge an employee or in any manner discriminate against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2 . . .").

## RELIEF REQUESTED

93. Upon information and belief, as a direct and proximate result of the retaliatory acts of

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

**31**

1  the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI was hurt and injured in his

2  health, strength, and activity, and sustained injury to his nervous system and his person, all of

3  which caused and continue to cause him great mental, physical, and nervous pain and suffering

4  in a sum as of yet unascertained, but within the jurisdictional limits of this Court.   Mr.

5  GRINGERI will seek leave of this Court to amend this Complaint to insert the true amounts and

6  categories thereof, and/or to prove the same at trial, when the same has been ascertained with

7  reasonable certainty.

8        94. Upon information and belief, as a direct and proximate result of the retaliatory acts of

9  the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI has been harmed in that he

10  has suffered humiliation, mental anguish, emotional distress and physical distress in a sum as of

11  yet unascertained, but within the jurisdictional limits of this Court.  Mr. GRINGERI will seek

12  leave of this Court to amend this Complaint to insert the true amounts and categories thereof,

13  and/or to prove the same at trial, when the same has been ascertained with reasonable certainty.

14        95. Upon information and belief, as a direct and proximate result of the retaliatory acts of

15  the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI has suffered financial

16  damages and losses, including, but not limited to:  (a) loss of salary, wages, bonuses, incentive

17  stock options and the amounts of money and benefits that he would have otherwise received; (b)

18  loss of tangible and intangible employment opportunities, compensation, and benefits; (c) loss of

19  future employment opportunities; (d) loss of business opportunities; and (e) loss of earning

20  capacity.

21        96. Upon information and belief, as a direct and proximate result of the retaliatory acts of

22  the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI has suffered additional,

23  general, special, consequential, compensatory, and statutory damages in amounts and categories

24  unknown at this time.  Mr. GRINGERI will seek leave of this Court to insert the true amounts

25  and categories thereof, and/or to prove the same at trial, when the same has been ascertained with

26  reasonable certainty.

27        97. Upon information and belief, and as more particularly set forth above, the said

28  retaliatory acts were "malicious" within the meaning of Civil Code §3294(c)(1), in that the

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

24

**32**

1 | retaliatory conduct was intentional and/or despicable conduct which was carried on with a willful

2 | and conscious disregard for the rights or safety of Mr. GRINGERI and/or the other employees

3 | of MERRILL LYNCH CORPORATE PARTIES.

4 |     98.  Upon information and belief, and as more particularly set forth above, the said

5 | retaliatory acts were "oppressive" within the meaning of Civil Code §3294(c)(2), in that such

6 | conduct was despicable conduct that subjected Mr. GRINGERI to cruel and unjust hardship in

7 | conscious disregard of his rights.

8 |     99.  Upon information and belief, and as more particularly set forth above, and pursuant

9 | to Civil Code §3294(b), Mr. GRINGERI is entitled to punitive damages against the MERRILL

10 | LYNCH CORPORATE PARTIES.

11 |     100.  Upon information and belief, pursuant to Labor Code §98(b), as a direct and

12 | proximate result of the said discriminatory behavior of the MERRILL LYNCH CORPORATE

13 | PARTIES, Mr. GRINGERI is entitled to reinstatement of his employment, and reimbursement

14 | of his lost wages and benefits in such amounts of which to be proven at trial.

15 |     101.  Upon information and belief, Mr. GRINGERI is entitled to attorney fees and

16 | penalties as provided by Labor Code §2699(g)(1) ("Except as provided in paragraph (2), an

17 | aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action

18 | pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and

19 | other current or former employees against whom one or more of the alleged violations was

20 | committed. Any employee who prevails in any action shall be entitled to an award of reasonable

21 | attorney's fees and costs.").

22 | <div align="center">**SIXTH CAUSE OF ACTION**</div>

23 |
24 | <div align="center">**[Action For Damages, Reinstatement, Attorney Fees, And Penalties For Unlawful Discrimination In Violation Of Labor Code §§ 98.6(a), 98.6(b), 232.5(a)&(c) & 2699 Against The MERRILL LYNCH CORPORATE PARTIES.]**</div>

25 |
26 |     102.  In addition to the preliminary allegations, Mr. GRINGERI hereby repeats, realleges,

27 | and incorporates herein by reference, the allegations contained in paragraphs 86 through 101 and

28 | their attendant subparts above.

Mesirow & Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

## VIOLATIONS CHARGED

103. As set forth above, Mr. GRINGERI disclosed and discussed working conditions with fellow employees, management, and Human Resources for which he was punished with great alacrity by being fired. Upon information and belief, the said conduct violates the provisions of Labor Code §§232.5(a) and (c) ("No employer may do any of the following: [¶] (a) Require, as a condition of employment, that an employee refrain from disclosing information about the employer's working conditions. . . .[¶] (c) Discharge, formally discipline, or otherwise discriminate against an employee who discloses information about the employer's working conditions.").

104. Upon information and belief, and by reason of the foregoing, the MERRILL LYNCH CORPORATE PARTIES have violated the provisions of Labor Code §98.6(a) ("No person shall discharge an employee or in any manner discriminate against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2 . . .").

## RELIEF REQUESTED

105. Upon information and belief, as a direct and proximate result of the retaliatory acts of the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI was hurt and injured in his health, strength, and activity, and sustained injury to his nervous system and his person, all of which caused and continue to cause him great mental, physical, and nervous pain and suffering in a sum as of yet unascertained, but within the jurisdictional limits of this Court. Mr. GRINGERI will seek leave of this Court to amend this Complaint to insert the true amounts and categories thereof, and/or to prove the same at trial, when the same has been ascertained with reasonable certainty.

106. Upon information and belief, as a direct and proximate result of the retaliatory acts of the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI has been harmed in that he has suffered humiliation, mental anguish, emotional distress, and physical distress in a sum as of yet unascertained, but within the jurisdictional limits of this Court. Mr. GRINGERI will seek

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1    leave of this Court to amend this Complaint to insert the true amounts and categories thereof,

2    and/or to prove the same at trial, when the same has been ascertained with reasonable certainty.

3        107.  Upon information and belief, as a direct and proximate result of the retaliatory acts

4    of the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI has suffered financial

5    damages and losses, including, but not limited to:  (a) loss of salary, wages, bonuses, incentive

6    stock options and the amounts of money and benefits that he would have otherwise received; (b)

7    loss of tangible and intangible employment opportunities, compensation and benefits; (c) loss of

8    future employment opportunities; (d) loss of business opportunities; and (e) loss of earning

9    capacity.

10        108.  Upon information and belief, as a direct and proximate result of the retaliatory acts

11    of the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI has suffered additional,

12    general, special, consequential, compensatory, and statutory damages in amounts and categories

13    unknown at this time.  Mr. GRINGERI will seek leave of this Court to insert the true amounts

14    and categories thereof, and/or to prove the same at trial, when the same has been ascertained with

15    reasonable certainty.

16        109.  Upon information and belief, and as more particularly set forth above, the said

17    retaliatory acts were "malicious" within the meaning of Civil Code §3294(c)(1), in that the

18    retaliatory conduct was intentional and/or despicable conduct which was carried on with a willful

19    and conscious disregard for the rights or safety of Mr. GRINGERI and/or the other employees

20    of MERRILL LYNCH CORPORATE PARTIES.

21        110.  Upon information and belief, and as more particularly set forth above, the said

22    retaliatory acts were "oppressive" within the meaning of Civil Code §3294(c)(2), in that such

23    conduct was despicable conduct that subjected Mr. GRINGERI to cruel and unjust hardship in

24    conscious disregard of his rights.

25        111.  Upon information and belief, and as more particularly set forth above, and pursuant

26    to Civil Code §3294(b), Mr. GRINGERI is entitled to punitive damages against the MERRILL

27    LYNCH CORPORATE PARTIES.

28        112.  Upon information and belief, pursuant to Labor Code §98(b), as a direct and

Mesirow
&
Fink

VERIFIED COMPLAINT
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1  proximate result of the said discriminatory behavior of the MERRILL LYNCH CORPORATE

2  PARTIES, Mr. GRINGERI is entitled to reinstatement of his employment, and reimbursement

3  of his lost wages and benefits in such amounts of which to be proven at trial.

4      113.  Upon information and belief, Mr. GRINGERI is entitled to attorney fees and

5  penalties as provided by Labor Code §2699(g)(1) ("Except as provided in paragraph (2), an

6  aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action

7  pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and

8  other current or former employees against whom one or more of the alleged violations was

9  committed. Any employee who prevails in any action shall be entitled to an award of reasonable

10  attorney's fees and costs.").

## SEVENTH CAUSE OF ACTION

11

12  [Constitutional Action For Invasion Of Privacy In Violation Of Article
     1, §1 Of The California Constitution Against The MERRILL LYNCH

13  CORPORATE PARTIES.]

14      114.  In addition to the preliminary allegations, Mr. GRINGERI hereby repeats, realleges,

15  and incorporates herein by reference, the allegations contained in paragraphs 102 through113 and

16  their attendant subparts above.

## PARTIES

17

18      115.  This cause of action is brought against all of the MERRILL LYNCH CORPORATE

19  PARTIES, excluding Ms. WILLIAMS.

## PROTECTED INTERESTS

20

21      116.  Upon information and belief, Mr. GRINGERI had legally protected privacy interests

22  in (a) his political and/or socio-political and/or religious and/or moral opinions concerning the

23  philosophy and/or propriety and/or wisdom of the values underlying or articulated in the Racial

24  Discrimination Litigation and/or the Gender Discrimination Litigation; (b) his political and social

25  views in general; and (c) in his choice to share such opinions with persons of his choice, if at all

26  ("Subject Privacy Interests"). Upon information and belief, Mr. GRINGERI had both an

27  informational privacy interest and an autonomy privacy interest in the Subject Privacy Interests.

28

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

## REASONABLE EXPECTATION

117. Upon information and belief, Mr. GRINGERI had a reasonable expectation of privacy in the Subject Privacy Interests under the circumstances alleged herein in that:

a. It is and was the public policy of the State of California to protect the Subject Privacy Interests as articulated in the provisions of Labor Code §1102 ("No employer shall coerce or influence or attempt to coerce or influence his employees through or by means of threat of discharge or loss of employment to adopt or follow or refrain from adopting or following any particular course or line of political action or political activity.").

b. It is and was the public policy of the State of California to protect the Subject Privacy Interests as articulated in the provisions of Labor Code § 1101(b) ("No employer shall make, adopt, or enforce any rule, regulation, or policy: [¶] (b) Controlling or directing, or tending to control or direct the political activities or affiliations of employees.").

c. Judicial interpretation of Article 1, §1 of the California Constitution supports the assumption and expectation of Mr. GRINGERI that the Subject Privacy Interests were simply none of the MERRILL LYNCH CORPORATE PARTIES' business [*e.g., Pettus v. Cole* (1996) 49 Cal.App.4th 402, 444-445 ("Many employees choose to conceal from their employers matters of disability, sexual orientation and conduct, political affiliation or activities, family or marital strife, unconventional life styles or avocations, etc., out of fear that, no matter how well they might perform in the workplace , revelations about these or other aspects of their private lives may cost them their jobs. . . .In return, it is only fair that employees be allowed to maintain a wall of privacy around highly personal information about their other 'roles' in life, to be free to tell their employers, in effect, 'It's none of your business what I do-and think-on my own time.'")].

d. The Attorney General of the State of California has interpreted Labor Code §§ 1101(b) and 1102 to prevent a private employer from discriminating against an employee because of his or her political views [69 Ops. Cal. Atty. Gen. 80, 1986 WL 193409 at *5 (1986) ("Since the Legislature has banned discrimination against employees on the basis of their **political views**, activities and affiliations, and since the Supreme Court has defined self-identification of homosexual orientation as protected political action, the Supreme Court would also rule that a

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1   policy of discrimination against employees on the basis of beliefs as to their homosexual

2   orientation is also prohibited by that legislation.")].

3   ·   e. It is and was the public policy of the State of California to protect the Subject

4   Privacy Interests in the communications between Mr. GRINGERI and his fellow employees, as

5   articulated in the provisions of Labor Code §232.5 (a) and (c) ("No employer may do any of the

6   following:   [¶]   (a) Require, as a condition of employment, that an employee refrain from

7   disclosing information about the employer's working conditions. . . .[¶] (c) Discharge, formally

8   discipline, or otherwise discriminate against an employee who discloses information about the

9   employer's working conditions.").

## INVASION

10

11  118.  The MERRILL LYNCH CORPORATE PARTIES invaded the Subject Privacy

12  Interests by forcing and coercing Mr. GRINGERI to disclose his opinions thereon or suffer

13  termination.

## SERIOUS INVASION

14

15  119.  Coercing Mr. GRINGERI to provide such information was a serious invasion of the

16  Subject Privacy Interests.

## ADVERSE EMPLOYMENT ACTIONS

17

18  120.  As set forth above, Mr. GRINGERI was discharged from his employment with

19  MERRILL LYNCH on August 22, 2006, after disclosing the coerced information.

20  121.  Upon information and belief, the MERRILL LYNCH CORPORATE PARTIES'

21  invasion of the Subject Privacy Interests was a substantial factor in causing Mr. GRINGERI to

22  be fired.

## RELIEF REQUESTED

23

24  122.  Upon information and belief, as a direct and proximate result of the retaliatory acts

25  of the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI was hurt and injured in

26  his health, strength, activity, and sustained injury to his nervous system and his person, all of which

27  caused and continue to cause him great mental, physical and nervous pain and suffering in a sum

28  as of yet unascertained, but within the jurisdictional limits of this Court. Mr. GRINGERI will

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1  seek leave of this Court to amend this Complaint to insert the true amounts and categories thereof,

2  and/or to prove the same at trial, when the same has been ascertained with reasonable certainty.

3       123. Upon information and belief, as a direct and proximate result of the retaliatory acts

4  of the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI has been harmed in that

5  he has suffered humiliation, mental anguish, emotional distress and physical distress in a sum as

6  of yet unascertained, but within the jurisdictional limits of this Court. Mr. GRINGERI will seek

7  leave of this Court to amend this Complaint to insert the true amounts and categories thereof,

8  and/or to prove the same at trial, when the same has been ascertained with reasonable certainty.

9       124. Upon information and belief, as a direct and proximate result of the retaliatory acts

10  of the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI has suffered financial

11  damages and losses, including, but not limited to: (a) loss of salary, wages, bonuses, incentive

12  stock options, and the amounts of money and benefits that he would have otherwise received; (b)

13  loss of tangible and intangible employment opportunities, compensation and benefits; (c) loss of

14  future employment opportunities; (d) loss of business opportunities; and (e) loss of earning

15  capacity.

16       125. Upon information and belief, as a direct and proximate result of the retaliatory acts

17  of the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI has suffered additional,

18  general, special, consequential, compensatory, and statutory damages in amounts and categories

19  unknown at this time. Mr. GRINGERI will seek leave of this Court to insert the true amounts

20  and categories thereof, and/or to prove the same at trial, when the same has been ascertained with

21  reasonable certainty.

22       126. Upon information and belief, and as more particularly set forth above, the said

23  retaliatory acts were "malicious" within the meaning of Civil Code §3294(c)(1), in that the

24  retaliatory conduct was intentional and/or despicable conduct which was carried on with a willful

25  and conscious disregard for the rights or safety of Mr. GRINGERI and/or the other employees

26  of MERRILL LYNCH CORPORATE PARTIES.

27       127. Upon information and belief, and as more particularly set forth above, the said

28  retaliatory acts were "oppressive" within the meaning of Civil Code §3294(c)(2), in that such

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1    conduct was despicable conduct that subjected Mr. GRINGERI to cruel and unjust hardship in

2    conscious disregard of his rights.

3        128. Upon information and belief, and as more particularly set forth above, and pursuant

4    to Civil Code §3294(b), Mr. GRINGERI is entitled to punitive damages against the MERRILL

5    LYNCH CORPORATE PARTIES.

6                        **EIGHTH CAUSE OF ACTION**

7    [Action For Wrongful Termination In Violation Of Public Policy As
     Against The MERRILL LYNCH CORPORATE PARTIES.]

8

9        129. In addition to the preliminary allegations, Mr. GRINGERI hereby repeats, realleges,

10   and incorporates herein by reference, the allegations contained in paragraphs 114 through 128 and

     their attendant subparts above.

11

12                              **PARTIES**

13       130. This cause of action is brought against all of the MERRILL LYNCH CORPORATE

     PARTIES, excluding Ms. WILLIAMS.

14

15                           **PUBLIC POLICY**

16       131. Upon information and belief, Labor Code §1101(b) states that: "No employer shall

17   make, adopt, or enforce any rule, regulation, or policy: [¶] (b) Controlling or directing, or tending

     to control or direct the political activities or affiliations of employees."

18

19       132. Upon information and belief, Labor Code §1102 states that: "No employer shall

20   coerce or influence or attempt to coerce or influence his employees through or by means of threat

21   of discharge or loss of employment to adopt or follow or refrain from adopting or following any

     particular course or line of political action or political activity."

22

23       133. Upon information and belief, and by reason of the foregoing, the MERRILL

24   LYNCH CORPORATE PARTIES have violated the provisions of Labor Code §98.6(a) ("No

25   person shall discharge an employee or in any manner discriminate against any employee or

26   applicant for employment because the employee or applicant engaged in any conduct delineated

     in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5

27   (commencing with Section 1101) of Part 3 of Division 2 . . .").

28       134. Upon information and belief, Labor Code §§ 232.5(a) and (c) provide that: "No

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

32

**40**

1  employer may do any of the following:  [¶] (a) Require, as a condition of employment, that an

2  employee refrain from disclosing information about the employer's working conditions. . . .[¶]

3  (c) Discharge, formally discipline, or otherwise discriminate against an employee who discloses

4  information about the employer's working conditions."

5      135.  Upon information and belief, Labor Code §6306(a) provides, in relevant part, that

6  the terms "safe," "safety," and "health," as applied to an employment or place of employment,

7  means such freedom from danger to the life, safety, or health of employees as the nature of the

8  employment reasonably permits.

9      136.  Upon information and belief, Labor Code §6310(a)(1) provides, in substance and

10  relevant part, that no person shall discharge or in any manner discriminate against any employee

11  because such employee has made an oral or written complaint to his or her employer or

12  representative.

13      137.  Upon information and belief, Labor Code §6301(a)(2) provides, in substance and

14  relevant part, that no person shall discharge, or in any manner discriminate against, any employee

15  because of the exercise by the employee, on behalf of himself or herself or others, of any rights

16  afforded to him or her.

17      138.  Upon information and belief, in substance and relevant part, Labor Code §6310(b)

18  provides that any employee who is discharged, threatened with discharge, demoted, suspended,

19  or in any other manner discriminated against in the terms and conditions of employment by his

20  or her employer because the employee has made a bona fide complaint to his or her employer

21  about unsafe working conditions or work practices in his or her employment or place of

22  employment shall be entitled to reimbursement for lost wages and work benefits caused by the

23  acts of the employer.

24      139.  Upon information and belief, Labor Code §6400 provides, in substance and relevant

25  part, that every employer in California shall furnish employment and a place of employment which

26  are safe and healthful for the employees therein.

27      140.  Upon information and belief, Labor Code §6401 provides, in substance and relevant

28  part, that every employer shall adopt and use practices, means, methods, operations, and processes

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1    which are reasonably adequate to render such employment and place of employment healthful and

2    safe; and that every employer shall do every other thing reasonably necessary to protect the life,

3    safety and health of employees.

4        141.    Upon information and belief, in substance and relevant part, Labor Code

5    §6407.7(a)(5) provides that each employer in California shall establish, implement, and maintain

6    an effective injury prevention program which must include a provision whereby employees may

7    communicate with the employer on occupational health and safety matters without fear of reprisal.

8        142.    Upon information and belief, Labor Code §6401.7(b) provides, in substance and

9    relevant part, that each employer in California shall correct unsafe and unhealthy work practices

10    in a timely manner, based upon the severity of the hazard.

11        143.    Upon information and belief, Labor Code §6402 states, in substance and relevant

12    part, that no employer shall require or permit any employee to go to or be in any employment or

13    place of employment which is not safe and healthful.

14        144.    Upon information and belief, Labor Code §6403(b) provides, in substance and

15    relevant part, that no employer shall fail or neglect to adopt and use methods and processes

16    reasonably adequate to render the employment and place of employment safe.

17        145.    Upon information and belief, Labor Code §6403(c) provides, in substance and in

18    relevant part, that no employer shall fail or neglect to do every other thing reasonably necessary

19    to protect the life, safety and health of employees.

20        146.    Upon information and belief, Labor Code §6404 states, in relevant part and in

21    substance, that no employer shall occupy or maintain any place of employment that is not safe and

22    healthful.

23        147.    Upon information and belief, Labor Code §6406 states, in relevant part and in

24    substance, that no person shall fail or neglect to do every other reasonable thing necessary to

25    protect the life, safety, and health of employees.

26        148. Upon information and belief, Code of Civil Procedure §527.8(k) states, in substance

27    and relevant part, that nothing in that section shall be construed as expanding, diminishing,

28    altering, or modifying the duty, if any, of any employer, to provide a safe workplace for employees

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGER1\PLEADINGS\COMPLAINT-9.wpd

34

1    and other persons.

2    149.  Upon information and belief, Article 1, §1 of the California Constitution provides

3    that: "All people are by nature free and independent and have inalienable rights.  Among these are

4    enjoying and defending life and liberty, acquiring, possessing, and protecting property, and

5    pursuing and obtaining safety, happiness, and privacy."

6    150.  Upon information and belief, Government Code §12940(h) provides that:  It is illegal

7    "[f]or any employer . . . or person to otherwise discriminate against any person because the person

8    has opposed any practices forbidden under this part or because the person has filed a complaint,

9    testified, or assisted in any proceeding under [the applicable part of the Government Code]."

10    (Alterations added.).

11    151.  Upon information and belief, Title VII of the 1964 Civil Rights Act, as amended,

12    prohibits discrimination and/or retaliation for opposing forbidden practices thereunder or for

13    participating in any proceeding thereunder.

14    152.  Upon information and belief, each of the designated constitutional provisions,

15    statutes, and/or any rules or regulations promulgated thereunder, represent a fundamental public

16    policy of California and/or the United States of America in that:  (a) they each inured and inure

17    to the benefit of the public, and not just the parochial interests of Mr. GRINGERI; (b) they were

18    well established at the time of Mr. GRINGERI's discharge and/or the other adverse employment

19    actions were taken against him; and (c) they were and are substantial and fundamental.

20    **PROTECTED ACTIVITIES**

21    153.  Upon information and belief, under the public policy of this state and the United

22    States of America, Mr. GRINGERI had a right to be free from such discrimination and/or

23    retaliation.

24    **GOOD FAITH REASONABLE BELIEF**

25    154.  Mr. GRINGERI's complaints about discrimination and safety were made in good

26    faith; and upon information and belief, such complaints were reasonable. In addition, Mr.

27    GRINGERI's cooperation with the August 21st Interview was in good faith.

28

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

## VIOLATIONS CHARGED

155. As more particularly set forth above, Mr. GRINGERI complained to and warned MERRILL LYNCH about the threatening behavior of Mr. BARNAO. Upon information and belief, because Mr. GRINGERI articulated the said complaints and warnings, MERRILL LYNCH discriminated against Mr. GRINGERI in the terms and conditions of his employment and discharged Mr. GRINGERI in violation of California Labor Code §6310(a)(1) and/or §6310(a)(2), in that MERRILL LYNCH terminated his employment for making one or more bona fide complaints to management of MERRILL LYNCH about (a) the health and safety of himself and other employees of MERRILL LYNCH; and (b) and/or unsafe working conditions and/or practices. Upon information and belief, discrimination and retaliation were in violation of the public policy expressed in the above stated provisions of the Labor Code and Code of Civil Procedure. Upon information and belief, such misconduct by the MERRILL LYNCH CORPORATE PARTIES was a motivating or substantial factor for MERRILL LYNCH to discharge Mr. GRINGERI and otherwise discriminate against him in the terms and conditions of his employment.

156. Upon information and belief, Mr. GRINGERI's opposition to the gender discrimination and/or sexual harassment was a motivating or substantial factor for MERRILL LYNCH to discharge Mr. GRINGERI and otherwise discriminate against him in the terms and conditions of his employment. Upon information and belief, such discrimination and retaliation was in violation of the public policy set forth in Government Code §12940(h).

157. Upon information and belief, Mr. GRINGERI's participation in the investigation of the Racial Discrimination Litigation and/or Gender Discrimination Litigation was a motivating or substantial factor for MERRILL LYNCH to discharge Mr. GRINGERI and otherwise discriminate against him in the terms and conditions of his employment. Upon information and belief, such discrimination and retaliation was in violation of the public policy set forth in Government Code §12940(h).

158. Upon information and belief, by accusing Mr. GRINGERI of not honestly answering the questions posed by Ms. LONTOC in the August 21st Interview and by discharging Mr.

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

36

**44**

1   GRINGERI from his employment: (a) the MERRILL LYNCH CORPORATE PARTIES
2   coerced and influenced, or attempted to coerce and influence, Mr. GRINGERI by threat of
3   discharge or loss of employment to adopt or follow MERRILL LYNCH's views on the propriety
4   of the Racial Discrimination Litigation and/or Gender Discrimination Litigation, and/or (b) the
5   MERRILL LYNCH CORPORATE PARTIES coerced and influenced, or attempted to coerce
6   and influence, Mr. GRINGERI by threat of discharge or loss of employment to adopt or follow
7   MERRILL LYNCH's views on the broader issues of racial and gender discrimination and the
8   remedies therefor; and (c) the MERRILL LYNCH CORPORATE PARTIES coerced and
9   influenced, or attempted to coerce and influence, Mr. GRINGERI by threat of discharge or loss
10  of employment to refrain from adopting or following his own views on the propriety of the Racial
11  Discrimination Litigation and/or the Gender Discrimination Litigation and/or the broader issues
12  of racial and gender discrimination in society and the remedies therefor.  Upon information and
13  belief, such discrimination and retaliation was in violation of the public policy expressed in Labor
14  Code §1102.  Upon information and belief, such misconduct by the MERRILL LYNCH
15  CORPORATE PARTIES was a motivating or substantial factor for MERRILL LYNCH to
16  discharge Mr. GRINGERI and otherwise discriminate against him in the terms and conditions of
17  his employment.

18      159.  Upon information and belief, by forcing Mr. GRINGERI to render his opinions on
19  the Racial Discrimination Litigation and the Gender Discrimination Litigation, as aforesaid, and
20  then by discharging Mr. GRINGERI for rendering his opinions, the MERRILL LYNCH
21  CORPORATE PARTIES used the Mandatory Cooperation Rule to control or direct, or attempt
22  to control or direct, the "political activities or affiliations" of Mr. GRINGERI as the term is used
23  and interpreted in the provisions of Labor Code §1101 (b) ("No employer shall make, adopt, or
24  enforce any rule, regulation, or policy:  [¶] (b) Controlling or directing, or tending to control or
25  direct the political activities or affiliations of employees.").  Upon information and belief, such
26  misconduct by the MERRILL LYNCH CORPORATE PARTIES was a motivating or substantial
27  factor for MERRILL LYNCH to discharge Mr. GRINGERI and otherwise discriminate against
28  him in the terms and conditions of his employment.

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

37

1    160.  Upon information and belief, the MERRILL LYNCH CORPORATE PARTIES

2  invaded the Subject Privacy Interests by forcing and coercing Mr. GRINGERI to disclose his

3  opinions thereon or suffer termination.  Upon information and belief, such misconduct was in

4  violation of the public policy expressed in Article 1, §1 of the California Constitution.  Upon

5  information and belief, such misconduct by the MERRILL LYNCH CORPORATE PARTIES

6  was a motivating or substantial factor for MERRILL LYNCH to discharge Mr. GRINGERI and

7  otherwise discriminate against him in the terms and conditions of his employment.

8                              **RELIEF REQUESTED**

9      161.  Upon information and belief, as a direct and proximate result of the retaliatory acts

10  of the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI was hurt and injured in

11  his health, strength, and activity, and sustained injury to his nervous system and his person, all of

12  which caused and continue to cause him great mental, physical and nervous pain and suffering in

13  a sum as of yet unascertained, but within the jurisdictional limits of this Court.  Mr. GRINGERI

14  will seek leave of this Court to amend this Complaint to insert the true amounts and categories

15  thereof, and/or to prove the same at trial, when the same has been ascertained with reasonable

16  certainty.

17      162.  Upon information and belief, as a direct and proximate result of the retaliatory acts

18  of the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI has been harmed in that

19  he has suffered humiliation, mental anguish, emotional distress and physical distress in a sum as

20  of yet unascertained, but within the jurisdictional limits of this Court.  Mr. GRINGERI will seek

21  leave of this Court to amend this Complaint to insert the true amounts and categories thereof,

22  and/or to prove the same at trial, when the same has been ascertained with reasonable certainty.

23      163.  Upon information and belief, as a direct and proximate result of the retaliatory acts

24  of the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI has suffered financial

25  damages and losses, including, but not limited to:  (a) loss of salary, wages, bonuses, incentive

26  stock options and the amounts of money and benefits that he would have otherwise received; (b)

27  loss of tangible and intangible employment opportunities, compensation, and benefits; (c) loss of

28  future employment opportunities; (d) loss of business opportunities; and (e) loss of earning

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1    capacity.

2        164.  Upon information and belief, as a direct and proximate result of the retaliatory acts

3    of the MERRILL LYNCH CORPORATE PARTIES, Mr. GRINGERI has suffered additional,

4    general, special, consequential, compensatory, and statutory damages in amounts and categories

5    unknown at this time.  Mr. GRINGERI will seek leave of this Court to insert the true amounts

6    and categories thereof, and/or to prove the same at trial, when the same has been ascertained with

7    reasonable certainty.

8        165.  Upon information and belief, and as more particularly set forth above, the said

9    retaliatory acts were "malicious" within the meaning of Civil Code §3294(c)(1), in that the

10    retaliatory conduct was intentional and/or despicable conduct which was carried on with a willful

11    and conscious disregard for the rights or safety of Mr. GRINGERI and/or the other employees

12    of MERRILL LYNCH CORPORATE PARTIES.

13        166.  Upon information and belief, and as more particularly set forth above, the said

14    retaliatory acts were "oppressive" within the meaning of Civil Code §3294(c)(2), in that such

15    conduct was despicable conduct that subjected Mr. GRINGERI to cruel and unjust hardship in

16    conscious disregard of his rights.

17        167.  Upon information and belief, and as more particularly set forth above, and pursuant

18    to Civil Code §3294(b), Mr. GRINGERI is entitled to punitive damages against the MERRILL

19    LYNCH CORPORATE PARTIES.

20                                **NINTH CAUSE OF ACTION**

21              [Action For Breach Of Written Agreement Against The
              MERRILL LYNCH CORPORATE PARTIES.]
22

23        168.  In addition to the preliminary allegations, Mr. GRINGERI hereby repeats, realleges,
       and incorporates herein by reference, the allegations contained in paragraphs 129 through 167 and
24
       their attendant subparts above.
25

26                                        **PARTIES**

27        169.  This cause of action is brought against all of the MERRILL LYNCH CORPORATE

28    PARTIES, excluding Ms. WILLIAMS.

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

## AGREEMENT

170. In MERRILL LYNCH's *Guidelines for Business Conduct*, §7 thereof, and *Merrill Lynch's Code of Ethics for Financial Professionals*, ¶6 thereof, MERRILL LYNCH represented and promised in writing, in effect, that: (a) cooperation with such MERRILL LYNCH internal investigations was mandatory on pain of discharge; (b) employees were obligated to report all forms of harassment; and (c) employees would not be retaliated against for such cooperation or reporting ("Non-Retaliation Agreement").

## BREACH

171. Upon information and belief, the MERRILL LYNCH CORPORATE PARTIES breached the Non-Retaliation Agreement and discharged Mr. GRINGERI for reporting on Mr. BARNAO's behavior and cooperating with MERRILL LYNCH's investigation of the Racial Discrimination Litigation and the Gender Discrimination Litigation.

## DAMAGES

172. Upon information and belief, as a direct and proximate result of the retaliatory acts of the MERRILL LYNCH PARTIES, Mr. GRINGERI has suffered financial damages and losses, including, but not limited to: (a) loss of salary, wages, bonuses, incentive stock options and the amounts of money and benefits that he would have otherwise received; (b) loss of tangible and intangible employment opportunities, compensation and benefits; (c) loss of future employment opportunities; (d) loss of business opportunities; and (e) loss of earning capacity.

173. Upon information and belief, as a direct and proximate result of the retaliatory acts of the MERRILL LYNCH PARTIES, Mr. GRINGERI has suffered additional, general, special, consequential, compensatory, and statutory damages in amounts and categories unknown at this time. Mr. GRINGERI will seek leave of this Court to insert the true amounts and categories thereof, and/or to prove the same at trial, when the same has been ascertained with reasonable certainty.

## TENTH CAUSE OF ACTION

### [Alternative Action For Promissory Estoppel Against The MERRILL LYNCH CORPORATE PARTIES.]

174. In addition to the preliminary allegations, Mr. GRINGERI hereby repeats, realleges,

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1  and incorporates herein by reference, the allegations contained in paragraphs 35 through 41, 44

2  through 49, 60 through 67, 71 through 76, 88 through 92, 95, 103 through 104, 107 through 108,

3  116 through 121, 130 through 169 and their attendant subparts above.

4  <center>**PARTIES**</center>

5   175. This cause of action is brought against all of the MERRILL LYNCH CORPORATE

6  PARTIES, excluding Ms. WILLIAMS.

7  <center>**NON-RETALIATION PROMISES**</center>

8   176. The MERRILL LYNCH CORPORATE PARTIES promised in writing that Mr.

9  GRINGERI would not suffer any form of retaliation for reporting any form of harassment

10  and/or for cooperating with MERRILL LYNCH's internal investigations ("Non-Retaliation

11  Promises").

12   177. In making the Non-Retaliation Promises to Mr. GRINGERI, the MERRILL

13  LYNCH CORPORATE PARTIES knew or should have known that the Non-Retaliation

14  Promises would induce Mr. GRINGERI to rely on them.

15   178. Mr. GRINGERI reasonably relied upon the Non-Retaliation Promises and he was

16  induced to and did report Mr. BARNAO's behavior to Ms. WILLIAMS and Human Resources

17  and cooperated with the August 21st Interview. Upon information and belief, MERRILL

18  LYNCH fired him for doing so.

19  <center>**RELIEF REQUESTED**</center>

20   179. Upon information and belief, as a direct and proximate result of his reliance upon the

21  Non-Retaliation Promises, Mr. GRINGERI has suffered financial damages and losses, including

22  but not limited to: (a) loss of salary, wages, bonuses, incentive stock options and the amounts of

23  money and benefits that he would have otherwise received; (b) loss of tangible and intangible

24  employment opportunities, compensation and benefits; (c) loss of future employment

25  opportunities; (d) loss of business opportunities; and (e) loss of earning capacity.

26   180. Upon information and belief, as a direct and proximate result of his reliance on the

27  Non-Retaliation Promises, Mr. GRINGERI has suffered or will suffer additional, general, special,

28  consequential, compensatory, and statutory damages in amounts and categories unknown at this

Mesirow
&
Fink

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

1  time. Mr. GRINGERI will seek leave of this Court to insert the true amounts and categories

2  thereof, and/or to prove the same at trial, when the same has been ascertained with reasonable

3  certainty.

4                                              **<u>PRAYER</u>**

5        WHEREFORE, Mr. GRINGERI prays judgment as follows:

6        1.   As against all Defendants, MERRILL LYNCH CORPORATE PARTIES and

7  MERRILL LYNCH PARTIES, for actual, compensatory, general, special, direct, consequential,

8  emotional, statutory and punitive damages according to proof and consonant with the allegations

9  hereinabove;

10       2. As against the MERRILL LYNCH CORPORATE PARTIES, for any equitable relief

11 which may be required to vindicate Mr. GRINGERI's rights, including but not limited to

12 reinstatement, attorney fees, costs, and penalties;

13       3.   As against all Defendants, MERRILL LYNCH CORPORATE PARTIES and

14 MERRILL LYNCH PARTIES, for reasonable attorney fees;

15       4.   As against all Defendants, MERRILL LYNCH CORPORATE PARTIES and

16 MERRILL LYNCH PARTIES, for prejudgment and post judgment interest; and

17       5.   As against all Defendants, MERRILL LYNCH CORPORATE PARTIES and

18 MERRILL LYNCH PARTIES, for costs of suit herein; and such other and further relief as the

19 Court deems just and proper.

20

21 Dated: July 16, 2007                          MESIROW & FINK

22

23

24                                              STEVEN M. FINK
                                                Attorneys for Plaintiff, MARK L. GRINGERI
25

26

27

28

**VERIFIED COMPLAINT**
P:\GRINGERI\PLEADINGS\COMPLAINT-9.wpd

<u>VERIFICATION</u>

I, MARK L. GRINGERI, declare that:

I am the Plaintiff in this action.  I have read the foregoing **VERIFIED COMPLAINT FOR DAMAGES, EQUITABLE RELIEF AND PENALTIES FOR: (1) DISCRIMINATION IN VIOLATION OF LABOR CODE §§ 6320(a)(1)&(2), & 6310(b); (2) RETALIATION FOR OPPOSITIONAL CONDUCT IN VIOLATION OF GOVERNMENT CODE §12940(h); (3) RETALIATION FOR PARTICIPATORY CONDUCT IN VIOLATION OF GOVERNMENT CODE §12940(h); (4) EMPLOYMENT DISCRIMINATION IN VIOLATION OF LABOR CODE §§ 1102 & 2699; (5) EMPLOYMENT DISCRIMINATION IN VIOLATION OF LABOR CODE §§ 1101(b) & 2699; (6) EMPLOYMENT DISCRIMINATION IN VIOLATION OF LABOR CODE §§ 232.5 & 2699; (7) CONSTITUTIONAL ACTION FOR INVASION OF PRIVACY IN VIOLATION OF ARTICLE 1, §1 OF THE CALIFORNIA CONSTITUTION; (8) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; (9) BREACH OF CONTRACT; AND (10) PROMISSORY ESTOPPEL** and know the content thereof, and I certify that the same is true of my own knowledge, except as to those matters which are stated upon my information and belief, and as to those matters I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July /8, 2007, in the City of San Jose, County of Santa Clara, State of California.

_____
MARK L. GRINGERI

Mesirow
&
Fink

P:GRINGERI\PLEADINGS\VERIFICATION

51

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICE AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
111 N. Market Street, Suite 810, San Jose, CA 95113
(408) 277-1277 TTY (800) 700-2320 Fax (408) 277-9997
www.dfeh.ca.gov

March 20, 2007

Steven M. Fink
Attorney At Law
MESIROW & FINK LAW OFFICES
10 Almaden Blvd., Ste. 400
San Jose, CA 95113-2237

RE:  E200607G0975-00-rsc
     GRINGERI/MERRILL LYNCH

Dear Steven M. Fink:

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing on 3/19/2007 pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.  Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for **service of the complaint** on respondent(s). You should also enclose a copy of the Notice of Case Closure along with the complaint.  These documents must be served within **60 days** of the filing date of the complaint.  Government Code section 12962(b) further provides that complaints must be served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

*Marlene Massetti*

Marlene Massetti
District Administrator

Enclosure:    Complaint of Discrimination
              Notice of Case Closure

DFEH-200-06 (01/05)

# EXHIBIT A

**\*\*\* EMPLOYMENT \*\*\***

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E-200607-G-0975-00-rsc

DFEH USE ONLY

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (Indicate Mr. or Ms.)

Mr. Mark Gringeri

TELEPHONE NUMBER (INCLUDE AREA CODE)

(408) 288-8100

ADDRESS

c/o MESIROW & FINK, 10 Almaden Boulevard, Suite 400

CITY/STATE/ZIP

San Jose, California 95113

COUNTY
Santa Clara

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP
COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME  MERRILL LYNCH

TELEPHONE NUMBER (INCLUDE AREA CODE)
(408) 554-8800

ADDRESS 5300 STEVENS CREEK BOULEVARD

/DFEH USE ONLY
/

CITY/STATE/ZIP   SAN JOSE, CA 95129

SANTA CLARA

COUNTY

/COUNTY CODE
/

NO. OF EMPLOYEES/MEMBERS (if known)

N/A

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year)

8/22/06

/RESPONDENT CODE
/

THE PARTICULARS ARE:

On circa, 8/22/06, I was

| | | |
|---|---|---|
| X fired | ___denied employment | ___denied family or medical leave |
| ___laid off | ___denied promotion | ___denied pregnancy leave |
| ___demoted | ___denied transfer | ___denied equal pay |
| ___harassed | ___denied accommodation | ___denied right to wear pants |
| ___genetic characteristics testing | ___impermissible non-job related inquiry | ___denied pregnancy accommodation |
| ___forced to quit | ___other (specify) | |

by PAT WILLIAMS, DISTRICT DIRECTOR
   Name of Person

Job Title (supervisor/manager/personnel director/etc.)

because of my:

| | | | | |
|---|---|---|---|---|
| X sex | ___national origin/ancestry | ___physical disability | | (Circle one) filing: |
| ___age | ___marital status | ___mental disability | ___cancer | protesting; |
| X religion | ___sexual orientation | | ___genetic characteristic | participating in investigation |
| X race/color | X association | ___other_____ | | (retaliation for) |

the reason given by PAT WILLIAMS, DISTRICT DIRECTOR
              Name of Person and Job Title

Was because of
[please state what
you believe to ALLEGATIONS OF DISHONESTY
be the reason(s)]

**RECEIVED**

MAR 19 2007

DEPT. OF FAIR EMPLOYMENT AND
HOUSING SAN JOSE

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 19 June 07

At San Jose, Ca
        City

COMPLAINANT SIGNATURE

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: MAR 19 2007

**53**

# RIGHT-TO-SUE COMPLAINT INFORMATION SHEET

DFEH needs a separate signed complaint for each employer, person, labor organization, employment agency, apprenticeship committee, state or local government agency you wish to file against. If you are filing against both a company and an individual(s), please complete separate complaint forms naming the company or an individual in the appropriate area.

Please complete the following so that DFEH can process your complaint and for DFEH for statistical purposes, and return with your signed complaint(s):

YOUR RACE/ETHNICITY (Check one)
__ African-American
__ African - Other
__ Asian/Pacific Islander (specify)_____
X Caucasian (Non-Hispanic)
__ Native American
__ Hispanic(specify)_____

YOUR PRIMARY LANGUAGE (specify)
_____ _ENGLISH_____

YOUR AGE:    54

IF FILING BECAUSE OF YOUR NATIONAL ORIGIN/ANCESTRY, YOUR NATIONAL ORIGIN/ANCESTRY (specify)
_____

IF FILING BECAUSE OF DISABILITY, YOUR DISABILITY:
__ AIDS
__ Blood/Circulation
__ Brain/Nerves/Muscles
__ Digestive/Urinary/Reproduction
__ Hearing
__ Heart
__ Limbs (Arms/Legs)
__ Mental
__ Sight
__ Speech/Respiratory
__ Spinal/Back

IF FILING BECAUSE OF MARITAL STATUS, YOUR MARITAL STATUS: (Check one)
__ Cohabitation
__ Divorced
__ Married
__ Single

IF FILING BECAUSE OF RELIGION, YOUR RELIGION: (specify)
_MORMON_____

IF FILING BECAUSE OF SEX, THE REASON:
__ Harassment
__ Orientation
__ Pregnancy
__ Denied Right to Wear Pants
__ Other Allegations (List)

YOUR GENDER:  __ Female  X Male

YOUR OCCUPATION:
__ Clerical
__ Craft
__ Equipment Operator
__ Laborer
__ Manager
__ Paraprofessional
__ Professional
X Sales
__ Service
__ Supervisor
__ Technician

HOW YOU HEARD ABOUT DFEH:
X Attorney
__ Bus/BART Advertisement
__ Community Organization
__ EEOC
__ EDD
__ Friend
__ Human Relations Commission
__ Labor Standards Enforcement
__ Local Government Agency
__ Poster
__ Prior Contact with DFEH
__ Radio
__ Telephone Book
__ TV
__ DFEH Web Site

DO YOU HAVE AN ATTORNEY WHO HAS AGREED TO REPRESENT YOU ON YOUR EMPLOYMENT DISCRIMINATION CLAIMS IN COURT? IF YOU CHECK "YES", YOU WILL BE RESPONSIBLE FOR HAVING YOUR ATTORNEY SERVE THIS DFEH COMPLAINT.

X Yes    __ No

PLEASE PROVIDE YOUR ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

_Steven M Fink, Mesirow & Fink_ (408)288-9100
_10 Almaden Blvd., Ste. 400 SJ, CA 95113_

_____        _May 9, 2007_
Your Signature                           Date

1    Department of Fair Employment & Housing
     Case Name:  *Mark Gringeri v. Merrill Lynch, et al.*
2    Case No.: DFEH Case No. E-200607-G-0975-00-rsc

3                          PROOF OF SERVICE

4         I am a citizen of the United States and a resident of Santa Clara County; I am over the age of
     eighteen years and not a party to the within action. My business address is 10 Almaden Blvd., Suite 400,
5    San Jose, California 95113-2237. On March 21, 2007, I served the following documents:

6    COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE
     CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT AND NOTICE
7    OF CASE CLOSURE

8         **BY CERTIFIED/RETURN-RECEIPT U.S. MAIL** on the following party(ies) in said action, in accordance with
     Code of Civil Procedure §1013(a) by placing a true copy thereof in a sealed envelope with postage fully prepaid, in a
9  X designated area for outgoing mail at the place of business of MESIROW & FINK which mail is deposited that same day
     in a United States mailbox in the City of San Jose, State of California.
10

11        **BY OVERNIGHT DELIVERY** on the following party(ies) in said action, in accordance with Code of Civil Procedure
     §1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, in a
12   designated area for outgoing overnight mail, addressed as set forth below.  In the ordinary course of business at
     MESIROW & FINK mail placed in that designated area is picked up that same day for delivery the following business
13   day.

14        **BY FACSIMILE TRANSMISSION,** in accordance with Code of Civil Procedure §1013(e), to the following party(ies)
     at the facsimile number(s) indicated.
15

16   Ms. Pat Williams, District Director
     Merrill Lynch
17   5300 Stevens Creek Boulevard
     San Jose, CA 95129

18        I declare under penalty of perjury that the foregoing is true and correct, and that this declaration
     was executed in San Jose, California, on March 21, 2007.
19

20                                                  Cindy M. Rubi

21

22

23

24

25

26

27

28

Mesirow
  &
Fink

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

111 N. Market Street, Suite 810, San Jose, CA 95113
(408) 277-1277  TTY (800) 700-2320  Fax (408) 277-9997
www.dfeh.ca.gov

April 3, 2007

STEVEN M. FINK, MESIROW & FINK
ATTORNEYS AT LAW
LAW OFFICES OF STEVEN M. FINK, MESIROW & FINK
10 ALAMDEN BLVD. STE. 400
SAN JOSE, CA 95113

RE: E200607G1009-00-sc
GRINGERI/MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.

Dear STEVEN M. FINK, MESIROW & FINK:

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department
of Fair Employment and Housing on 3/30/2007 pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.  Also enclosed
is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-
sue notice.

Please note that under Government Code section 12962, you are responsible for
**service of the complaint** on respondent(s). You should also enclose a copy of the
Notice of Case Closure along with the complaint.  These documents must be served
within **60 days** of the filing date of the complaint.  Government Code section 12962(b)
further provides that complaints must be served either personally or by certified mail
with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that
explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

*Marlene Massetti*

Marlene Massetti
District Administrator

Enclosure:    Complaint of Discrimination
              Notice of Case Closure

DFEH-200-06 (01/05)

56

### * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200607-G-0009-00-sc

DFEH USE ONLY

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (Indicate Mr. or Ms.)

Mr. Mark Gringeri

TELEPHONE NUMBER (INCLUDE AREA CODE)

(408) 288-8100

ADDRESS

c/o MESIROW & FINK, 10 Almaden Boulevard, Suite 400

CITY/STATE/ZIP

San Jose, California 95113

COUNTY

Santa Clara

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME   MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.

TELEPHONE NUMBER (INCLUDE AREA CODE)

(408) 554-8800

ADDRESS 5300 STEVENS CREEK BOULEVARD

/DFEH USE ONLY

CITY/STATE/ZIP    SAN JOSE, CA 95129

COUNTY

SANTA CLARA

/COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)

N/A

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)

8/22/06

/RESPONDENT CODE

THE PARTICULARS ARE:

On circa, 8/22/06, I was

| | | |
|---|---|---|
| X fired | ___denied employment | ___denied family or medical leave |
| ___laid off | ___denied promotion | ___denied pregnancy leave |
| ___demoted | ___denied transfer | ___denied equal pay |
| ___harassed | ___denied accommodation | ___denied right to wear pants |
| ___genetic-characteristics testing | ___impermissible non-job related inquiry | ___denied pregnancy accommodation |
| ___forced to quit | ___other (specify) | |

by PAT WILLIAMS, DISTRICT DIRECTOR

Name of Person          Job Title (supervisor/manager/personnel director/etc.)

because of my:

| | | | |
|---|---|---|---|
| X sex | ___national origin/ancestry | ___physical disability | (Circle one) filing; |
| ___age | ___marital status | ___mental disability | protesting; |
| X religion | ___sexual orientation | ___cancer | participating |
| X race/color | X association | ___genetic characteristic | in investigation |
| | | ___other_____ | (retaliation for) |

the reason given by PAT WILLIAMS, DISTRICT DIRECTOR

Name of Person and Job Title

Was because of

[please state what you believe to] ALLEGATIONS OF DISHONESTY
be the reason(s)]

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   3/30/07

At   San Jose, CA
          City

COMPLAINANT SIGNATURE

RECEIVED

MAR 3 0 2007

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:   MAR 3 0 2007

STATE OF

# RIGHT-TO-SUE COMPLAINT INFORMATION SHEET

DFEH needs a separate signed complaint for each employer, person, labor organization, employment agency, apprenticeship committee, state or local government agency you wish to file against. If you are filing against both a company and an individual(s), please complete separate complaint forms naming the company or an individual in the appropriate area.

Please complete the following so that DFEH can process your complaint and for DFEH for statistical purposes, and return with your signed complaint(s):

YOUR RACE/ETHNICITY (Check one)
__ African-American
__ African - Other
__ Asian/Pacific Islander (specify)_____
X Caucasian (Non-Hispanic)
__ Native American
__ Hispanic(specify)_____

YOUR PRIMARY LANGUAGE (specify)
_English_____

YOUR AGE: 5 4

IF FILING BECAUSE OF YOUR NATIONAL
ORIGIN/ANCESTRY, YOUR NATIONAL
ORIGIN/ANCESTRY (specify)
_____

IF FILING BECAUSE OF DISABILITY,
YOUR DISABILITY:
__ AIDS
__ Blood/Circulation
__ Brain/Nerves/Muscles
__ Digestive/Urinary/Reproduction
__ Hearing
__ Heart
__ Limbs (Arms/Legs)
__ Mental
__ Sight
__ Speech/Respiratory
__ Spinal/Back

IF FILING BECAUSE OF MARITAL STATUS,
YOUR MARITAL STATUS: (Check one)
__ Cohabitation
__ Divorced
__ Married
__ Single

IF FILING BECAUSE OF RELIGION,
YOUR RELIGION: (specify)
_Mormon_____

IF FILING BECAUSE OF SEX, THE REASON:
__ Harassment
__ Orientation
__ Pregnancy
__ Denied Right to Wear Pants
__ Other Allegations (List)

YOUR GENDER:  __ Female  X  Male

YOUR OCCUPATION:
__ Clerical
__ Craft
__ Equipment Operator
__ Laborer
__ Manager
__ Paraprofessional
__ Professional
X Sales
__ Service
__ Supervisor
__ Technician

HOW YOU HEARD ABOUT DFEH:
X Attorney
__ Bus/BART Advertisement
__ Community Organization
__ EEOC
__ EDD
__ Friend
__ Human Relations Commission
__ Labor Standards Enforcement
__ Local Government Agency
__ Poster
__ Prior Contact with DFEH
__ Radio
__ Telephone Book
__ TV
__ DFEH Web Site

DO YOU HAVE AN ATTORNEY WHO HAS
AGREED TO REPRESENT YOU ON YOUR
EMPLOYMENT DISCRIMINATION CLAIMS IN
COURT? IF YOU CHECK "YES", YOU WILL BE
RESPONSIBLE FOR HAVING YOUR
ATTORNEY SERVE THIS DFEH COMPLAINT.

X Yes         __ No

PLEASE PROVIDE YOUR ATTORNEY'S
NAME, ADDRESS AND PHONE NUMBER:

_Steven M. Fink, Mestrow & Fink (408) 288-810C_
_10 Almaden Blvd, Ste 400, S.J. CA 95113_

_3/30/07_

DFEH-300-03-1 (01/05)
Department of Fair Employment and Housing

Your Signature                    Date

STATE OF CALIFORNIA – STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
111 N. Market Street, Suite 810, San Jose, CA 95113
(408) 277-1277  TTY (800) 700-2320  Fax (408) 277-9997
www.dfeh.ca.gov



April 3, 2007


STEVEN M. FINK, MESIROW & FINK
ATTORNEYS AT LAW
LAW OFFICES OF STEVEN M. FINK, MESIROW & FINK
10 ALAMDEN BLVD. STE. 400
SAN JOSE, CA 95113

RE:    E200607G1009-00-sc
       GRINGERI/MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.

Dear STEVEN M. FINK, MESIROW & FINK:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
March 30, 2007 because an immediate right-to-sue notice was requested.  DFEH will
take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint.  The civil action must be
filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Marlee Massetti*

Marlene Massetti
District Administrator

cc:     Case File

PAT WILLIAMS
DISTRICT DIRECTOR
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.
5300 STEVENS CREEK BLVD
SAN JOSE, CA  95129

DFEH-200-43 (06/06)

1  Department of Fair Employment & Housing
   Case Name:  *Mark Gringeri v. Merrill Lynch, et al.*
2  Case No.: DFEH Case No. E-200607-G-1009-00-sc

3

### PROOF OF SERVICE

4       I am a citizen of the United States and a resident of Santa Clara County; I am over the age of
5  eighteen years and not a party to the within action. My business address is 10 Almaden Blvd., Suite 400,
   San Jose, California 95113-2237. On April 6, 2007, I served the following documents:
6
   **COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE**
7  **CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT AND NOTICE**
   **OF CASE CLOSURE**
8
x     **BY CERTIFIED/RETURN-RECEIPT U.S. MAIL** on the following party(ies) in said action, in accordance with
9     Code of Civil Procedure §1013(a) by placing a true copy thereof in a sealed envelope with postage fully prepaid, in a
      designated area for outgoing mail at the place of business of MESIROW & FINK which mail is deposited that same day
10    in a United States mailbox in the City of San Jose, State of California.

11    **BY OVERNIGHT DELIVERY** on the following party(ies) in said action, in accordance with Code of Civil Procedure
      §1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, in a
12    designated area for outgoing overnight mail, addressed as set forth below.  In the ordinary course of business at
      MESIROW & FINK mail placed in that designated area is picked up that same day for delivery the following business
13    day.

14    **BY FACSIMILE TRANSMISSION,** in accordance with Code of Civil Procedure §1013(e), to the following party(ies)
      at the facsimile number(s) indicated.
15
   Ms. Pat Williams, District Director
16 Merrill Lynch, Pierce, Fenner & Smith, Inc.
   5300 Stevens Creek Boulevard
17 San Jose, CA 95129

18      I declare under penalty of perjury that the foregoing is true and correct, and that this declaration
   was executed in San Jose, California, on April 6, 2007.
19

20                                          _Sally M Wagner_
                                            Sally M. Wagner
21

22

23

24

25

26

Mesirow  27
  &
Fink     28

P:\GRINGER1\PLEADINGS\DFEH POS 2.wpd

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                              ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2570 N. First Street, Suite 480, San Jose, CA 95131
(408) 325-0344  TTY (800) 700-2320  Fax (408) 325-0339
www.dfeh.ca.gov

May 9, 2007

STEVEN M. FINK
ATTORNEY
MESIROW & FINK
10 ALMADEN BLVD., SUITE 400
SAN JOSE, CA 95113

RE:  E200607G1096-00-rc
     GRINGERI/MERRILL LYNCH

Dear STEVEN M. FINK:

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the
Department of Fair Employment and Housing on 5/7/2007 pursuant to the
California Fair Employment and Housing Act, Government Code section 12900 et
seq.  Also enclosed is a copy of your client's Notice of Case Closure, which
constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for
**service of the complaint** on respondent(s). You should also enclose a copy of the
Notice of Case Closure along with the complaint.  These documents must be
served within **60 days** of the filing date of the complaint.  Government Code
section 12962(b) further provides that complaints must be served either personally
or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that
explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

*Marlene Massetti*

Marlene Massetti
District Administrator


Enclosure:   Complaint of Discrimination
             Notice of Case Closure

62

**\* \* \* EMPLOYMENT \* \* \***

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH # _E200607-G-1096-00-rc_

DFEH USE ONLY

_____ CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING _____

YOUR NAME (Indicate Mr. or Ms.)
Mr. Mark Gringeri

TELEPHONE NUMBER (INCLUDE AREA CODE)
(408) 288-8100

ADDRESS
c/o MESIROW & FINK, 10 Almaden Boulevard, Suite 400

CITY/STATE/ZIP
San Jose, California 95113

COUNTY
Santa Clara

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP
COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME  PAT WILLIAMS

TELEPHONE NUMBER (INCLUDE AREA CODE)
(408) 554-8800

ADDRESS  c/o MERRILL LYNCH, 5300 STEVENS CREEK BOULEVARD

/DFEH USE ONLY
/

CITY/STATE/ZIP  SAN JOSE, CA 95129

COUNTY
SANTA CLARA

/COUNTY CODE
/

NO. OF EMPLOYEES/MEMBERS (if known)
N/A

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year)
8/22/06

/RESPONDENT CODE
/

THE PARTICULARS ARE:
On circa, 8/22/06, I was

| | |
|---|---|
| X fired | ___ denied employment |
| ___ laid off | ___ denied promotion |
| ___ demoted | ___ denied transfer |
| ___ harassed | ___ denied accommodation |
| ___ genetic characteristics testing | ___ impermissible non-job related inquiry |
| ___ forced to quit | ___ other (specify) |

___ denied family or medical leave
___ denied pregnancy leave
___ denied equal pay
___ denied right to wear pants
___ denied pregnancy accommodation

by  PAT WILLIAMS, DISTRICT DIRECTOR
      Name of Person

Job Title (supervisor/manager/personnel director/etc.)

because of my:
___ sex
___ age
___ religion
___ race/color

___ national origin/ancestry
___ marital status
___ sexual orientation
___ association

___ physical disability
___ mental disability

___ other _____

___ cancer
___ genetic characteristic

(Circle one) filing:
protesting;
participating
in investigation
(retaliation for)

the reason given by PAT WILLIAMS, DISTRICT DIRECTOR
                           Name of Person and Job Title

Was because of
[please state what
you believe to
be the reason(s)] ALLEGATIONS OF DISHONESTY

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a
federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of
Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and
Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my
information and belief, and as to those matters I believe it to be true.

Dated    May 3, 2007

RECE COMPLAINANT SIGNATURE

At    San Jose, CA
              City

MAY    7 200

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:
MAY  - 7 2007

DEPT. OF FAIR EMPLOY...
HOUSING SAN JOSE

STATE OF CALIFORNIA

63

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICE AGENCY                                                          ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2570 N. First Street, Suite 480, San Jose, CA 95131
(408) 325-0344 TTY (800) 700-2320  Fax (408) 325-0339
www.dfeh.ca.gov



May 9, 2007


STEVEN M. FINK
ATTORNEY
MESIROW & FINK
10 ALMADEN BLVD., SUITE 400
SAN JOSE, CA 95113

RE:    E200607G1096-00-rc
       GRINGERI/MERRILL LYNCH

Dear STEVEN M. FINK:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
May 7, 2007 because an immediate right-to-sue notice was requested.  DFEH will
take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint.  The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Marlene Massetti*

Marlene Massetti
District Administrator


cc:    Case File


PAT WILLIAMS
DISTRICT DIRECTOR
MERRILL LYNCH
5300 STEVENS CREEK BLVD.
SAN JOSE, CA  95129

DFEH-200-43 (06/06)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICE AGENCY                    ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2570 N. First Street, Suite 480, San Jose, CA 95131
(408) 325-0344  TTY (800) 700-2320  Fax (408) 325-0339
www.dfeh.ca.gov

May 9, 2007

STEVEN M. FINK
ATTORNEY
MESIROW & FINK
10 ALMADEN BLVD., SUITE 400
SAN JOSE, CA 95113

RE:  E200607G1096-01-rc
     GRINGERI/WILLIAMS, PAT, AS AN INDIVIDUAL

Dear STEVEN M. FINK:

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the
Department of Fair Employment and Housing on 5/7/2007 pursuant to the
California Fair Employment and Housing Act, Government Code section 12900 et
seq.  Also enclosed is a copy of your client's Notice of Case Closure, which
constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for
service of the complaint on respondent(s). You should also enclose a copy of the
Notice of Case Closure along with the complaint.  These documents must be
served within **60 days** of the filing date of the complaint.  Government Code
section 12962(b) further provides that complaints must be served either personally
or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that
explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

Marlene Massetti

Marlene Massetti
District Administrator

Enclosure:   Complaint of Discrimination
             Notice of Case Closure

\*\*\*EMPLOYMENT\*\*\*

DFEH # E200607-G-1096-00-rc

DFEH USE ONLY

# COMPLAINT OF DISCRIMINATION UNDER
# THE PROVISIONS OF THE CALIFORNIA
# FAIR EMPLOYMENT AND HOUSING ACT

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (Indicate Mr. or Ms.)
Mr. Mark Gringeri

TELEPHONE NUMBER (INCLUDE AREA CODE)
(408) 288-8100

ADDRESS
c/o MESIROW & FINK, 10 Almaden Boulevard, Suite 400

CITY/STATE/ZIP
San Jose, California 95113

COUNTY
Santa Clara

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME PAT WILLIAMS

TELEPHONE NUMBER (INCLUDE AREA CODE)
(408) 554-8800

ADDRESS c/o MERRILL LYNCH, 5300 STEVENS CREEK BOULEVARD

/DFEH USE ONLY

CITY/STATE/ZIP     SAN JOSE, CA 95129

COUNTY
SANTA CLARA

/COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
N/A

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)
8/22/06

/RESPONDENT CODE

THE PARTICULARS ARE:
On circa, 8/22/06, I was

X fired
___ laid off.
___ demoted
___ harassed
___ genetic characteristics testing
___ forced to quit

___ denied employment
___ denied promotion
___ denied transfer
___ denied accommodation
___ impermissible non-job related inquiry
___ other (specify)_____

___ denied family or medical leave
___ denied pregnancy leave
___ denied equal pay
___ denied right to wear pants
___ denied pregnancy accommodation

by PAT WILLIAMS, DISTRICT DIRECTOR
Name of Person

Job Title (supervisor/manager/personnel director/etc.)

because of my:
___ sex
___ age
___ religion
___ race/color
___ national origin/ancestry
___ marital status
___ sexual orientation
___ association
___ physical disability
___ mental disability
___ other_____
___ cancer
___ genetic characteristic

(Circle one) filing:
protesting
participating in investigation
(retaliation for)

the reason given by PAT WILLIAMS, DISTRICT DIRECTOR
Name of Person and Job Title

Was because of
[please state what you believe to be the reason(s)] ALLEGATIONS OF DISHONESTY

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   May 3, 2007

At   San Jose, CA
City

COMPLAINANT SIGNATURE

RECE

MAY 1 - 7 200

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:
MAY - 7 2007

DEPT. OF FAIR EMPLOYMENT
HOUSING SAN JOSE

STATE OF CALIFORNIA

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2570 N. First Street, Suite 480, San Jose, CA 95131
(408) 325-0344 TTY (800) 700-2320 Fax (408) 325-0339
www.dfeh.ca.gov



May 9, 2007


STEVEN M. FINK
ATTORNEY
MESIROW & FINK
10 ALMADEN BLVD., SUITE 400
SAN JOSE, CA 95113

RE:    E200607G1O96-01-rc
       <u>GRINGERI/WILLIAMS, PAT, AS AN INDIVIDUAL</u>

Dear STEVEN M. FINK:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
May 7, 2007 because an immediate right-to-sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint. The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Marlene Massetti*

Marlene Massetti
District Administrator


cc:    Case File

PAT WILLIAMS
AS AN INDIVIDUAL
MERRILL LYNCH
5300 STEVENS CREEK BLVD.
SAN JOSE, CA  95129

DFEH-200-43 (06/06)

1  Department of Fair Employment & Housing
   Case Name:  *Mark Gringeri v. Merrill Lynch, et al.*
2  DFEH Case No. E-200607G1096-00-rc
   DFEH Case No. E-200607G1096-01 rc
3

4                    <u>PROOF OF SERVICE</u>

5        I am a citizen of the United States and a resident of Santa Clara County; I am over the age of
   eighteen years and not a party to the within action. My business address is 10 Almaden Blvd., Suite 400,
6  San Jose, California 95113-2237. On May 18, 2007, I served the following documents:

7  **COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE**
   **CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT AND NOTICE**
8  **OF CASE CLOSURE-PAT WILLIAMS, INDIVIDUALLY**

9  **COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE**
   **CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT AND NOTICE**
10 **OF CASE CLOSURE-PAT WILLIAMS, DISTRICT DIRECTOR, MERRILL**
   **LYNCH**

11

12 X  **BY CERTIFIED/RETURN-RECEIPT U.S. MAIL** on the following party(ies) in said action, in accordance with
      Code of Civil Procedure §1013(a) by placing a true copy thereof in a sealed envelope with postage fully prepaid, in a
13    designated area for outgoing mail at the place of business of MESIROW & FINK which mail is deposited that same day
      in a United States mailbox in the City of San Jose, State of California.

14    **BY OVERNIGHT DELIVERY** on the following party(ies) in said action, in accordance with Code of Civil Procedure
15    §1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, in a
      designated area for outgoing overnight mail, addressed as set forth below. In the ordinary course of business at
16    MESIROW & FINK mail placed in that designated area is picked up that same day for delivery the following business
      day.

17    **BY FACSIMILE TRANSMISSION**, in accordance with Code of Civil Procedure §1013(e), to the following party(ies)
18    at the facsimile number(s) indicated.

19    Ms. Pat Williams, District Director
      Merrill Lynch
20    50 W. San Fernando, 16th Floor
      San Jose, CA 95113

21       I declare under penalty of perjury that the foregoing is true and correct, and that this declaration
22 was executed in San Jose, California, on May 18, 2007.

23

24                          *Sally M Wagner*
                          Sally M. Wagner
25

26

Mesirow 27
   &
Fink   28

P:\GRINGERI\PLEADINGS\DFEH.POS 3.wpd

MESIROW & FINK

ATTORNEYS
10 ALMADEN BOULEVARD, SUITE 400
SAN JOSE, CALIFORNIA 95113-2237

PARTNERS
CHARLES M. MESIROW,
cmesirow@sjlawyers.com
STEVEN M. FINK
smf@sjlawyers.com

TELEPHONE
(408) 288-8100
FACSIMILE
(408) 288-9409
www.sjlawyers.com

May 17, 2007

**VIA CERTIFIED MAIL**
California Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, California 95814

  RE: Employee:  MARK GRINGERI
     Employer:  MERRILL LYNCH

Ladies and Gentlemen:

  This letter is written to and under the auspices of Labor Code §2699.3(a)(1) ("(a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: [¶] (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.").

## MR. GRINGERI'S EMPLOYMENT

  MARK GRINGERI ("Mr. GRINGERI") is and was a duly registered and licensed securities broker under the applicable federal and California securities laws and was employed in that capacity by MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED ("MERRILL LYNCH") from May of 1983 to August of 2006. During this tenure of employment, Mr. GRINGERI was well qualified for his job duties and performed them in an exemplary manner.

## PRIOR & PENDING MERRILL LYNCH LITIGATION

  In, at least, the last 5 years, MERRILL LYNCH and its related entities have been the defendant(s) in, *inter alia*: (a) governmental securities litigation brought by the Attorney General of the State of New York and by the Securities and Exchange Commission of the United States of America ("SEC") ("Governmental Securities' Fraud Litigation"); (b) one or more class actions by African-American employees or former employees of MERRILL LYNCH ("Racial

# EXHIBIT B

71

California Labor & Workforce Development Agency
May 17, 2007
Page 2

Discrimination Litigation"); and (c) one or more class actions by female employees or former female employees of MERRILL LYNCH ("Gender Discrimination Litigation") (collectively, "Prior Merrill Lynch Litigation"). Each of the cases comprising the Prior Merrill Lynch Litigation was and is of public interest and was the subject of nationwide media coverage.

## MANDATORY COOPERATION POLICY

As set forth in *Merrill Lynch's Guidelines for Business Conduct*, §7 thereof, in calendar year 2006, MERRILL LYNCH mandated that each of its employees was required to cooperate with all internal MERRILL LYNCH investigations or risk being fired: "All employees must also cooperate with such authorities, as well as with internal Merrill Lynch investigations. Failure to cooperate with such investigations or examinations will result in disciplinary action, including termination of employment." (Emphasis added.). The *Guidelines for Business Conduct* were and are published on the world-wide internet at http://www.ml.com/index.asp?id=7695_8134_8305_6084.

## PROMISES OF NO RETALIATION

As set forth in the *Guidelines for Business Conduct*, §5 thereof, employees of MERRILL LYNCH were required to report all forms of workplace harassment, discrimination, and retaliation with an attendant promise that the employees would not suffer any retaliation thereby: "Employees who experience or observe work-related discrimination, harassment, retaliation, or similar problems have an obligation to report such matters to their manager, a representative of Leadership & Talent Management, the Employee Service Center, or the Office of General Counsel. They may also call or write to the Ethics Hotline. The law and Merrill Lynch policy prohibit any retaliation against employees who, in good faith, report incidents of misconduct." (Emphasis added.). In communicating with his manager, as more particularly described hereinbelow, Mr. GRINGERI relied upon this promise. Upon information and belief, this policy was in effect throughout all of calendar year 2006.

As set forth in *Merrill Lynch's Code of Ethics for Financial Professionals*, MERRILL LYNCH prohibited any retaliation against an employee for cooperating with a company investigation ("Merrill Lynch policy prohibits retaliation against an employee who reports a violation of this Code of Ethics in good faith. As provided by law, Merrill Lynch is not permitted to fire, demote, suspend, harass or discriminate against an employee in retaliation for such employee providing information to, or otherwise assisting or participating in, any investigation or proceeding by a regulatory or law enforcement agency, any member of the U.S. Congress or a Congressional committee, or by the Company, relating to what the employee reasonably believes is a violation of the securities laws, an act of fraud or a violation of any wage or

72

California Labor & Workforce Development Agency
May 17, 2007
Page 3

discrimination laws. No Merrill Lynch director, officer, employee or representative is permitted to take any such retaliatory action."). In communicating with MERRILL LYNCH's Human Resources Department ("Human Resources") and his manager, as set forth below, Mr. GRINGERI relied upon this promise. *Merrill Lynch's Code of Ethics for Financial Professionals* is and was published on the world-wide internet at http://www.ml.com/index.asp?id=7695_8134_8305_6090. Upon information and belief, this policy was in effect throughout all of calendar year 2006.

## THREATENING BEHAVIOR

Mr. GRINGERI began working for MERRILL LYNCH as a stockbroker in January of 1983, the last 20 years of which were at its Cupertino location ("Cupertino Office"). In his 20 years at the Cupertino Office, MERRILL LYNCH had no less than fourteen different office managers, culminating in the appointment of MARK BARNAO ("Mr. BARNAO") as Office Manager. Mr. BARNAO, who was a rather large man, operated through fear and intimidation, including but not limited to: (a) loud, angry, explosive and threatening verbal outbursts; (b) throwing objects at various employees; and (c) boasting of his self-perceived ability to physically best anyone in the Cupertino Office, save perhaps one other employee. One of his victims was Mr. GRINGERI's assistant, GAIL MILLER, at whom Mr. BARNAO would shout.

## PROTECTED ACTIVITY UNDER FEHA

In August of 2006, Mr. GRINGERI protested and complained to PAT WILLIAMS ("Ms. WILLIAMS), the District Manager for MERRILL LYNCH, that Mr. BARNAO was repeatedly mistreating GAIL MILLER in a manner that was threatening and/or harassing. Mr. GRINGERI believed in good faith that Mr. BARNAO's conduct may have been a violation or violations of GAIL MILLER's rights under state and/or federal civil rights laws, although he was not personally aware of the specific statutes and cases governing and defining those areas of law. Upon information and belief, Mr. GRINGERI's complaints to Ms. WILLIAMS and MERRILL LYNCH constituted protected activity within the meaning of Government Code §12940(h).

## AUGUST 3RD MEETING

On or about August 3, 2006, Ms. WILLIAMS called a meeting of MERRILL LYNCH employees, and Mr. BARNAO informed the attending employees that although he would no longer be the office manager, he would remain an employee at the Cupertino Office. Several employees of MERRILL LYNCH complained to and confided in Mr. GRINGERI that they did not want Mr. BARNAO to remain at the Cupertino Office in any capacity because of his violent

California Labor & Workforce Development Agency
May 17, 2007
Page 4

and quixotic temper tantrums and perceived threatening behavior.

## AUGUST 4TH GENERAL MEETING

Thereafter on or about August 4, 2006, Ms. WILLIAMS called another meeting of the MERRILL LYNCH employees about Mr. BARNAO while Mr. BARNAO was out of town. She conducted a question-and-answer session. At that meeting, Mr. GRINGERI commented upon the misbehavior of Mr. BARNAO, stating that Mr. BARNAO was one of the angriest people he had ever met and that he, Mr. GRINGERI, felt threatened by Mr. BARNAO.

## AUGUST 4TH PRIVATE MEETING

That same day, August 4, 2006, Mr. GRINGERI had a private meeting with Ms. WILLIAMS. Mr. GRINGERI told Ms. WILLIAMS that he felt personally threatened by Mr. BARNAO's explosive temper and that she also could be in physical danger from Mr. BARNAO.

## AUGUST 7TH POLL & FOLLOW-UP MEETING

Thereafter, on or about the week of August 7, 2006, MARTIN ANDERSON ("Mr. ANDERSON"), the Assistant Director for MERRILL LYNCH, polled the employees of MERRILL LYNCH's Cupertino Office about the qualities that they wanted in a new manager. Several days later, Mr. ANDERSON called a meeting with all the employees to announce the findings. Mr. ANDERSON told the attendees that some of the employees surveyed had characterized the Cupertino Office as a "toxic work environment," "hostile place to work," and a "tough place to do business," or words of a similar nature.

## AUGUST 21ST COMPLAINT TO HUMAN RESOURCES

On August 21, 2006, several employees came to Mr. GRINGERI's office and complained bitterly about the decision to keep Mr. BARNAO at the Cupertino Office. In response thereto, Mr. GRINGERI telephoned the Human Resources Department of MERRILL LYNCH in New Jersey and spoke to Ms. KIM LOBERGER ("Ms. LOBERGER") about the problems caused by Mr. BARNAO's presence and behavior. Ms. LOBERGER recommended that Mr. GRINGERI not file a complaint with Human Resources, and said she would open a file and investigate. Neither Ms. LOBERGER nor anyone else from Human Resources or MERRILL LYNCH ever contacted Mr. GRINGERI thereafter about the perceived problems with Mr. BARNAO. Upon information and belief, Mr. GRINGERI's complaint to Ms. LOBERGER constituted a complaint about "safety" or "health" within the meaning of Labor Code §6306(a) and was, therefore, protected activity within the meaning of Labor Code

California Labor & Workforce Development Agency
May 17, 2007
Page 5


6310(a)(1).

## AUGUST 22ND TELEPHONE INTERVIEW

Thereafter on August 21, 2006, Ms. SHARON LONTOC ("Ms. LONTOC"), of MERRILL LYNCH's HR Department in New Jersey, left a telephone message for Mr. GRINGERI in the afternoon.

On August 22, 2006, Mr. GRINGERI returned Ms. LONTOC's call. Ms. LONTOC vaguely informed Mr. GRINGERI about allegations against him for inappropriate language referring to race and gender, and his being unduly concerned about where the children of other employees were going to college.

In the course of the August 22, 2006, telephone conversation, Ms. LONTOC asked Mr. GRINGERI certain questions and made certain statements to Mr. GRINGERI, which included some of the following, and he responded thereto:

a. Ms. LONTOC asked, *"What do you think of the women's lawsuit,"* or words of a similar tenor. Mr. GRINGERI assumed that she was asking about one or more suits against MERRILL LYNCH for gender discrimination, the Gender Discrimination Litigation, which by then had gained national media attention, and he responded, *"The five-year old one? I have no opinion,"* or words of a similar tenor. Although Mr. GRINGERI was nonplused at the question and its relevance to him, it appeared to him, and he concluded that, the question or questions about the Gender Discrimination Litigation were part of an investigation of such claims by MERRILL LYNCH to which Mr. GRINGERI was required to respond.

b. Ms. LONTOC asked, *"What do you think of the class action regarding African-Americans?"* Mr. GRINGERI assumed that Ms. LONTOC was referring to the Racial Discrimination Litigation and responded, *"This reflects corporate realities and what I know has been sent to me through email and in the news,"* or words of a similar tenor. Again, although Mr. GRINGERI was nonplused at the question and its relevance to him, it appeared to him, and he concluded that, the question or questions about the Racial Discrimination Litigation were part of an investigation of such claims by MERRILL LYNCH to which Mr. GRINGERI was required to respond.

c. Ms. LONTOC asked, *"Did you discuss with anyone in the office the possibility of having an African-American as a manager?"* Mr. GRINGERI responded, *"I discussed this with several parties in two or more conversations,"* or words of a similar tenor.

California Labor & Workforce Development Agency
May 17, 2007
Page 6

     d. Ms. LONTOC asked, *"Would you have a problem if you had an African-American manager?"*. Mr. GRINGERI responded, *"None at all,"* or words of a similar tenor.

     e. Ms. LONTOC asked, *"Are there cliques in the office?"* Mr. GRINGERI responded: *"Not in my opinion,"* or words of a similar tenor.

     f. Ms. LONTOC asked, *"Is this a toxic work environment?"* or words of a similar tenor. Mr. GRINGERI responded, *"I have been here for 23 years and I don't think so,"* or words of a similar tenor.

     g. Ms. LONTOC asked *"Is this a hostile work place?"* or words of a similar tenor, and Mr. GRINGERI responded, *"Sometimes, depending on the manager,"* or words of a similar tenor.

     h. Ms. LONTOC asked *"Do you talk about personal backgrounds of employees in the office?"* or words of a similar tenor. Mr. GRINGERI responded *"Can you give me an example?"* or words of a similar tenor. Mr. GRINGERI was confused by the question as being overly broad.

     i. Ms. LONTOC stated, *"It's been stated that you are overly concerned about where other employees' children are going to college,"* or words of a similar tenor. Mr. GRINGERI responded, *"I don't feel that way and I really don't know what this question is about,"* or words of a similar tenor.

     j. Ms. LONTOC accused Mr. GRINGERI of using the backgrounds of employees against them, but she would not supply any details so that Mr. GRINGERI could respond intelligently.

     When Mr. GRINGERI questioned Ms. LONTOC about the background and context of the questions, she was either vague or evasive or non-responsive in her replies.

## AUGUST 22ND DISCHARGE

     On August 22, 2006, Ms. WILLIAMS came into Mr. GRINGERI's office and told Mr. GRINGERI that his employment was terminated because: (a) it had been determined that Mr. GRINGERI did not answer the questions honestly; and (b) Mr. GRINGERI had violated MERRILL LYNCH's "respect for the individual principle," or words of a similar tenor. Upon information and belief, the reasons given for the termination of Mr. GRINGERI's employment were false and pretextual.

California Labor & Workforce Development Agency
May 17, 2007
Page 7

## 1ST VIOLATION CHARGED
[Unlawful Discrimination In Violation Of Labor Code §§
98.6(a), 98.6(b), & 1102]

Upon information and belief, by accusing Mr. GRINGERI of not honestly answering the questions posed by Ms. LONTOC in the August 21st Interview and by discharging Mr. GRINGERI from his employment, (a) MERRILL LYNCH coerced and influenced, or attempted to coerce and influence, Mr. GRINGERI by threat of discharge or loss of employment to adopt or follow MERRILL LYNCH's views on the propriety of the Racial Discrimination Litigation and/or Gender Discrimination Litigation; and/or (b) MERRILL LYNCH coerced and influenced, or attempted to coerce and influence, Mr. GRINGERI by threat of discharge or loss of employment to adopt or follow MERRILL LYNCH's views on the broader issues of racial and gender discrimination and the remedies therefor; and (c) MERRILL LYNCH coerced and influenced, or attempted to coerce and influence, Mr. GRINGERI by threat of discharge or loss of employment to refrain from adopting or following his own views on the propriety of the Racial Discrimination Litigation and/or the Gender Discrimination Litigation and/or the broader issues of racial and gender discrimination in society and the remedies therefor.

Upon information and belief, by reason of the foregoing, MERRILL LYNCH violated the provisions of Labor Code §1102 ("No employer shall coerce or influence or attempt to coerce or influence his employees through or by means of threat of discharge or loss of employment to adopt or follow or refrain from adopting or following any particular course or line of political action or political activity.").

Upon information and belief, and by reason of the foregoing, MERRILL LYNCH has violated the provisions of Labor Code §98.6(a) ("No person shall discharge an employee or in any manner discriminate against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2 . . .").

Upon information and belief, pursuant to Labor Code §98(b), as a direct and proximate result of the said discriminatory behavior of MERRILL LYNCH, Mr. GRINGERI is entitled to reinstatement of his employment and reimbursement of his lost wages and benefits.

California Labor & Workforce Development Agency
May 17, 2007
Page 8

<u>2ND VIOLATION CHARGED</u>
[Unlawful Discrimination In Violation Of Labor Code §§
98.6(a), 98.6(b), & 1101(b)]

## MANDATORY COOPERATION RULE

As set forth in MERRILL LYNCH's Mandatory Cooperation Rule, the *Guidelines for Business Conduct*, §7 thereof, in calendar year 2006, MERRILL LYNCH mandated that each of its employees was required to cooperate with all internal MERRILL LYNCH investigations or risk being fired: "All employees must also cooperate with such authorities, as well as with internal Merrill Lynch investigations. Failure to cooperate with such investigations or examinations will result in disciplinary action, including termination of employment." (Emphasis added.).

## COERCED COOPERATION

Mr. GRINGERI cooperated with the August 21st Interview conducted by Ms. LONTOC because he knew that not doing so under the Mandatory Cooperation Rule could very likely lead to his discharge or some other adverse employment action.

## COURSE OR LINE OF POLITICAL ACTION OR ACTIVITY

Ms. LONTOC questioned Mr. GRINGERI about his opinions of the Racial Discrimination Litigation and the Gender Discrimination Litigation, thus inquiring into Mr. GRINGERI's political, social and/or moral philosophy regarding the propriety or wisdom of the specific litigation and his general views on racial and gender discrimination. Racial and gender discrimination and the remedies which should be provided therefor were and continue to be the subject of political debate on the national, regional, and local levels of government and politics.

Upon information and belief, by forcing Mr. GRINGERI to render his opinions on the Racial Discrimination Litigation and the Gender Discrimination Litigation, as aforesaid, and then by discharging Mr. GRINGERI for rendering his opinions, MERRILL LYNCH used the Mandatory Cooperation Rule to control or direct, or attempt to control or direct, the "political activities or affiliations" of Mr. GRINGERI as the term is used and interpreted in the provisions of Labor Code §1101 (b) ("No employer shall make, adopt, or enforce any rule, regulation, or policy: [¶] (b) Controlling or directing, or tending to control or direct the political activities or affiliations of employees.").

California Labor & Workforce Development Agency
May 17, 2007
Page 9

Upon information and belief, and by reason of the foregoing, MERRILL LYNCH has violated the provisions of Labor Code §98.6(a) ("No person shall discharge an employee or in any manner discriminate against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2 . . .").

## LEGAL ANALYSIS OF LABOR CODE §§ 1101(B) & 1102

Labor Code §§ 1101(b) and 1102 are most often construed *in pari materia* since they both deal with the concepts of "political action or activity." [*Gay Law Students Assn. v. Pacific Tel. & Tel. Co.* (1979) 24 Cal. 3d 458, 486 ("Over 60 years ago the California Legislature, recognizing that employers could misuse their economic power to interfere with the political activities of their employees, enacted Labor Code sections 1101 and 1102 to protect the employees' rights.") (Citations omitted.)].

"Political actions and/or activity" necessarily encompasses and is engendered by viewpoints and political philosophies [*Id.*, at 487 ("The term 'political activity' connotes the espousal of a candidate or a cause, and some degree of action to promote the acceptance thereof by other persons. . . .The Supreme Court has recognized the political character of activities such as participation in litigation, the wearing of symbolic armbands and the association with others for the advancement of beliefs and ideas." (Most internal quotation marks omitted; and citations omitted.); 69 Ops. Cal. Atty. Gen. 80, 1986 WL 193409 at *5 (1986) ("Since the Legislature has banned discrimination against employees on the basis of their political views, activities and affiliations, and since the Supreme Court has defined self-identification of homosexual orientation as protected political action, the Supreme Court would also rule that a policy of discrimination against employees on the basis of beliefs as to their homosexual orientation is also prohibited by that legislation.")].

## 3ᴿᴰ VIOLATION CHARGED
### [Unlawful Discrimination In Violation Of Labor Code §§ 98.6(a), 98.6(b), & 232.5]

As set forth above, Mr. GRINGERI disclosed and discussed working conditions with fellow employees, management, and Human Resources for which he was punished with great alacrity by being fired.

Upon information and belief, the said conduct violates the provisions of Labor Code §232.5 (a) and (c) ("No employer may do any of the following: [¶] (a) Require, as a condition

California Labor & Workforce Development Agency
May 17, 2007
Page 10

of employment, that an employee refrain from disclosing information about the employer's working conditions. . . .[¶] (c) Discharge, formally discipline, or otherwise discriminate against an employee who discloses information about the employer's working conditions.")

## LEGAL ANALYSIS

The language of the statute refers to "disclosing" information with no stated limitation on to whom the information can be disclosed. Disclosing such information within the company should be afforded protection under the statute, just as it is under the similarly worded provisions of Labor Code §232 ("No employer may do any of the following: [¶] (a) Require, as a condition of employment, that an employee refrain from disclosing the amount of his or her wages. . . .[¶](c) Discharge, formally discipline, or otherwise discriminate against an employee who discloses the amount of his or her wages.") [*Grant-Burton v. Covenant Care, Inc.* (2002) 99 Cal.App.4th 1361, 1376 ("Based on the foregoing analysis, Grant-Burton has made a prima facie showing of a valid public policy claim. The evidence would support a finding that she was discharged for ... exercising ... a statutory ... right, namely, the right to discuss wages with her coworkers.") (Emphasis added; internal quotation marks and citation omitted.) *see* Legis, Counsel's Dig., Assem. Bill No. 2895 (2002 Portion of 2001-2002 Reg. Sess.) 2002 Cal. Legis. Serv. Ch. 934 (A.B. 2895) (WEST) ("Existing law provides that an employer may not require that an employee refrain from disclosing the amount of his or her wages, require an employee to sign a waiver denying him or her the right to disclose the amount of his or her wages, or discharge, formally discipline, or otherwise discriminate against an employee, for job advancement, who discloses the amount of his or her wages. [¶] This bill would eliminate the requirement that the discharge, formal discipline, or discrimination must be for job advancement. [¶] This bill would also provide for identical protections relating to disclosure of information about the employer's working conditions.") (Emphasis added.)].

## REQUESTED ACTION

Pursuant to Labor Code §2699.3(A)(2) ("The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."), notice of your intention to act or not is respectfully requested.

California Labor & Workforce Development Agency
May 17, 2007
Page 11

Very truly yours,

MESIROW & FINK

STEVEN M. FINK

SMF:snow

cc:    Client

Patricia G. Williams (via Certified Mail)
District Director
Merrill Lynch
50 W. San Fernando, Floor 16
San Jose, CA 95113

Michele C. Meyer-Shipp (via Certified Mail)
Vice President Counsel
Merrill Lynch
1600 Merrill Lynch Drive, First Floor
Pennington, New Jersey  08534

[Gringeri\Correspondence\CA Labor & Workforce Development Agency Letter 3]



# C A L I F O R N I A
# Labor & Workforce Development Agency

Governor
Arnold
Schwarzenegger

Secretary
Victoria E. Bradshaw

Agricultural
Labor
Relations
Board

California
Unemployment
Insurance
Appeals
Board

California
Workforce
Investment
Board

Department of
Industrial
Relations

Economic
Strategy
Panel

Employment
Development
Department

Employment
Training
Panel

June 07, 2007

Mesirow & Fink
10 Almaden Boulevard, Suite 400
San Jose, CA 95113

RE: Employer:    Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill
                 Lynch, Nathan Crair, and Deb Droz
RE: Employee(s): Mark Gringeri
RE: LWDA No:    2276

Dear Representative of the Employee:

The California Labor and Workforce Development Agency (LWDA) is in
receipt of your letter postmarked May 17, 2007, regarding alleged Labor
Code violation(s).

The LWDA has forwarded a copy of your letter, along with any
enclosures, to the Department of Industrial Relations, Division of Labor
Standards Enforcement, for its review and advice regarding whether or
not to investigate the alleged violations.

If you require additional information, please feel free to contact
Amalya Martinez at 916-327-9064.

Sincerely,

Doug Hoffner
Undersecretary

# EXHIBIT C



# CALIFORNIA
# Labor & Workforce Development Agency

June 22, 2007

Steven M. Fink
Mesirow & Fink
10 Almaden Boulevard, Suite 400
San Jose, Ca. 95113-2237

Michele C. Meyer-Shipp
Vice President Cousel
Merrill Lynch
1600 Merrill Lynch Drive, 1st Floor
Pennington, New Jersey 08534

Re:    LWDA No: 2276
       Employer:   Merrill Lynch
       Employee:   Mark Gringeri

Dear Employer and Representative of the Employee:

This is to inform you that the Labor and Workforce Development Agency (LWDA) received your notice of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked May 17, 2007 and after review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "...civil penalties recovered by aggrieved employees shall be distributed as follows:  75 percent to the LWDA for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code".  Labor Code Section 2699(l) specifies "[T]he superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part".

Consequently you must advise us of the results of the litigation, and forward a copy of the court judgment or the court-approved settlement agreement.

Sincerely,

Doug Hoffner
Undersecretary

Governor
Arnold
Schwarzenegger

Secretary
Victoria L. Bradshaw

Agricultural
Labor
Relations
Board

California
Unemployment
Insurance
Appeals
Board

California
Workforce
Investment
Board

Department of
Industrial
Relations

Economic
Strategy
Panel

Employment
Development
Department

Employment
Training
Panel

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

STEVEN M. FINK    47789
Mesirow & Fink
10 Almaden Boulevard, Suite 400
San Jose, CA 95113-2237
TELEPHONE NO.: (408) 288-8100    FAX NO.: (408) 288-9409
ATTORNEY FOR (Name): Plaintiff, MARK L. GRINGERI

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME:   GRINGERI v. MERRILL LYNCH

**ENDORSED**
2007 JUL 20 PM 2: 11
KIRI TORRE, CEO
SUPERIOR COURT OF CA
CO. OF SANTA CLARA
BY _____
B. CHOPOFF DEPUTY

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | | **107CV090322** |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT.: | |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):*   10
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 18, 2007

Steven M. Fink
(TYPE OR PRINT NAME)      ▶      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Ex. C

GRINGERI

84

# CIVIL LAWSUIT NOTICE

ATTACHMENT A

Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

CASE NUMBER:

**107CV090322**

### READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANTS* (the person(s) being sued):  **You must do each of the following to protect your rights:**

1.  You must file a **written response** to the Complaint, in the clerk's office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;

2.  You must send  a copy of your written response to the plaintiff; and

3.  You must attend the first Case Management Conference.

**Warning:  If you do not do these three things, you may automatically lose this case.**

---

*RULES AND FORMS*:  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 49 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC)*:  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.  You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

---

**Your Case Management Judge is:**   Kevin J Murphy                                   DEPT: 22

*The first CMC is scheduled as follows:* (Completed by Clerk of Court)
          Date: ___NOV 2 7 2007___   Time: _3:00 PM_  Dept.: _22_

*The next CMC is scheduled as follows:*  (Completed by party if the first CMC was continued or has passed)
          Date: _____   Time: _____  Dept.: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR)*:  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING*: Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

---

CV-5003 REV 5/06

1  TERRY E. SANCHEZ (State Bar No. 101318)
   KATHERINE M. FORSTER (State Bar No. 217609)
2  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
3  Thirty-Fifth Floor
   Los Angeles, CA 90071-1560
4  Telephone:    (213) 683-9100
   Facsimile:    (213) 687-3702
5
   Attorneys for Defendant
6  MERRILL LYNCH, PIERCE, FENNER & SMITH
   INCORPORATED

7

**ENDORSED**

2007 AUG -9 P 3:38

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

**FILED BY FAX**

10

11  MARK L. GRINGERI,                    CASE NO. 107CV090322

12              Plaintiff,               STIPULATION TO EXTEND TIME TO
                                         ANSWER [CRC § 3.110 (d)]
13      vs.

14  MERRILL LYNCH, PIERCE, FENNER
    & SMITH INCORPORATED, PAT
15  WILLIAMS, and DOES 1 through 25,
    inclusive,
16
                Defendants.
17

18      WHEREAS, Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill

19  Lynch") was served with Plaintiff Mark Gringeri's Complaint on July 25, 2007;

20      WHEREAS pursuant to California Rules of Court § 3.110(d), Defendant has until August

21  24, 2007, to answer or otherwise respond to the Complaint;

22      WHEREAS, pursuant to California Rules of Court § 3.110(d), counsel for Plaintiff Mark

23  Gringeri and Defendant Merrill Lynch have agreed to extend the time within which Defendant

24  must answer or otherwise respond to the Complaint by 15 days;

25      WHEREAS the date of the 15 day extension lands on Saturday September 8, 2007, the

26  time to answer or otherwise respond to the Complaint is further extended to September 10, 2007,

27  pursuant to California Code of Civil Procedure § 12a,

28

3442671.1

STIPULATION TO EXTEND TIME TO ANSWER

**Ex. D**

88

1    NOW, THEREFORE, Plaintiff and Defendant, through their respective counsel, hereby

2    stipulate as follows:

3         Pursuant to California Rules of Court Rules of Court § 3.110(d), Defendant in the

4    above-entitled matter shall have until September 10, 2007 to answer or otherwise respond to the

5    Complaint.

6    DATED: August 9, 2007

7                              MUNGER, TOLLES & OLSON LLP
                              TERRY E. SANCHEZ
                              KATHERINE M. FORSTER

8

9

10   By: _____
                              KATHERINE M. FORSTER

11

12   Attorneys for Defendant
     MERRILL LYNCH, PIERCE, FENNER &
     SMITH INCORPORATED

13

14   DATED: August 9, 2007

                              MESIROW & FINK
15                            STEVEN M. FINK

16

17   By: _____
                              STEVEN M. FINK

18

19   Attorneys for Plaintiff
     MARK GRINGERI

20

21

22

23

24

25

26

27

28

3442671.1                                    - 2 -

STIPULATION TO EXTEND TIME TO ANSWER

1  TERRY E. SANCHEZ (State Bar No. 101318)
   KATHERINE M. FORSTER (State Bar No. 217609)
2  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
3  Thirty-Fifth Floor
   Los Angeles, CA  90071-1560
4  Telephone:    (213) 683-9100
   Facsimile:     (213) 687-3702
5
   Attorneys for Defendants
6  MERRILL LYNCH, PIERCE, FENNER & SMITH
   INCORPORATED and PATRICIA WILLIAMS
7

ENDORSED  Santa Clara
09/10/07   3:48pm
Kiri Torre
Chief Executive Offic
By: bettyc DTSCIV0101
R#200700089556
CK              $320.00
TL              $320.00
Case: 1-07-CV-090322

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SANTA CLARA        **FILED BY FAX**

10

11  MARK L. GRINGERI,                    CASE NO. 107CV090322

12              Plaintiff,               DEFENDANTS' ANSWER TO PLAINTIFF'S
                                         VERIFIED COMPLAINT
13       vs.

14  MERRILL LYNCH, PIERCE, FENNER
    & SMITH INCORPORATED, PAT
15  WILLIAMS, and DOES 1 through 25,
    inclusive,
16
                Defendants.
17

18       Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") and

19  Patricia Williams, as and for their Answer to the Verified Complaint ("Complaint") of Plaintiff

20  Mark Gringeri ("Plaintiff"), hereby responds as follows:

21              1.      Deny the allegations of paragraph 1, except admit that Plaintiff was a

22  registered and license securities broker and was employed by Merrill Lynch as a Financial

23  Advisor or equivalent position from in or around January 1983 to August 2006.

24              2.      Deny the allegations of paragraph 2, except admit that Merrill Lynch is and

25  was at all relevant times a Delaware corporation registered to do business with the Secretary

26  of State of the State of California.  Further responding, Defendants state that Merrill Lynch

27  is and was at all relevant times a financial services firm with thousands of employees

28  worldwide.

3500920.1

ANSWER TO COMPLAINT

Ex. E

90

1          3.      With respect to the allegations of paragraph 3, state that to the extent such

2    allegations consist of statements and/or conclusions of law, no responsive pleading is

3    required.  To the extent a response is deemed required, however, and further responding,

4    Defendants admit that Patricia Williams was the Director and one of Plaintiff's supervisors

5    at the time of his discharge and materially participated in the decision to terminate Plaintiff's

6    employment with Merrill Lynch.

7          4.      With respect to the allegations of paragraph 4, state that such allegations

8    consist of statements and/or conclusions of law to which no responsive pleading is required.

9    To the extent a response is deemed required, however, these allegations are denied.

10         5.      With respect to the allegations of paragraph 5, state that such allegations

11   consist of statements and/or conclusions of law to which no responsive pleading is required.

12   Furthermore, the allegations, which purport to define terms used elsewhere in the Complaint,

13   are vague and ambiguous.  Accordingly, to the extent a response is deemed required, these

14   allegations are denied.

15         6.      With respect to the allegations of paragraph 6, state that such allegations

16   consist of statements and/or conclusions of law to which no responsive pleading is required.

17   Furthermore, the allegations, which purport to define terms used elsewhere in the Complaint,

18   are vague and ambiguous.  Accordingly, to the extent a response is deemed required, these

19   allegations are denied.

20         7.      With respect to the allegations of paragraph 7, state that such allegations

21   consist of statements and/or conclusions of law to which no responsive pleading is required.

22   Furthermore, the allegations, which purport to define terms used elsewhere in the Complaint,

23   are vague and ambiguous.  Accordingly, to the extent a response is deemed required, these

24   allegations are denied.

25         8.      With respect to the allegations of paragraph 8, state that such allegations

26   consist of statements and/or conclusions of law to which no responsive pleading is required.

27   Furthermore, the allegations, which purport to define terms used elsewhere in the Complaint,

28   are vague and ambiguous.  Accordingly, to the extent a response is deemed required, these

3500920.1                          - 2 -

DEFENDANTS' ANSWER

91

1    allegations are denied.

2         9.    With respect to the allegations of paragraph 9, state that such allegations

3    consist of statements and/or conclusions of law to which no responsive pleading is required.

4    Furthermore, the allegations, which purport to define terms used elsewhere in the Complaint,

5    are vague and ambiguous. Accordingly, to the extent a response is deemed required, these

6    allegations are denied.

7         10.    With respect to the allegations of paragraph 10, state that such allegations

8    consist of statements and/or conclusions of law to which no responsive pleading is required.

9    Furthermore, the allegations, which purport to define terms used elsewhere in the Complaint,

10   are vague and ambiguous. Accordingly, to the extent a response is deemed required, these

11   allegations are denied.

12        11.    With respect to the allegations of paragraph 11, state that such allegations

13   consist of statements and/or conclusions of law to which no responsive pleading is required.

14   To the extent a response is deemed required, however, these allegations are denied.

15        12.    With respect to the allegations of paragraph 12, state that such allegations

16   consist of statements and/or conclusions of law to which no responsive pleading is required.

17   To the extent a response is deemed required, however, these allegations are denied.

18        13.    With respect to the allegations of paragraph 13, state that the phrases "its

19   related entities," "governmental securities litigation brought by the Attorney General of the

20   State of New York and by the Securities and Exchange Commission of the United States

21   ("SEC") ("Governmental Securities' [sic] Fraud Litigation")," "one or more class actions by

22   African-American employees or former employees of Merrill Lynch ("Racial Discrimination

23   Litigation")," "one or more class actions by female employees or former female employees

24   of Merrill Lynch ("Gender Discrimination Litigation")," and "(collectively, "Prior Merrill

25   Lynch Litigation")" are vague and ambiguous and on that basis deny those allegations. The

26   remaining allegations in this paragraph consist of statements and/or conclusions of law to

27   which no responsive pleading is required. To the extent a response is deemed required,

28   however, these allegations are denied.

3500920.1

- 3 -

DEFENDANTS' ANSWER

14.    With respect to the allegations of paragraph 14, state that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required.  To the extent a response is deemed required, however, and further responding, Defendants admit the allegations of paragraph 14.

15.    With respect to the allegations of paragraph 15, state that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required, and to the extent a response is required, all such allegations are denied except Defendants admit the allegation that *Guidelines for Business Conduct* was in effect throughout all of calendar year 2006 and that the quoted excerpt from that document is accurate.  Further responding, Defendants state that they are without knowledge sufficient to form a belief as to the truth of the allegation that in communicating with his manager, Plaintiff relied on the quoted excerpt from *Guidelines for Business Conduct*, and on that additional basis deny that allegation.

16.    With respect to the allegations of paragraph 16, state that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required, and to the extent a response is required, all such allegations are denied, except Defendants admit that *Merrill Lynch's Code of Ethics for Financial Professionals* is published on the internet and was in effect throughout all of calendar year 2006 and that the quoted excerpt from that document is accurate.  Further responding, Defendants state that they are without knowledge sufficient to form a belief as to the truth of the allegation that in communicating with Merrill Lynch's Human Resources department and his manager, Plaintiff relied on the quoted excerpt from *Merrill Lynch's Code of Ethics for Financial Professionals*, and on that additional basis deny that allegation.

17.    With respect to the allegations of paragraph 17, state that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required.  To the extent a response is required, and further responding, Defendants deny the allegations of paragraph 17, except they admit that Plaintiff began working for Merrill Lynch in or around January 1983, that he was employed as a Financial Advisor or equivalent

1   position, that for at least the last 20 years of his employment he worked in the Cupertino

2   office, and that Mark Barnao was the Resident Director in Cupertino in August 2006.

3   Further responding, Defendants state that the phrase "office managers" is vague and

4   ambiguous and, on that additional basis, deny those allegations.

5       18.    With respect to the allegations of paragraph 18, state that to the extent such

6   allegations consist of statements and/or conclusions of law, no responsive pleading is

7   required.  To the extent a response is required, and further responding, Defendants state that

8   they are without knowledge sufficient to form a belief as to the truth of the allegation

9   regarding what Plaintiff believed and on that basis deny those allegations.  Defendants also

10  deny the remaining allegations of paragraph 18, except they admit that in or around August

11  2006 Plaintiff complained to Ms. Williams about Mr. Barnao.

12      19.    With respect to the allegations of paragraph 19, state that to the extent such

13  allegations consist of statements and/or conclusions of law, no responsive pleading is

14  required.  To the extent a response is required, and further responding, Defendants state that

15  they are without knowledge sufficient to form a belief as to the truth of the allegation

16  regarding what Plaintiff believed and on that basis deny those allegations.  Defendants also

17  deny the remaining allegations of paragraph 18, except they admit that Plaintiff complained

18  to Ms. Williams about Mr. Barnao.

19      20.    With respect to the allegations of paragraph 20, state that to the extent such

20  allegations consist of statements and/or conclusions of law, no responsive pleading is

21  required.  To the extent a response is required, and further responding, Defendants state that

22  they are without knowledge sufficient to form a belief as to the truth of the allegation that

23  several employees complained to and confided in Plaintiff regarding their views of Mr.

24  Barnao and on that basis deny those allegations.  Defendants also deny the remaining

25  allegations of paragraph 20, except they admit that on or about August 3, 2006, Ms.

26  Williams called a meeting of employees at which Mr. Barnao informed attendees that,

27  although he would no longer be the office manager, he would remain an employee at the

28  Cupertino office.

3500920.1

DEFENDANTS' ANSWER

1    21.    With respect to the allegations of paragraph 21, state that to the extent such

2    allegations consist of statements and/or conclusions of law, no responsive pleading is

3    required.  To the extent a response is required, Defendants deny the allegations of paragraph

4    21, except they admit that Ms. Williams called a meeting of employees at the Cupertino

5    office on or about August 4, 2006, which included a question and answer session, and that

6    Plaintiff made a comment at that meeting regarding his opinion of Mr. Barnao.

7    22.    With respect to the allegations of paragraph 22, state that to the extent such

8    allegations consist of statements and/or conclusions of law, no responsive pleading is

9    required.  To the extent a response is required, Defendants deny the allegations of paragraph

10    22, except they admit that on or about August 4, 2006, Ms. Williams and Plaintiff spoke

11    privately, and Plaintiff commented about his opinion of Mr. Barnao during that conversation.

12    23.    With respect to the allegations of paragraph 23, deny the allegation that some

13    of the employees surveyed had characterized the Cupertino office as a "toxic work

14    environment," "hostile place to work" and a "tough place to do business."  Further

15    responding, Defendants state that some of the employees had characterized the office as a

16    "toxic environment," "hostile to management" and a "tough office to have a book and try to

17    manage."  Defendants admit the remaining allegations of paragraph 23.

18    24.    With respect to the allegations of paragraph 24, state that to the extent such

19    allegations consist of statements and/or conclusions of law, no responsive pleading is

20    required.  To the extent a response is required, and further responding, Defendants state that

21    they are without knowledge sufficient to form a belief as to the truth of the allegation that

22    several employees went to Plaintiff's office and complained about the decision to keep Mr.

23    Barnao at the Cupertino office and on that basis deny those allegations.  Defendants deny the

24    remaining allegations but state that Plaintiff telephoned Merrill Lynch's Human Resources

25    department in New Jersey to complain about Mr. Barnao and that, as representative of the

26    day, Ms. Loberger took the initial call.

27    25.    With respect to the allegations of paragraph 25, state that to the extent such

28    allegations consist of statements and/or conclusions of law, no responsive pleading is

1    required.  To the extent a response is required, Defendants deny these allegations, except

2    they admit that Plaintiff shared his opinion of Mr. Barnao with fellow employees,

3    management and Human Resources.

4        26.    Admit the allegations of paragraph 26.

5        27.    Deny the allegations of paragraph 27, except admit that Plaintiff and Ms.

6    Lontoc spoke on or about August 22, 2006, and Ms. Lontoc informed Plaintiff that a

7    complaint had been made against him regarding inappropriate comments relating to race and

8    gender.

9        28.    With respect to the allegations of paragraph 28 and each subpart therein, state

10   that to the extent such allegations consist of statements and/or conclusions of law, no

11   responsive pleading is required.  To the extent a response is required, and further responding,

12   Defendants state that they lacks sufficient knowledge to form a belief as to the truth of the

13   allegations regarding how things appeared to Plaintiff or what he concluded and, on that

14   basis, deny those allegations.  Defendants also deny the remaining allegations in paragraph

15   28 except as specifically admitted below as to each subpart.  Defendants also state that the

16   phrases "words of a similar tenor," "the Gender Discrimination Litigation" and "the Racial

17   Discrimination Litigation" are vague and ambiguous and on that additional basis deny those

18   allegations.

19       (a)    With respect to subpart (a) of paragraph 28, Defendants deny these

20   allegations, except they admit that Ms. Lontoc asked Plaintiff if he had made any

21   comments about the Hydie Sumner matter and/or the *Cremins* nationwide gender

22   discrimination class action lawsuit that had been brought against Merrill Lynch by female

23   FAs several years previously, which Plaintiff denied.

24       (b)    With respect to subpart (b) of paragraph 28, Defendants deny these

25   allegations, except they admit that Ms. Lontoc asked Plaintiff if he had made any

26   comments about the *Reynolds* nationwide race discrimination class action lawsuit that had

27   recently been brought against Merrill Lynch by African-American FAs, to which Plaintiff

28   responded that he had not except when in his own office.  Plaintiff stated in effect that the

1  lawsuit reflected corporate realities and that what he knew about it he had read in the

2  paper.

3         (c)    With respect to subpart (c) of paragraph 28, Defendants deny these

4  allegations, except they admit that Ms. Lontoc asked Plaintiff whether he had made any

5  comments about the possibility of having an African-American manager, to which

6  Plaintiff responded to the effect that he did not care who the manager was as long he was

7  good and fair to the FAs.

8         (d)    With respect to subpart (d) of paragraph 28, Defendants deny these

9  allegations.

10        (e)    With respect to subpart (e) of paragraph 28, Defendants deny these

11 allegations, except they admit that Ms. Lontoc asked Plaintiff whether there were cliques

12 in the office and he responded to the effect that he was not aware of any cliques except the

13 new FAs, i.e., those in the Paths of Achievement program.

14        (f)    With respect to subpart (f) of paragraph 28, Defendants deny these

15 allegations, except they admit that Ms. Lontoc asked Plaintiff if he felt that the work

16 environment in the Cupertino office was toxic and he said he did not.

17        (g)    With respect to subpart (g) of paragraph 28, Defendants deny these

18 allegations, except they admit that Ms. Lontoc asked Plaintiff if he felt that the work

19 environment in the Cupertino office was hostile and he said he did not.

20        (h)    With respect to subpart (h) of paragraph 28, Defendants deny these

21 allegations, except they admit that Ms. Lontoc asked Plaintiff if he tried to get employees

22 to share details of their personal lives or make personal inquiries of them, which Plaintiff

23 denied.

24        (i)    With respect to subpart (i) of paragraph 28, Defendants deny these

25 allegations.

26        (j)    With respect to subpart (j) of paragraph 28, Defendants deny these

27 allegations.

28        29.    Deny the allegations of paragraph 29.

3500920.1                          - 8 -

DEFENDANTS' ANSWER

1        30.    With respect to the allegations of paragraph 30, state that to the extent such

2    allegations consist of statements and/or conclusions of law, no responsive pleading is

3    required.  To the extent a response is required, and further responding, Defendants deny

4    these allegations, except they admit that on or about August 22, 2006, Ms. Williams went

5    into Plaintiff's office and told him that, as he knew, HR had conducted an investigation

6    regarding allegations of discriminatory and inappropriate comments he had made; that the

7    investigation had validated the allegations against him; and that, based on Merrill Lynch's

8    zero tolerance anti-discrimination policy, his employment was being terminated.  Merrill

9    Lynch further state that the phrase "the questions" is vague and ambiguous and on that

10    additional basis deny that allegation.

11        31.    With respect to the allegations of paragraph 31, state that to the extent such

12    allegations consist of statements and/or conclusions of law, no responsive pleading is

13    required.  To the extent a response is required, Defendants admit these allegations.

14        32.    With respect to the allegations of paragraph 32, state that to the extent such

15    allegations consist of statements and/or conclusions of law, no responsive pleading is

16    required.  To the extent a response is required, Defendants admit these allegations, except

17    they deny that Plaintiff has any valid claim against any defendant under Labor Code section

18    2699.3(2)(B) and/or section 2699.

19        33.    With respect to the allegations of paragraph 33, state that such allegations

20    consist of statements and/or conclusions of law to which no responsive pleading is required.

21    To the extent a response is required, however, Defendants deny these allegations.

22    Furthermore, Defendants state that the phrase "unless the context clearly indicates

23    otherwise" is vague and ambiguous and on that additional basis deny those allegations.

24        34.    With respect to the allegations of paragraph 34, Merrill Lynch states that such

25    allegations consist of statements and/or conclusions of law to which no responsive pleading

26    is required. [1]

27

28

---

[1] Ms. Williams does not Answer as to this cause of action because the Complaint expressly states that it is brought only against Merrill Lynch.  The remainder of the Answer proceeds in this fashion, answering on behalf of the specific defendant(s) named in each cause of action.

1    35.    With respect to the allegations of paragraph 35, Merrill Lynch states that such

2  allegations consist of statements and/or conclusions of law to which no responsive pleading

3  is required. To the extent a response is required, however, Merrill Lynch denies these

4  allegations, except it admits that Plaintiff complained to Merrill Lynch about Mr. Barnao.

5    36.    With respect to the allegations of paragraph 36, state that to the extent such

6  allegations consist of statements and/or conclusions of law, no responsive pleading is

7  required. To the extent a response is required, Merrill Lynch denies these allegations.

8  Merrill Lynch further states that it lacks sufficient knowledge to form a belief as to the truth

9  of the allegations regarding what Plaintiff believed and on that additional basis denies those

10  allegations. Further responding, Merrill Lynch states that the phrase "had a good faith belief

11  in his complaints and warnings regarding the health and safety of the Merrill Lynch

12  employees, including himself" is vague and ambiguous and, on that additional basis, denies

13  those allegations.

14    37.    Merrill Lynch denies the allegations of paragraph 37.

15    38.    Merrill Lynch denies the allegations of paragraph 38.

16    39.    Merrill Lynch denies the allegations of paragraph 39.

17    40.    With respect to the allegations of paragraph 40, Merrill Lynch states that such

18  allegations consist of statements and/or conclusions of law to which no responsive pleading

19  is required. To the extent a response is required, however, Merrill Lynch denies these

20  allegations and denies that Plaintiff is entitled to the relief requested.

21    41.    Merrill Lynch denies the allegations of paragraph 41.

22    42.    With respect to the allegations of paragraph 42, repeat and reallege the

23  applicable responses contained herein.

24    43.    With respect to the allegations of paragraph 43, state that such allegations

25  consist of statements and/or conclusions of law to which no responsive pleading is required.

26    44.    With respect to the allegations of paragraph 44, to the extent such allegations

27  consist of statements and/or conclusions of law, no responsive pleading is required. To the

28  extent a response is required, however, Defendants deny these allegations except admit that

3500920.1    - 10 -

1  in or around August 2006 Plaintiff complained to Ms. Williams about Mr. Barnao.

2      45.  With respect to the allegations of paragraph 45, state that such allegations

3  consist of statements and/or conclusions of law to which no responsive pleading is required.

4  To the extent a response is required, however, Defendants deny these allegations.

5      46.  With respect to the allegations of paragraph 46, state that to the extent such

6  allegations consist of statements and/or conclusions of law, no responsive pleading is

7  required.  To the extent a response is required, Defendants deny these allegations.

8  Furthermore, Defendants state that they are without knowledge sufficient to form a belief as

9  to the truth of the allegations regarding what Plaintiff believed and on that additional basis

10 deny those allegations.

11     47.  Deny the allegations of paragraph 47.

12     48.  With respect to the allegations of paragraph 48, Defendants admit that

13 Plaintiff was discharged from his employment with Merrill Lynch on or around August 22,

14 2006.  Further responding, Defendants state that the phrase "[a]s set forth above" is vague

15 and ambiguous and on that basis deny that allegation.

16     49.  Deny the allegations of paragraph 49.

17     50.  Deny the allegations of paragraph 50 and deny that Plaintiff is entitled to the

18 relief requested.

19     51.  Deny the allegations of paragraph 51 and deny that Plaintiff is entitled to the

20 relief requested.

21     52.  Deny the allegations of paragraph 52 and deny that Plaintiff is entitled to the

22 relief requested.

23     53.  Deny the allegations of paragraph 53 and deny that Plaintiff is entitled to the

24 relief requested.

25     54.  Deny the allegations of paragraph 54.

26     55.  Deny the allegations of paragraph 55.

27     56.  Deny the allegations of paragraph 56 and deny that Plaintiff is entitled to the

28 relief requested.

57.    Deny the allegations of paragraph 57 and deny that Plaintiff is entitled to the relief requested.

58.    With respect to the allegations of paragraph 58, repeat and reallege the applicable responses contained herein.

59.    With respect to the allegations of paragraph 59, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

60.    With respect to the allegations of paragraph 60, state that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required. To the extent a response is required, Defendants deny these allegations, except they admit that the quoted excerpt from Merrill Lynch's Code of Ethics for Financial Professionals is accurate. Further responding, Defendants state that the phrases "requested information," "the Gender Discrimination Litigation" and "the Racial Discrimination Litigation" are vague and ambiguous and on that additional basis deny those allegations.

61.    With respect to the allegations of paragraph 61, state that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required. To the extent a response is required, Defendants deny these allegations, except they admit that Merrill Lynch policy requires cooperation in internal investigations and provides that those who do so or who report incidents of misconduct in good faith will not be retaliated against. Further responding, Defendants state that the phrases "the Gender Discrimination Litigation" and "the Racial Discrimination Litigation" are vague and ambiguous and on that additional basis deny those allegations.

62.    Deny the allegations of paragraph 62. Further responding, Defendants state that the phrase "internal investigation(s) of the Gender Discrimination Litigation and the Racial Discrimination Litigation" is vague and ambiguous and on that additional basis deny those allegations.

63.    With respect to the allegations of paragraph 63, state that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required. To the extent a response is required, Defendants deny the allegations of paragraph

1    63 and each subpart therein, except admit that Merrill Lynch policy requires cooperation

2    with internal investigations and provides that those who do so or who report incidents of

3    misconduct in good faith will not be retaliated against.  Further responding, Defendants state

4    that they are without knowledge sufficient to form a belief as to the truth of the allegations

5    regarding what Plaintiff believed and on that additional basis deny those allegations.

6    Defendants also state that the phrases "internal investigation(s) of the Gender Discrimination

7    Litigation and the Racial Discrimination Litigation," "the Gender Discrimination Litigation"

8    and "the Racial Discrimination Litigation" are vague and ambiguous and on that additional

9    basis deny those allegations.

10    64.    With respect to the allegations of paragraph 64, Defendants state that the

11    phrases "the questions," "the Gender Discrimination Litigation" and "the Racial

12    Discrimination Litigation" are vague and ambiguous and on that basis deny the allegations

13    of paragraph 64.  Further responding, Defendants state that they are without knowledge

14    sufficient to form a belief as to the truth of the allegation that Plaintiff answered questions

15    "truthfully and honestly" and on that additional basis deny those allegations.

16    65.    With respect to the allegations of paragraph 65, Defendants admit that

17    Plaintiff was discharged from his employment with Merrill Lynch on or around August 22,

18    2006.  Further responding, Defendants state that the phrase "[a]s set forth above" is vague

19    and ambiguous and on that basis deny that allegation.

20    66.    Deny the allegations of paragraph 66.

21    67.    Deny the allegations of paragraph 67.  Further responding, Defendants state

22    that the phrases "the Gender Discrimination Litigation" and "the Racial Discrimination

23    Litigation" are vague and ambiguous and on that additional basis deny those allegations.

24    68.    Deny the allegations of paragraph 68.

25    69.    With respect to the allegations of paragraph 69, Merrill Lynch repeats and

26    realleges the applicable responses contained herein.

27    70.    With respect to the allegations of paragraph 70, Merrill Lynch states that such

28    allegations consist of statements and/or conclusions of law to which no responsive pleading

3500920.1                                    - 13 -

DEFENDANTS' ANSWER

1     is required.

2         71.    Merrill Lynch admits the allegations of paragraph 71.

3         72.    Merrill Lynch denies the allegations of paragraph 72.  Further responding,

4     Merrill Lynch states that it is without knowledge sufficient to form a belief as to the truth of

5     the allegations regarding what Plaintiff "knew" and on that additional basis denies those

6     allegations.

7         73.    With respect to the allegations of paragraph 73, Merrill Lynch states that to

8     the extent such allegations consist of statements and/or conclusions of law, no responsive

9     pleading is required.  To the extent a response is required, these allegations are denied,

10    except Merrill Lynch admits that racial and gender discrimination generally and the

11    remedies that should be provided therefor are a subject of political debate.  Further

12    responding, Merrill Lynch states that the phrases "the Gender Discrimination Litigation"

13    and "the Racial Discrimination Litigation" are vague and ambiguous and on that additional

14    basis denies those allegations.

15        74.    Merrill Lynch denies the allegations of paragraph 74.

16        75.    Merrill Lynch denies the allegations of paragraph 75.

17        76.    Merrill Lynch denies the allegations of paragraph 76.

18        77.    Merrill Lynch denies the allegations of paragraph 77 and denies that Plaintiff

19    is entitled to the relief requested.

20        78.    Merrill Lynch denies the allegations of paragraph 78 and denies that Plaintiff

21    is entitled to the relief requested.

22        79.    Merrill Lynch denies the allegations of paragraph 79 and denies that Plaintiff

23    is entitled to the relief requested.

24        80.    Merrill Lynch denies the allegations of paragraph 80 and denies that Plaintiff

25    is entitled to the relief requested.

26        81.    Merrill Lynch denies the allegations of paragraph 81.

27        82.    Merrill Lynch denies the allegations of paragraph 82.

28        83.    Merrill Lynch denies the allegations of paragraph 83 and denies that Plaintiff

1    is entitled to the relief requested.

2        84.    Merrill Lynch denies the allegations of paragraph 84 and denies that Plaintiff

3    is entitled to the relief requested.

4        85.    Merrill Lynch denies the allegations of paragraph 85 and denies that Plaintiff

5    is entitled to the relief requested.

6        86.    With respect to the allegations of paragraph 86, Merrill Lynch repeats and

7    realleges the applicable responses contained herein.

8        87.    With respect to the allegations of paragraph 87, Merrill Lynch states that such

9    allegations consist of statements and/or conclusions of law to which no responsive pleading

10   is required.

11       88.    Merrill Lynch admits the allegations of paragraph 88.

12       89.    Merrill Lynch denies the allegations of paragraph 89.  Further responding,

13   Merrill Lynch states that it is without knowledge sufficient to form a belief as to the truth of

14   the allegations regarding what Plaintiff "knew" and on that additional basis denies those

15   allegations.

16       90.    With respect to the allegations of paragraph 90, Merrill Lynch states that to

17   the extent such allegations consist of statements and/or conclusions of law, no responsive

18   pleading is required.  To the extent a response is required, these allegations are denied,

19   except Merrill Lynch admits that racial and gender discrimination generally and the

20   remedies that should be provided therefor are a subject of political debate.  Further

21   responding, Merrill Lynch states that the phrases  "the Gender Discrimination Litigation"

22   and "the Racial Discrimination Litigation" are vague and ambiguous and on that additional

23   basis denies those allegations.

24       91.    Merrill Lynch denies the allegations of paragraph 91.

25       92.    Merrill Lynch denies the allegations of paragraph 92.

26       93.    Merrill Lynch denies the allegations of paragraph 93 and denies that Plaintiff

27   is entitled to the relief requested.

28       94.    Merrill Lynch denies the allegations of paragraph 94 and denies that Plaintiff

1  is entitled to the relief requested.

2      95.    Merrill Lynch denies the allegations of paragraph 95 and denies that Plaintiff

3  is entitled to the relief requested.

4      96.    Merrill Lynch denies the allegations of paragraph 96 and denies that Plaintiff

5  is entitled to the relief requested.

6      97.    Merrill Lynch denies the allegations of paragraph 97.

7      98.    Merrill Lynch denies the allegations of paragraph 98.

8      99.    Merrill Lynch denies the allegations of paragraph 99 and denies that Plaintiff

9  is entitled to the relief requested.

10      100.    Merrill Lynch denies the allegations of paragraph 100 and denies that

11  Plaintiff is entitled to the relief requested.

12      101.    Merrill Lynch denies the allegations of paragraph 101 and denies that

13  Plaintiff is entitled to the relief requested.

14      102.    With respect to the allegations of paragraph 102, Merrill Lynch repeats and

15  realleges the applicable responses contained herein.

16      103.    Merrill Lynch denies the allegations of paragraph 103, except it admits that

17  Plaintiff shared his opinions about management and other workplace matters with fellow

18  employees, management and Human Resources.

19      104.    Merrill Lynch denies the allegations of paragraph 104.

20      105.    Merrill Lynch denies the allegations of paragraph 105 and denies that

21  Plaintiff is entitled to the relief requested.

22      106.    Merrill Lynch denies the allegations of paragraph 106 and denies that

23  Plaintiff is entitled to the relief requested.

24      107.    Merrill Lynch denies the allegations of paragraph 107 and denies that

25  Plaintiff is entitled to the relief requested.

26      108.    Merrill Lynch denies the allegations of paragraph 108 and denies that

27  Plaintiff is entitled to the relief requested.

28      109.    Merrill Lynch denies the allegations of paragraph 109.

DEFENDANTS' ANSWER

**105**

110.    Merrill Lynch denies the allegations of paragraph 110.

111.    Merrill Lynch denies the allegations of paragraph 111 and denies that Plaintiff is entitled to the relief requested.

112.    Merrill Lynch denies the allegations of paragraph 112 and denies that Plaintiff is entitled to the relief requested.

113.    Merrill Lynch denies the allegations of paragraph 113 and denies that Plaintiff is entitled to the relief requested.

114.    With respect to the allegations of paragraph 114, Merrill Lynch repeats and realleges the applicable responses contained herein.

115.    With respect to the allegations of paragraph 115, Merrill Lynch states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

116.    With respect to the allegations of paragraph 116, Merrill Lynch states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, Merrill Lynch denies these allegations, and in particular it denies that Plaintiff had any legally protected privacy interest in making discriminatory or otherwise inappropriate remarks in the course of sharing his opinions in the workplace and/or with coworkers.

117.    With respect to the allegations of paragraph 117, Merrill Lynch states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, Merrill Lynch denies the allegations or paragraph 117 and each of its subparts.

118.    Merrill Lynch denies the allegations of paragraph 118.

119.    Merrill Lynch denies the allegations of paragraph 119.

120.    Merrill Lynch denies the allegations of paragraph 120, except Merrill Lynch admits that Plaintiff was discharged from his employment with Merrill Lynch on or around August 22, 2006. Further responding, Merrill Lynch states that the phrases "[a]s set forth above" and "the coerced information" are vague and ambiguous and on that additional basis

3500920.1                                  - 17 -

1    denies those allegations.

2    121.    Merrill Lynch denies the allegations of paragraph 121.

3    122.    Merrill Lynch denies the allegations of paragraph 122 and denies that

4    Plaintiff is entitled to the relief requested.

5    123.    Merrill Lynch denies the allegations of paragraph 123 and denies that

6    Plaintiff is entitled to the relief requested.

7    124.    Merrill Lynch denies the allegations of paragraph 124 and denies that

8    Plaintiff is entitled to the relief requested.

9    125.    Merrill Lynch denies the allegations of paragraph 125 and denies that

10    Plaintiff is entitled to the relief requested.

11    126.    Merrill Lynch denies the allegations of paragraph 126.

12    127.    Merrill Lynch denies the allegations of paragraph 127.

13    128.    Merrill Lynch denies the allegations of paragraph 128 and denies that

14    Plaintiff is entitled to the relief requested.

15    129.    With respect to the allegations of paragraph 129, Merrill Lynch repeats and

16    realleges the applicable responses contained herein.

17    130.    With respect to the allegations of paragraph 130, Merrill Lynch states that

18    such allegations consist of statements and/or conclusions of law to which no responsive

19    pleading is required.

20    131.    With respect to the allegations of paragraph 131, Merrill Lynch states that

21    such allegations consist of statements and/or conclusions of law to which no responsive

22    pleading is required.

23    132.    With respect to the allegations of paragraph 132, Merrill Lynch states that

24    such allegations consist of statements and/or conclusions of law to which no responsive

25    pleading is required.

26    133.    Merrill Lynch denies the allegations of paragraph 133.

27    134.    With respect to the allegations of paragraph 134, Merrill Lynch states that

28    such allegations consist of statements and/or conclusions of law to which no responsive

1    pleading is required.

2        135.    With respect to the allegations of paragraph 135, Merrill Lynch states that

3    such allegations consist of statements and/or conclusions of law to which no responsive

4    pleading is required.

5        136.    With respect to the allegations of paragraph 136, Merrill Lynch states that

6    such allegations consist of statements and/or conclusions of law to which no responsive

7    pleading is required.

8        137.    With respect to the allegations of paragraph 137, Merrill Lynch states that

9    such allegations consist of statements and/or conclusions of law to which no responsive

10    pleading is required.  Merrill Lynch notes, however, that there is no section 6301(a)(2) in the

11    California Labor Code.

12        138.    With respect to the allegations of paragraph 138, Merrill Lynch states that

13    such allegations consist of statements and/or conclusions of law to which no responsive

14    pleading is required.

15        139.    With respect to the allegations of paragraph 139, Merrill Lynch states that

16    such allegations consist of statements and/or conclusions of law to which no responsive

17    pleading is required.

18        140.    With respect to the allegations of paragraph 140, Merrill Lynch states that

19    such allegations consist of statements and/or conclusions of law to which no responsive

20    pleading is required.

21        141.    With respect to the allegations of paragraph 141, Merrill Lynch states that

22    such allegations consist of statements and/or conclusions of law to which no responsive

23    pleading is required.  Merrill Lynch notes, however, that there is no section 6407.7(a)(5) in

24    the California Labor Code.

25        142.    With respect to the allegations of paragraph 142, Merrill Lynch states that

26    such allegations consist of statements and/or conclusions of law to which no responsive

27    pleading is required.

28        143.    With respect to the allegations of paragraph 143, Merrill Lynch states that

DEFENDANTS' ANSWER

1 such allegations consist of statements and/or conclusions of law to which no responsive

2 pleading is required.

3     144.   With respect to the allegations of paragraph 144, Merrill Lynch states that

4 such allegations consist of statements and/or conclusions of law to which no responsive

5 pleading is required.

6     145.   With respect to the allegations of paragraph 145, Merrill Lynch states that

7 such allegations consist of statements and/or conclusions of law to which no responsive

8 pleading is required.

9     146.   With respect to the allegations of paragraph 146, Merrill Lynch states that

10 such allegations consist of statements and/or conclusions of law to which no responsive

11 pleading is required.

12     147.   With respect to the allegations of paragraph 147, Merrill Lynch states that

13 such allegations consist of statements and/or conclusions of law to which no responsive

14 pleading is required.

15     148.   With respect to the allegations of paragraph 148, Merrill Lynch states that

16 such allegations consist of statements and/or conclusions of law to which no responsive

17 pleading is required.  Merrill Lynch notes, however, that the quoted text does not appear in

18 Civil Procedure Code section 527.8(k).

19     149.   With respect to the allegations of paragraph 149, Merrill Lynch states that

20 such allegations consist of statements and/or conclusions of law to which no responsive

21 pleading is required.

22     150.   With respect to the allegations of paragraph 150, Merrill Lynch states that

23 such allegations consist of statements and/or conclusions of law to which no responsive

24 pleading is required.

25     151.   With respect to the allegations of paragraph 151, Merrill Lynch states that

26 such allegations consist of statements and/or conclusions of law to which no responsive

27 pleading is required.

28     152.   With respect to the allegations of paragraph 152, Merrill Lynch states that

1  such allegations consist of statements and/or conclusions of law to which no responsive

2  pleading is required.  To the extent a response is deemed required, however, Merrill Lynch

3  denies these allegations.  Further responding, Merrill Lynch states that the phrase "each of

4  the designated constitutional provisions, statutes, and/or any rules or regulations

5  promulgated thereunder" is vague and ambiguous and, on that additional basis, denies those

6  allegations.

7        153.    With respect to the allegations of paragraph 153, Merrill Lynch states that

8  such allegations consist of statements and/or conclusions of law to which no responsive

9  pleading is required.

10       154.    With respect to the allegations of paragraph 154, Merrill Lynch states that

11  such allegations consist of statements and/or conclusions of law to which no responsive

12  pleading is required.  To the extent a response is deemed required, however, Merrill Lynch

13  denies these allegations.

14       155.    Merrill Lynch denies the allegations of paragraph 155, except it admits that

15  Plaintiff complained to Merrill Lynch about Mr. Barnao.

16       156.    Merrill Lynch denies the allegations of paragraph 156.  Further responding,

17  Merrill Lynch states that the phrase "the gender discrimination and/or sexual harassment" is

18  vague and ambiguous and on that additional basis denies those allegations.

19       157.    Merrill Lynch denies the allegations of paragraph 157.  Further responding,

20  Merrill Lynch states that the phrases  "the Gender Discrimination Litigation" and "the Racial

21  Discrimination Litigation" are vague and ambiguous and on that additional basis denies

22  those allegations.

23       158.    Merrill Lynch denies the allegations of paragraph 158.  Further responding,

24  Merrill Lynch states that the phrases  "the Gender Discrimination Litigation," "the Racial

25  Discrimination Litigation" and "the broader issues of racial and gender discrimination" are

26  vague and ambiguous and on that additional basis denies those allegations.

27       159.    Merrill Lynch denies the allegations of paragraph 159.  Further responding,

28  Merrill Lynch states that the phrases  "the Gender Discrimination Litigation" and "the Racial

Discrimination Litigation" are vague and ambiguous and on that additional basis denies those allegations.

160.    Merrill Lynch denies the allegations of paragraph 160.

161.    Merrill Lynch denies the allegations of paragraph 161 and denies that Plaintiff is entitled to the relief requested.

162.    Merrill Lynch denies the allegations of paragraph 162 and denies that Plaintiff is entitled to the relief requested.

163.    Merrill Lynch denies the allegations of paragraph 163 and denies that Plaintiff is entitled to the relief requested.

164.    Merrill Lynch denies the allegations of paragraph 164 and denies that Plaintiff is entitled to the relief requested.

165.    Merrill Lynch denies the allegations of paragraph 165.

166.    Merrill Lynch denies the allegations of paragraph 166.

167.    Merrill Lynch denies the allegations of paragraph 167 and denies that Plaintiff is entitled to the relief requested.

168.    With respect to the allegations of paragraph 168, Merrill Lynch repeats and realleges the applicable responses contained herein.

169.    With respect to the allegations of paragraph 169, Merrill Lynch states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

170.    With respect to the allegations of paragraph 170, Merrill Lynch states that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required.  To the extent a response is required, these allegations are denied, except Merrill Lynch admits that its policies require cooperation with internal investigations, require employees who experience or observe work-related harassment to report it and provide that those who report incidents of misconduct in good faith will not be retaliated against.  Merrill Lynch specifically denies that these policies constitute an agreement of any kind.  Thus, the phrase "Non-Retaliation Agreement" as defined in this paragraph is vague

DEFENDANTS' ANSWER

111

1    and ambiguous, and on that additional basis Merrill Lynch denies that allegation.

2        171.    Merrill Lynch denies the allegations of paragraph 171. Further responding,

3    Merrill Lynch states that the phrases "the Non-Retaliation Agreement," "the Gender

4    Discrimination Litigation" and "the Racial Discrimination Litigation" are vague and

5    ambiguous and on that additional basis denies those allegations.

6        172.    Merrill Lynch denies the allegations of paragraph 172 and denies that

7    Plaintiff is entitled to the relief requested.

8        173.    Merrill Lynch denies the allegations of paragraph 173 and denies that

9    Plaintiff is entitled to the relief requested.

10       174.    With respect to the allegations of paragraph 174, Merrill Lynch repeats and

11   realleges the applicable responses contained herein.

12       175.    With respect to the allegations of paragraph 175, Merrill Lynch states that

13   such allegations consist of statements and/or conclusions of law to which no responsive

14   pleading is required.

15       176.    With respect to the allegations of paragraph 176, Merrill Lynch states that to

16   the extent such allegations consist of statements and/or conclusions of law, no responsive

17   pleading is required.  To the extent a response is required, these allegations are denied,

18   except Merrill Lynch admits that its policies provide that those who cooperate in internal

19   investigations and/or report incidents of misconduct in good faith will not be retaliated

20   against.  Merrill Lynch specifically denies that these policies constitute a promise of any

21   kind.  Thus, the phrase "Non-Retaliation Promises" as defined in this paragraph is vague and

22   ambiguous, and on that additional basis Merrill Lynch denies that allegation.

23       177.    With respect to the allegations of paragraph 177, Merrill Lynch states that to

24   the extent such allegations consist of statements and/or conclusions of law, no responsive

25   pleading is required.  To the extent a response is required, these allegations are denied.

26   Further responding, Merrill Lynch states that the phrase "the Non-Retaliation Promises" is

27   vague and ambiguous and on that additional basis denies that allegation.

28       178.    With respect to the allegations of paragraph 178, Merrill Lynch states that to

3500920.1                              - 23 -

DEFENDANTS' ANSWER

1   the extent such allegations consist of statements and/or conclusions of law, no responsive

2   pleading is required. To the extent a response is required, these allegations are denied,

3   except Merrill Lynch admits that Plaintiff did complain to Ms. Williams and Merrill Lynch

4   Human Resources about Mr. Barnao.  Further responding, Merrill Lynch states that the

5   phrase "the Non-Retaliation Promises" is vague and ambiguous and on that additional basis

6   denies that allegation.

7            179.    Merrill Lynch denies the allegations of paragraph 179 and denies that

8   Plaintiff is entitled to the relief requested.

9            180.    Merrill Lynch denies the allegations of paragraph 180 and denies that

10  Plaintiff is entitled to the relief requested.

11           181.    Merrill Lynch denies that Plaintiff is entitled to the relief he claims is due in

12  his Prayer for Relief and all paragraphs (1 through 5) included therein.

13

14                              **AFFIRMATIVE DEFENSES**

15           Defendants asserts the following separate and independent affirmative

16  defenses:

17                                    **AS AND FOR A**
                                **FIRST AFFIRMATIVE DEFENSE**

18           1.      Each cause of action is barred, in whole or in part, because the Complaint

19  fails to state a claim upon which relief can be granted.

20

21                                    **AS AND FOR A**
                               **SECOND AFFIRMATIVE DEFENSE**

22           2.      Each cause of action in the Complaint is barred, in whole or in part, by the

23  relevant statute of limitations, including but not limited to Civil Procedure Code section(s)

24  335.1, 337, 338, 339 and/or 340, Labor Code section 98.7 and/or Government Code section

25  12960.

26

27

28

3500920.1                              - 24 -

DEFENDANTS' ANSWER

## AS AND FOR A
### THIRD AFFIRMATIVE DEFENSE

3.      Each cause of action in the Complaint is barred, in whole or in part, because there is no private right of action for the violation alleged.

## AS AND FOR A
### FOURTH AFFIRMATIVE DEFENSE

4.      Each cause of action in the Complaint is barred, in whole or in part, because Plaintiff failed to exhaust his administrative and/or internal remedies prior to filing suit.

## AS AND FOR A
### FIFTH AFFIRMATIVE DEFENSE

5.      Each cause of action in the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## AS AND FOR A
### SIXTH AFFIRMATIVE DEFENSE

6.      Each cause of action is barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any act or omission of Defendants.

## AS AND FOR A
### SEVENTH AFFIRMATIVE DEFENSE

7.      Each cause of action is barred, in whole or in part, because if Plaintiff was damaged in any way as a result of the matters alleged in the Complaint, the damage or injury was due wholly to his own conduct.

## AS AND FOR A
### EIGHTH AFFIRMATIVE DEFENSE

8.      Without admitting any wrongful conduct by Defendants, the acts and statements that are alleged to give rise to liability were and are protected by the doctrines of justification and/or privilege and cannot form the basis of any tort claim.

## AS AND FOR A
## NINTH AFFIRMATIVE DEFENSE

9.    Without admitting any wrongful conduct by Defendants, Plaintiff's claims for damages for physical injury and/or emotional distress are barred by the exclusive remedy provisions of the Workers' Compensation Act, California Labor Code section 3200 *et seq.*

## AS AND FOR A
## TENTH AFFIRMATIVE DEFENSE

10.    The claims for punitive damages in the Complaint are barred by California law and/or by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and/or by other constitutional and statutory protections.

## AS AND FOR A
## ELEVENTH AFFIRMATIVE DEFENSE

11.    Without admitting any wrongful conduct by Defendants, Plaintiff is not entitled to recover punitive damages because Plaintiff has failed to allege facts sufficient to state a claim for such damages, and the statutory requirements for an award of punitive damages pursuant to Civil Code section 3294 are not met.

## AS AND FOR A
## TWELFTH AFFIRMATIVE DEFENSE

12.    Without admitting any wrongful conduct by Defendants, Plaintiff is barred and precluded from recovery to the extent that he has failed to mitigate or reasonably attempt to mitigate his damages, if any, as required by law.

## AS AND FOR A
## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiff's purported causes of action for discrimination and retaliation fail because any actions or decisions Defendants made with respect to Plaintiff were done for legitimate, non-discriminatory or non-retaliatory reasons unrelated to Plaintiff's political views, any complaint he made or any other protected basis.

## AS AND FOR A
## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Without admitting any wrongful conduct by Defendants, Defendant Merrill Lynch acted in good faith and had sufficient cause for the termination of Plaintiff.

## AS AND FOR A
## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Without admitting any wrongful conduct by Defendants, Defendants allege that Plaintiff was an "at-will" employee who could be discharged with or without cause under California Labor Code section 2922.

## AS AND FOR A
## SIXTEENTH AFFIRMATIVE DEFENSE

16.    The remedies sought in some or all of Plaintiff's causes of action are barred, in whole or in part, because the penalties, attorney fees and damages sought are not commensurate with the violations alleged, and the Court should use its discretion to award no such penalties, attorney fees and damages.

## AS AND FOR A
## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff is not entitled to punitive damages because Defendant Merrill Lynch maintains policies against discrimination and complies in good faith with the anti-discrimination laws.

## AS AND FOR A
## EIGHTEENTH  AFFIRMATIVE DEFENSE

18.    The claims in the Complaint are barred, in whole or in part, because the Defendants' acts were not spiteful, malicious, in bad faith or motivated by ill will or fraud. Rather, their acts were privileged, proper and taken in good faith and in accordance with their rights as set forth by statute and/or law.

1

## AS AND FOR A
## NINETEENTH AFFIRMATIVE DEFENSE

2

3

19.    The claims in the Complaint are barred, in whole or in part, by the

4

doctrines of estoppel, waiver, and consent.

5

## AS AND FOR A
## TWENTIETH AFFIRMATIVE DEFENSE

6

7

20.    Each cause of action is barred, in whole or in part, because to the extent

8

that Plaintiff was paid compensation beyond that to which he were entitled while employed by

9

Merrill Lynch, such additional compensation would satisfy in whole or part any alleged claim

10

for monetary relief.

11

## AS AND FOR A
## TWENTY-FIRST AFFIRMATIVE DEFENSE

12

13

21.    Each cause of action in the Complaint is barred, in whole or in part, by the

14

unavailability of the damages requested, including without limitation, the unavailability of

15

damages and/or attorney fees.

16

17

Further responding, Defendants state that they currently have insufficient knowledge or

18

information on which to form a belief as to whether they may have additional, as yet unstated,

19

affirmative defenses available.  Defendants reserve the right to assert additional affirmative

20

defenses in the event that discovery indicates they would be appropriate.

21

Additionally, Defendants reserve the right to amend this answer if necessary.

22

23

## PRAYER

24

WHEREFORE, Defendants pray as follows:

25

1.    That Plaintiff take nothing by his Complaint and that such complaint be

26

dismissed with prejudice;

27

2.    That Defendants recover their costs and attorneys' fees incurred herein

28

pursuant to relevant statutes; and

---

3500920.1

- 28 -

DEFENDANTS' ANSWER

**117**

1        3.    That the Court grant Defendants whatever other relief it deems appropriate.

2    DATED:  September 10, 2007

                       MUNGER, TOLLES & OLSON LLP
3                            TERRY E. SANCHEZ
                        KATHERINE M. FORSTER

4

5

6                    By: _____

7                           KATHERINE M. FORSTER

8                    Attorneys for Defendants
                MERRILL LYNCH, PIERCE, FENNER &
9                    SMITH INCORPORATED and PATRICIA
                WILLIAMS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3500920.1

DEFENDANTS' ANSWER

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3

      I, the undersigned, declare that I am over the age of 18 and not a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California 90071-1560.

4

5

      On September 10, 2007, I served upon the interested party(ies) in this action the foregoing document(s) described as:

6

7

8

☐   By placing ☐ the original(s) ☒ a true and correct copy(ies) thereof, as set out below, in an addressed, sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) set forth on the attached service list.

9

10

☒   **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such envelope(s) to be placed in interoffice mail for collection and deposit in the United States Postal Service at 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California, on that same date, following ordinary business practices. I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

11

12

13

14

☐   **BY FEDERAL EXPRESS PRIORITY OVERNIGHT DELIVERY (AS INDICATED ON ATTACHED SERVICE LIST)** I delivered the sealed Federal Express envelope(s) to an employee authorized by Federal Express to receive documents, with delivery fees paid or provided for.

15

16

17

☐   **BY FACSIMILE (AS INDICATED ON ATTACHED SERVICE LIST)** By causing to be sent a true and correct copy(ies) of said document via facsimile transmission. The transmission was reported as complete and without error. A true and correct copy of the machine's transmission report, indicating the date and time that the transmission was completed without error is attached to this proof of service and is incorporated herein by this reference. The telephone number of the facsimile machine I used was (213) 683-9510. This facsimile machine complies with Rule 2003(3) of the California Rules of Court.

18

19

20

21

☐   **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.

22

23

Executed on September 10, 2007, at Los Angeles, California.

24

25

*Monica Walker*

Monica J. Walker

26

27

28

1

## SERVICE LIST

2
3
4

Steven M. Fink, Esq.
MESIROW & FINK
10 Almaden Boulevard
San Jose, CA 95113-2237

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3544312.1

- 2 -

**120**

1   TERRY E. SANCHEZ (State Bar No. 101318)
    KATHERINE M. FORSTER (State Bar No. 217609)
2   MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue
3   Thirty-Fifth Floor
    Los Angeles, CA  90071-1560
4   Telephone:   (213) 683-9100
    Facsimile:    (213) 687-3702
5
    Attorneys for Defendants
6   MERRILL LYNCH, PIERCE, FENNER & SMITH
    INCORPORATED and PATRICIA WILLIAMS
7

                         2001 SEP 18  P 12: 15

                         M. Rosales

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10                                                   **FILED BY FAX**

11   MARK L. GRINGERI,                     CASE NO. 107CV090322

12               Plaintiff,                VERIFICATION TO DEFENDANTS'
                                           ANSWER TO PLAINTIFF'S VERIFIED
13         vs.                             COMPLAINT

14   MERRILL LYNCH, PIERCE, FENNER
     & SMITH INCORPORATED, PAT
15   WILLIAMS, and DOES 1 through 25,
     inclusive,
16
                 Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

     3639571.1

                VERIFICATION TO DEFENDANTS' ANSWER TO COMPLAINT

                              Ex. F                        121

<u>VERIFICATION</u>

I, Patricia Williams, have read the attached Defendants' Answer to Plaintiff's Verified Complaint and know its contents.

I am a Vice President and Director for Merrill Lynch and a party to this action. Neither I nor any single representative of Merrill Lynch has personal knowledge of all the facts contained in the Complaint and Merrill Lynch's and my Answer thereto. The information necessary to prepare the Answer was obtained from a number of sources. With respect to those matters of which I have personal knowledge, I affirm that such facts are true, correct and complete. With respect to all other matters contained therein, I have been informed and believe that the matters stated therein are true, correct and complete.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 4th, 2007, at _____San Jose_____, California.

_____
Patricia Williams

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3          I, the undersigned, declare that I am over the age of 18 and not a party to the
within cause.  I am employed by Munger, Tolles & Olson LLP in the County of Los Angeles,
4  State of California.  My business address is 355 South Grand Avenue, Thirty-Fifth Floor, Los
Angeles, California  90071-1560.

5

6          On September 17, 2007,  I served upon the interested party(ies) in this action the
foregoing document(s) described as:

7  **VERIFICATION TO DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED
COMPLAINT**

8

9

10     ☐  By placing ☐ the original(s) ☒ a true and correct copy(ies) thereof, as set out below, in an
addressed, sealed envelope(s) clearly labeled to identify the person(s) being served at the
address(es) set forth on the attached service list.

11

12     ☒  **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such
envelope(s) to be placed in interoffice mail for collection and deposit in the United States
Postal Service at 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California, on
13     that same date, following ordinary business practices.  I am familiar with Munger, Tolles
& Olson LLP's practice for collection and processing correspondence for mailing with the
14     United States Postal Service; in the ordinary course of business, correspondence placed in
interoffice mail is deposited with the United States Postal Service with first class postage
15     thereon fully prepaid on the same day it is placed for collection and mailing.

16     ☐  **BY FEDERAL EXPRESS PRIORITY OVERNIGHT DELIVERY (AS INDICATED
ON ATTACHED SERVICE LIST)** I delivered the sealed Federal Express envelope(s) to
17     an employee authorized by Federal Express to receive documents, with delivery fees paid
or provided for.

18

19     ☐  **BY FACSIMILE (AS INDICATED ON ATTACHED SERVICE LIST)** By causing to
be sent a true and correct copy(ies) of said document via facsimile transmission.  The
transmission was reported as complete and without error.  A true and correct copy of the
20     machine's transmission report, indicating the date and time that the transmission was
completed without error is attached to this proof of service and is incorporated herein by
21     this reference.  The telephone number of the facsimile machine I used was (213) 683-
9510.  This facsimile machine complies with Rule 2003(3) of the California Rules of
22     Court.

23     ☐  **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.

24

25          Executed on September 17, 2007, at Los Angeles, California.

26                                    _Monica J. Walker_

27                                    Monica J. Walker

28

3544312.1                          - 1 -                          **123**

1

## SERVICE LIST

2

Steven M. Fink, Esq.

3

MESIROW & FINK
10 Almaden Boulevard

4

San Jose, CA 95113-2237

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3544312.1

- 2 -

**124**

1   TERRY E. SANCHEZ (State Bar No. 101318)
    KATHERINE M. FORSTER (State Bar No. 217609)
2   SORAYA C. KELLY (State Bar No. 252993)
    MUNGER, TOLLES & OLSON LLP
3   355 South Grand Avenue
    Thirty-Fifth Floor
4   Los Angeles, CA 90071-1560
    Telephone:   (213) 683-9100
5   Facsimile:   (213) 687-3702

6   Attorneys for Defendants
    MERRILL LYNCH, PIERCE, FENNER & SMITH
7   INCORPORATED and PATRICIA WILLIAMS

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10

11  MARK L. GRINGERI,                        CASE NO. 107CV090322

12              Plaintiff,                    DEFENDANTS' AMENDED ANSWER TO
                                             PLAINTIFF'S VERIFIED COMPLAINT
13       vs.

14  MERRILL LYNCH, PIERCE, FENNER
    & SMITH INCORPORATED, PAT
15  WILLIAMS, and DOES 1 through 25,
    inclusive,
16
                Defendants.
17

18       Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") and

19  Patricia Williams, as and for their Amended Answer to the Verified Complaint ("Complaint") of

20  Plaintiff Mark Gringeri ("Plaintiff"), hereby responds as follows:

21       1.      Deny the allegations of paragraph 1, except admit that Plaintiff was a

22  registered and license securities broker and was employed by Merrill Lynch as a Financial

23  Advisor or equivalent position from in or around January 1983 to August 2006.

24       2.      Deny the allegations of paragraph 2, except admit that Merrill Lynch is and

25  was at all relevant times a Delaware corporation registered to do business with the Secretary

26  of State of the State of California.  Further responding, Defendants state that Merrill Lynch

27  is and was at all relevant times a financial services firm with thousands of employees

28  worldwide.

4475800.1

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

Ex. G                                                    125

1    3.    With respect to the allegations of paragraph 3, state that to the extent such

2    allegations consist of statements and/or conclusions of law, no responsive pleading is

3    required.  To the extent a response is deemed required, however, and further responding,

4    Defendants admit that Patricia Williams was the Director and one of Plaintiff's supervisors

5    at the time of his discharge and materially participated in the decision to terminate Plaintiff's

6    employment with Merrill Lynch.

7    4.    With respect to the allegations of paragraph 4, state that such allegations

8    consist of statements and/or conclusions of law to which no responsive pleading is required.

9    To the extent a response is deemed required, however, these allegations are denied.

10    5.    With respect to the allegations of paragraph 5, state that such allegations

11    consist of statements and/or conclusions of law to which no responsive pleading is required.

12    Furthermore, the allegations, which purport to define terms used elsewhere in the Complaint,

13    are vague and ambiguous.  Accordingly, to the extent a response is deemed required, these

14    allegations are denied.

15    6.    With respect to the allegations of paragraph 6, state that such allegations

16    consist of statements and/or conclusions of law to which no responsive pleading is required.

17    Furthermore, the allegations, which purport to define terms used elsewhere in the Complaint,

18    are vague and ambiguous.  Accordingly, to the extent a response is deemed required, these

19    allegations are denied.

20    7.    With respect to the allegations of paragraph 7, state that such allegations

21    consist of statements and/or conclusions of law to which no responsive pleading is required.

22    Furthermore, the allegations, which purport to define terms used elsewhere in the Complaint,

23    are vague and ambiguous.  Accordingly, to the extent a response is deemed required, these

24    allegations are denied.

25    8.    With respect to the allegations of paragraph 8, state that such allegations

26    consist of statements and/or conclusions of law to which no responsive pleading is required.

27    Furthermore, the allegations, which purport to define terms used elsewhere in the Complaint,

28    are vague and ambiguous.  Accordingly, to the extent a response is deemed required, these

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

1    allegations are denied.

2        9.    With respect to the allegations of paragraph 9, state that such allegations

3    consist of statements and/or conclusions of law to which no responsive pleading is required.

4    Furthermore, the allegations, which purport to define terms used elsewhere in the Complaint,

5    are vague and ambiguous.  Accordingly, to the extent a response is deemed required, these

6    allegations are denied.

7        10.    With respect to the allegations of paragraph 10, state that such allegations

8    consist of statements and/or conclusions of law to which no responsive pleading is required.

9    Furthermore, the allegations, which purport to define terms used elsewhere in the Complaint,

10   are vague and ambiguous.  Accordingly, to the extent a response is deemed required, these

11   allegations are denied.

12       11.    With respect to the allegations of paragraph 11, state that such allegations

13   consist of statements and/or conclusions of law to which no responsive pleading is required.

14   To the extent a response is deemed required, however, these allegations are denied.

15       12.    With respect to the allegations of paragraph 12, state that such allegations

16   consist of statements and/or conclusions of law to which no responsive pleading is required.

17   To the extent a response is deemed required, however, these allegations are denied.

18       13.    With respect to the allegations of paragraph 13, state that the phrases "its

19   related entities," "governmental securities litigation brought by the Attorney General of the

20   State of New York and by the Securities and Exchange Commission of the United States

21   ("SEC") ("Governmental Securities' [sic] Fraud Litigation")," "one or more class actions by

22   African-American employees or former employees of Merrill Lynch ("Racial Discrimination

23   Litigation")," "one or more class actions by female employees or former female employees

24   of Merrill Lynch ("Gender Discrimination Litigation")," and "(collectively, "Prior Merrill

25   Lynch Litigation")" are vague and ambiguous and on that basis deny those allegations.  The

26   remaining allegations in this paragraph consist of statements and/or conclusions of law to

27   which no responsive pleading is required.  To the extent a response is deemed required,

28   however, these allegations are denied.

14.    With respect to the allegations of paragraph 14, state that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required. To the extent a response is deemed required, however, and further responding, Defendants admit the allegations of paragraph 14.

15.    With respect to the allegations of paragraph 15, state that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required, and to the extent a response is required, all such allegations are denied except Defendants admit the allegation that *Guidelines for Business Conduct* was in effect throughout all of calendar year 2006 and that the quoted excerpt from that document is accurate. Further responding, Defendants state that they are without knowledge sufficient to form a belief as to the truth of the allegation that in communicating with his manager, Plaintiff relied on the quoted excerpt from *Guidelines for Business Conduct*, and on that additional basis deny that allegation.

16.    With respect to the allegations of paragraph 16, state that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required, and to the extent a response is required, all such allegations are denied, except Defendants admit that *Merrill Lynch's Code of Ethics for Financial Professionals* is published on the internet and was in effect throughout all of calendar year 2006 and that the quoted excerpt from that document is accurate. Further responding, Defendants state that they are without knowledge sufficient to form a belief as to the truth of the allegation that in communicating with Merrill Lynch's Human Resources department and his manager, Plaintiff relied on the quoted excerpt from *Merrill Lynch's Code of Ethics for Financial Professionals*, and on that additional basis deny that allegation.

17.    With respect to the allegations of paragraph 17, state that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required. To the extent a response is required, and further responding, Defendants deny the allegations of paragraph 17, except they admit that Plaintiff began working for Merrill Lynch in or around January 1983, that he was employed as a Financial Advisor or equivalent

4475800.1                                    - 4 -

1     position, that for at least the last 20 years of his employment he worked in the Cupertino

2     office, and that Mark Barnao was the Resident Director in Cupertino in August 2006.

3     Further responding, Defendants state that the phrase "office managers" is vague and

4     ambiguous and, on that additional basis, deny those allegations.

5           18.     With respect to the allegations of paragraph 18, state that to the extent such

6     allegations consist of statements and/or conclusions of law, no responsive pleading is

7     required.  To the extent a response is required, and further responding, Defendants state that

8     they are without knowledge sufficient to form a belief as to the truth of the allegation

9     regarding what Plaintiff believed and on that basis deny those allegations.  Defendants also

10    deny the remaining allegations of paragraph 18, except they admit that in or around August

11    2006 Plaintiff complained to Ms. Williams about Mr. Barnao.

12          19.     With respect to the allegations of paragraph 19, state that to the extent such

13    allegations consist of statements and/or conclusions of law, no responsive pleading is

14    required.  To the extent a response is required, and further responding, Defendants state that

15    they are without knowledge sufficient to form a belief as to the truth of the allegation

16    regarding what Plaintiff believed and on that basis deny those allegations.  Defendants also

17    deny the remaining allegations of paragraph 18, except they admit that Plaintiff complained

18    to Ms. Williams about Mr. Barnao.

19          20.     With respect to the allegations of paragraph 20, state that to the extent such

20    allegations consist of statements and/or conclusions of law, no responsive pleading is

21    required.  To the extent a response is required, and further responding, Defendants state that

22    they are without knowledge sufficient to form a belief as to the truth of the allegation that

23    several employees complained to and confided in Plaintiff regarding their views of Mr.

24    Barnao and on that basis deny those allegations.  Defendants also deny the remaining

25    allegations of paragraph 20, except they admit that on or about August 3, 2006, Ms.

26    Williams called a meeting of employees at which Mr. Barnao informed attendees that,

27    although he would no longer be the office manager, he would remain an employee at the

28    Cupertino office.

4475800.1                                    - 5 -

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

**129**

21.    With respect to the allegations of paragraph 21, state that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 21, except they admit that Ms. Williams called a meeting of employees at the Cupertino office on or about August 4, 2006, which included a question and answer session, and that Plaintiff made a comment at that meeting regarding his opinion of Mr. Barnao.

22.    With respect to the allegations of paragraph 22, state that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations of paragraph 22, except they admit that on or about August 4, 2006, Ms. Williams and Plaintiff spoke privately, and Plaintiff commented about his opinion of Mr. Barnao during that conversation.

23.    With respect to the allegations of paragraph 23, deny the allegation that some of the employees surveyed had characterized the Cupertino office as a "toxic work environment," "hostile place to work" and a "tough place to do business."  Further responding, Defendants state that some of the employees had characterized the office as a "toxic environment," "hostile to management" and a "tough office to have a book and try to manage."  Defendants admit the remaining allegations of paragraph 23.

24.    With respect to the allegations of paragraph 24, state that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required.  To the extent a response is required, and further responding, Defendants state that they are without knowledge sufficient to form a belief as to the truth of the allegation that several employees went to Plaintiff's office and complained about the decision to keep Mr. Barnao at the Cupertino office and on that basis deny those allegations.  Defendants deny the remaining allegations but state that Plaintiff telephoned Merrill Lynch's Human Resources department in New Jersey to complain about Mr. Barnao and that, as representative of the day, Ms. Loberger took the initial call.

25.    With respect to the allegations of paragraph 25, state that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is

4475800.1                                    - 6 -

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

**130**

1   required.  To the extent a response is required, Defendants deny these allegations, except

2   they admit that Plaintiff shared his opinion of Mr. Barnao with fellow employees,

3   management and Human Resources.

4        26.    Admit the allegations of paragraph 26.

5        27.    Deny the allegations of paragraph 27, except admit that Plaintiff and Ms.

6   Lontoc spoke on or about August 22, 2006, and Ms. Lontoc informed Plaintiff that a

7   complaint had been made against him regarding inappropriate comments relating to race and

8   gender.

9        28.    With respect to the allegations of paragraph 28 and each subpart therein, state

10  that to the extent such allegations consist of statements and/or conclusions of law, no

11  responsive pleading is required.  To the extent a response is required, and further responding,

12  Defendants state that they lacks sufficient knowledge to form a belief as to the truth of the

13  allegations regarding how things appeared to Plaintiff or what he concluded and, on that

14  basis, deny those allegations.  Defendants also deny the remaining allegations in paragraph

15  28 except as specifically admitted below as to each subpart.  Defendants also state that the

16  phrases "words of a similar tenor," "the Gender Discrimination Litigation" and "the Racial

17  Discrimination Litigation" are vague and ambiguous and on that additional basis deny those

18  allegations.

19        (a)    With respect to subpart (a) of paragraph 28, Defendants deny these

20  allegations, except they admit that Ms. Lontoc asked Plaintiff if he had made any

21  comments about the Hydie Sumner matter and/or the *Cremins* nationwide gender

22  discrimination class action lawsuit that had been brought against Merrill Lynch by female

23  FAs several years previously, which Plaintiff denied.

24        (b)    With respect to subpart (b) of paragraph 28, Defendants deny these

25  allegations, except they admit that Ms. Lontoc asked Plaintiff if he had made any

26  comments about the *Reynolds* nationwide race discrimination class action lawsuit that had

27  recently been brought against Merrill Lynch by African-American FAs, to which Plaintiff

28  responded that he had not except when in his own office.  Plaintiff stated in effect that the

4475800.1                                    - 7 -

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

131

1   lawsuit reflected corporate realities and that what he knew about it he had read in the

2   paper.

3           (c)     With respect to subpart (c) of paragraph 28, Defendants deny these

4   allegations, except they admit that Ms. Lontoc asked Plaintiff whether he had made any

5   comments about the possibility of having an African-American manager, to which

6   Plaintiff responded to the effect that he did not care who the manager was as long he was

7   good and fair to the FAs.

8           (d)     With respect to subpart (d) of paragraph 28, Defendants deny these

9   allegations.

10          (e)     With respect to subpart (e) of paragraph 28, Defendants deny these

11  allegations, except they admit that Ms. Lontoc asked Plaintiff whether there were cliques

12  in the office and he responded to the effect that he was not aware of any cliques except the

13  new FAs, i.e., those in the Paths of Achievement program.

14          (f)     With respect to subpart (f) of paragraph 28, Defendants deny these

15  allegations, except they admit that Ms. Lontoc asked Plaintiff if he felt that the work

16  environment in the Cupertino office was toxic and he said he did not.

17          (g)     With respect to subpart (g) of paragraph 28, Defendants deny these

18  allegations, except they admit that Ms. Lontoc asked Plaintiff if he felt that the work

19  environment in the Cupertino office was hostile and he said he did not.

20          (h)     With respect to subpart (h) of paragraph 28, Defendants deny these

21  allegations, except they admit that Ms. Lontoc asked Plaintiff if he tried to get employees

22  to share details of their personal lives or make personal inquiries of them, which Plaintiff

23  denied.

24          (i)     With respect to subpart (i) of paragraph 28, Defendants deny these

25  allegations.

26          (j)     With respect to subpart (j) of paragraph 28, Defendants deny these

27  allegations.

28          29.     Deny the allegations of paragraph 29.

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

1      30.    With respect to the allegations of paragraph 30, state that to the extent such

2    allegations consist of statements and/or conclusions of law, no responsive pleading is

3    required.  To the extent a response is required, and further responding, Defendants deny

4    these allegations, except they admit that on or about August 22, 2006, Ms. Williams went

5    into Plaintiff's office and told him that, as he knew, HR had conducted an investigation

6    regarding allegations of discriminatory and inappropriate comments he had made; that the

7    investigation had validated the allegations against him; and that, based on Merrill Lynch's

8    zero tolerance anti-discrimination policy, his employment was being terminated.  Merrill

9    Lynch further state that the phrase "the questions" is vague and ambiguous and on that

10    additional basis deny that allegation.

11      31.    With respect to the allegations of paragraph 31, state that to the extent such

12    allegations consist of statements and/or conclusions of law, no responsive pleading is

13    required.  To the extent a response is required, Defendants admit these allegations.

14      32.    With respect to the allegations of paragraph 32, state that to the extent such

15    allegations consist of statements and/or conclusions of law, no responsive pleading is

16    required.  To the extent a response is required, Defendants admit these allegations, except

17    they deny that Plaintiff has any valid claim against any defendant under Labor Code section

18    2699.3(2)(B) and/or section 2699.

19      33.    With respect to the allegations of paragraph 33, state that such allegations

20    consist of statements and/or conclusions of law to which no responsive pleading is required.

21    To the extent a response is required, however, Defendants deny these allegations.

22    Furthermore, Defendants state that the phrase "unless the context clearly indicates

23    otherwise" is vague and ambiguous and on that additional basis deny those allegations.

24      34.    With respect to the allegations of paragraph 34, Merrill Lynch states that such

25    allegations consist of statements and/or conclusions of law to which no responsive pleading

26    is required.[1]

27

28

---

[1] Ms. Williams does not Answer as to this cause of action because the Complaint expressly states that it is brought only against Merrill Lynch. The remainder of the Answer proceeds in this fashion, answering on behalf of the specific defendant(s) named in each cause of action.

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

35.    With respect to the allegations of paragraph 35, Merrill Lynch states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is required, however, Merrill Lynch denies these allegations, except it admits that Plaintiff complained to Merrill Lynch about Mr. Barnao.

36.    With respect to the allegations of paragraph 36, state that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required.  To the extent a response is required, Merrill Lynch denies these allegations. Merrill Lynch further states that it lacks sufficient knowledge to form a belief as to the truth of the allegations regarding what Plaintiff believed and on that additional basis denies those allegations.  Further responding, Merrill Lynch states that the phrase "had a good faith belief in his complaints and warnings regarding the health and safety of the Merrill Lynch employees, including himself" is vague and ambiguous and, on that additional basis, denies those allegations.

37.    Merrill Lynch denies the allegations of paragraph 37.

38.    Merrill Lynch denies the allegations of paragraph 38.

39.    Merrill Lynch denies the allegations of paragraph 39.

40.    With respect to the allegations of paragraph 40, Merrill Lynch states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is required, however, Merrill Lynch denies these allegations and denies that Plaintiff is entitled to the relief requested.

41.    Merrill Lynch denies the allegations of paragraph 41.

42.    With respect to the allegations of paragraph 42, repeat and reallege the applicable responses contained herein.

43.    With respect to the allegations of paragraph 43, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

44.    With respect to the allegations of paragraph 44, to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required.  To the extent a response is required, however, Defendants deny these allegations except admit that

4475800.1

- 10 -

1    in or around August 2006 Plaintiff complained to Ms. Williams about Mr. Barnao.

2        45.    With respect to the allegations of paragraph 45, state that such allegations

3    consist of statements and/or conclusions of law to which no responsive pleading is required.

4    To the extent a response is required, however, Defendants deny these allegations.

5        46.    With respect to the allegations of paragraph 46, state that to the extent such

6    allegations consist of statements and/or conclusions of law, no responsive pleading is

7    required.  To the extent a response is required, Defendants deny these allegations.

8    Furthermore, Defendants state that they are without knowledge sufficient to form a belief as

9    to the truth of the allegations regarding what Plaintiff believed and on that additional basis

10    deny those allegations.

11        47.    Deny the allegations of paragraph 47.

12        48.    With respect to the allegations of paragraph 48, Defendants admit that

13    Plaintiff was discharged from his employment with Merrill Lynch on or around August 22,

14    2006.  Further responding, Defendants state that the phrase "[a]s set forth above" is vague

15    and ambiguous and on that basis deny that allegation.

16        49.    Deny the allegations of paragraph 49.

17        50.    Deny the allegations of paragraph 50 and deny that Plaintiff is entitled to the

18    relief requested.

19        51.    Deny the allegations of paragraph 51 and deny that Plaintiff is entitled to the

20    relief requested.

21        52.    Deny the allegations of paragraph 52 and deny that Plaintiff is entitled to the

22    relief requested.

23        53.    Deny the allegations of paragraph 53 and deny that Plaintiff is entitled to the

24    relief requested.

25        54.    Deny the allegations of paragraph 54.

26        55.    Deny the allegations of paragraph 55.

27        56.    Deny the allegations of paragraph 56 and deny that Plaintiff is entitled to the

28    relief requested.

4475800.1

- 11 -

1        57.    Deny the allegations of paragraph 57 and deny that Plaintiff is entitled to the

2   relief requested.

3        58.    With respect to the allegations of paragraph 58, repeat and reallege the

4   applicable responses contained herein.

5        59.    With respect to the allegations of paragraph 59, state that such allegations

6   consist of statements and/or conclusions of law to which no responsive pleading is required.

7        60.    With respect to the allegations of paragraph 60, state that to the extent such

8   allegations consist of statements and/or conclusions of law, no responsive pleading is

9   required.  To the extent a response is required, Defendants deny these allegations, except

10   they admit that the quoted excerpt from Merrill Lynch's Code of Ethics for Financial

11   Professionals is accurate.  Further responding, Defendants state that the phrases "requested

12   information," "the Gender Discrimination Litigation" and "the Racial Discrimination

13   Litigation" are vague and ambiguous and on that additional basis deny those allegations.

14        61.    With respect to the allegations of paragraph 61, state that to the extent such

15   allegations consist of statements and/or conclusions of law, no responsive pleading is

16   required.  To the extent a response is required, Defendants deny these allegations, except

17   they admit that Merrill Lynch policy requires cooperation in internal investigations and

18   provides that those who do so or who report incidents of misconduct in good faith will not be

19   retaliated against.  Further responding, Defendants state that the phrases "the Gender

20   Discrimination Litigation" and "the Racial Discrimination Litigation" are vague and

21   ambiguous and on that additional basis deny those allegations.

22        62.    Deny the allegations of paragraph 62.  Further responding, Defendants state

23   that the phrase "internal investigation(s) of the Gender Discrimination Litigation and the

24   Racial Discrimination Litigation" is vague and ambiguous and on that additional basis deny

25   those allegations.

26        63.    With respect to the allegations of paragraph 63, state that to the extent such

27   allegations consist of statements and/or conclusions of law, no responsive pleading is

28   required.  To the extent a response is required, Defendants deny the allegations of paragraph

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

1    63 and each subpart therein, except admit that Merrill Lynch policy requires cooperation

2    with internal investigations and provides that those who do so or who report incidents of

3    misconduct in good faith will not be retaliated against.  Further responding, Defendants state

4    that they are without knowledge sufficient to form a belief as to the truth of the allegations

5    regarding what Plaintiff believed and on that additional basis deny those allegations.

6    Defendants also state that the phrases "internal investigation(s) of the Gender Discrimination

7    Litigation and the Racial Discrimination Litigation," "the Gender Discrimination Litigation"

8    and "the Racial Discrimination Litigation" are vague and ambiguous and on that additional

9    basis deny those allegations.

10         64.    With respect to the allegations of paragraph 64, Defendants state that the

11   phrases "the questions," "the Gender Discrimination Litigation" and "the Racial

12   Discrimination Litigation" are vague and ambiguous and on that basis deny the allegations

13   of paragraph 64.  Further responding, Defendants state that they are without knowledge

14   sufficient to form a belief as to the truth of the allegation that Plaintiff answered questions

15   "truthfully and honestly" and on that additional basis deny those allegations.

16         65.    With respect to the allegations of paragraph 65, Defendants admit that

17   Plaintiff was discharged from his employment with Merrill Lynch on or around August 22,

18   2006.  Further responding, Defendants state that the phrase "[a]s set forth above" is vague

19   and ambiguous and on that basis deny that allegation.

20         66.    Deny the allegations of paragraph 66.

21         67.    Deny the allegations of paragraph 67.  Further responding, Defendants state

22   that the phrases "the Gender Discrimination Litigation" and "the Racial Discrimination

23   Litigation" are vague and ambiguous and on that additional basis deny those allegations.

24         68.    Deny the allegations of paragraph 68.

25         69.    With respect to the allegations of paragraph 69, Merrill Lynch repeats and

26   realleges the applicable responses contained herein.

27         70.    With respect to the allegations of paragraph 70, Merrill Lynch states that such

28   allegations consist of statements and/or conclusions of law to which no responsive pleading

1    is required.

2    71.    Merrill Lynch admits the allegations of paragraph 71.

3    72.    Merrill Lynch denies the allegations of paragraph 72. Further responding,

4    Merrill Lynch states that it is without knowledge sufficient to form a belief as to the truth of

5    the allegations regarding what Plaintiff "knew" and on that additional basis denies those

6    allegations.

7    73.    With respect to the allegations of paragraph 73, Merrill Lynch states that to

8    the extent such allegations consist of statements and/or conclusions of law, no responsive

9    pleading is required. To the extent a response is required, these allegations are denied,

10    except Merrill Lynch admits that racial and gender discrimination generally and the

11    remedies that should be provided therefor are a subject of political debate. Further

12    responding, Merrill Lynch states that the phrases "the Gender Discrimination Litigation"

13    and "the Racial Discrimination Litigation" are vague and ambiguous and on that additional

14    basis denies those allegations.

15    74.    Merrill Lynch denies the allegations of paragraph 74.

16    75.    Merrill Lynch denies the allegations of paragraph 75.

17    76.    Merrill Lynch denies the allegations of paragraph 76.

18    77.    Merrill Lynch denies the allegations of paragraph 77 and denies that Plaintiff

19    is entitled to the relief requested.

20    78.    Merrill Lynch denies the allegations of paragraph 78 and denies that Plaintiff

21    is entitled to the relief requested.

22    79.    Merrill Lynch denies the allegations of paragraph 79 and denies that Plaintiff

23    is entitled to the relief requested.

24    80.    Merrill Lynch denies the allegations of paragraph 80 and denies that Plaintiff

25    is entitled to the relief requested.

26    81.    Merrill Lynch denies the allegations of paragraph 81.

27    82.    Merrill Lynch denies the allegations of paragraph 82.

28    83.    Merrill Lynch denies the allegations of paragraph 83 and denies that Plaintiff

is entitled to the relief requested.

84.    Merrill Lynch denies the allegations of paragraph 84 and denies that Plaintiff is entitled to the relief requested.

85.    Merrill Lynch denies the allegations of paragraph 85 and denies that Plaintiff is entitled to the relief requested.

86.    With respect to the allegations of paragraph 86, Merrill Lynch repeats and realleges the applicable responses contained herein.

87.    With respect to the allegations of paragraph 87, Merrill Lynch states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

88.    Merrill Lynch admits the allegations of paragraph 88.

89.    Merrill Lynch denies the allegations of paragraph 89. Further responding, Merrill Lynch states that it is without knowledge sufficient to form a belief as to the truth of the allegations regarding what Plaintiff "knew" and on that additional basis denies those allegations.

90.    With respect to the allegations of paragraph 90, Merrill Lynch states that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required. To the extent a response is required, these allegations are denied, except Merrill Lynch admits that racial and gender discrimination generally and the remedies that should be provided therefor are a subject of political debate. Further responding, Merrill Lynch states that the phrases "the Gender Discrimination Litigation" and "the Racial Discrimination Litigation" are vague and ambiguous and on that additional basis denies those allegations.

91.    Merrill Lynch denies the allegations of paragraph 91.

92.    Merrill Lynch denies the allegations of paragraph 92.

93.    Merrill Lynch denies the allegations of paragraph 93 and denies that Plaintiff is entitled to the relief requested.

94.    Merrill Lynch denies the allegations of paragraph 94 and denies that Plaintiff

4475800.1

- 15 -

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

1    is entitled to the relief requested.

2      95.    Merrill Lynch denies the allegations of paragraph 95 and denies that Plaintiff

3    is entitled to the relief requested.

4      96.    Merrill Lynch denies the allegations of paragraph 96 and denies that Plaintiff

5    is entitled to the relief requested.

6      97.    Merrill Lynch denies the allegations of paragraph 97.

7      98.    Merrill Lynch denies the allegations of paragraph 98.

8      99.    Merrill Lynch denies the allegations of paragraph 99 and denies that Plaintiff

9    is entitled to the relief requested.

10      100.    Merrill Lynch denies the allegations of paragraph 100 and denies that

11    Plaintiff is entitled to the relief requested.

12      101.    Merrill Lynch denies the allegations of paragraph 101 and denies that

13    Plaintiff is entitled to the relief requested.

14      102.    With respect to the allegations of paragraph 102, Merrill Lynch repeats and

15    realleges the applicable responses contained herein.

16      103.    Merrill Lynch denies the allegations of paragraph 103, except it admits that

17    Plaintiff shared his opinions about management and other workplace matters with fellow

18    employees, management and Human Resources.

19      104.    Merrill Lynch denies the allegations of paragraph 104.

20      105.    Merrill Lynch denies the allegations of paragraph 105 and denies that

21    Plaintiff is entitled to the relief requested.

22      106.    Merrill Lynch denies the allegations of paragraph 106 and denies that

23    Plaintiff is entitled to the relief requested.

24      107.    Merrill Lynch denies the allegations of paragraph 107 and denies that

25    Plaintiff is entitled to the relief requested.

26      108.    Merrill Lynch denies the allegations of paragraph 108 and denies that

27    Plaintiff is entitled to the relief requested.

28      109.    Merrill Lynch denies the allegations of paragraph 109.

**140**

1  110. Merrill Lynch denies the allegations of paragraph 110.

2  111. Merrill Lynch denies the allegations of paragraph 111 and denies that

3 Plaintiff is entitled to the relief requested.

4  112. Merrill Lynch denies the allegations of paragraph 112 and denies that

5 Plaintiff is entitled to the relief requested.

6  113. Merrill Lynch denies the allegations of paragraph 113 and denies that

7 Plaintiff is entitled to the relief requested.

8  114. With respect to the allegations of paragraph 114, Merrill Lynch repeats and

9 realleges the applicable responses contained herein.

10  115. With respect to the allegations of paragraph 115, Merrill Lynch states that

11 such allegations consist of statements and/or conclusions of law to which no responsive

12 pleading is required.

13  116. With respect to the allegations of paragraph 116, Merrill Lynch states that

14 such allegations consist of statements and/or conclusions of law to which no responsive

15 pleading is required.  To the extent a response is deemed required, however, Merrill Lynch

16 denies these allegations, and in particular it denies that Plaintiff had any legally protected

17 privacy interest in making discriminatory or otherwise inappropriate remarks in the course of

18 sharing his opinions in the workplace and/or with coworkers.

19  117. With respect to the allegations of paragraph 117, Merrill Lynch states that

20 such allegations consist of statements and/or conclusions of law to which no responsive

21 pleading is required.  To the extent a response is deemed required, however, Merrill Lynch

22 denies the allegations or paragraph 117 and each of its subparts.

23  118. Merrill Lynch denies the allegations of paragraph 118.

24  119. Merrill Lynch denies the allegations of paragraph 119.

25  120. Merrill Lynch denies the allegations of paragraph 120, except Merrill Lynch

26 admits that Plaintiff was discharged from his employment with Merrill Lynch on or around

27 August 22, 2006. Further responding, Merrill Lynch states that the phrases "[a]s set forth

28 above" and "the coerced information" are vague and ambiguous and on that additional basis

4475800.1   - 17 -

1  denies those allegations.

2  121.  Merrill Lynch denies the allegations of paragraph 121.

3  122.  Merrill Lynch denies the allegations of paragraph 122 and denies that

4  Plaintiff is entitled to the relief requested.

5  123.  Merrill Lynch denies the allegations of paragraph 123 and denies that

6  Plaintiff is entitled to the relief requested.

7  124.  Merrill Lynch denies the allegations of paragraph 124 and denies that

8  Plaintiff is entitled to the relief requested.

9  125.  Merrill Lynch denies the allegations of paragraph 125 and denies that

10  Plaintiff is entitled to the relief requested.

11  126.  Merrill Lynch denies the allegations of paragraph 126.

12  127.  Merrill Lynch denies the allegations of paragraph 127.

13  128.  Merrill Lynch denies the allegations of paragraph 128 and denies that

14  Plaintiff is entitled to the relief requested.

15  129.  With respect to the allegations of paragraph 129, Merrill Lynch repeats and

16  realleges the applicable responses contained herein.

17  130.  With respect to the allegations of paragraph 130, Merrill Lynch states that

18  such allegations consist of statements and/or conclusions of law to which no responsive

19  pleading is required.

20  131.  With respect to the allegations of paragraph 131, Merrill Lynch states that

21  such allegations consist of statements and/or conclusions of law to which no responsive

22  pleading is required.

23  132.  With respect to the allegations of paragraph 132, Merrill Lynch states that

24  such allegations consist of statements and/or conclusions of law to which no responsive

25  pleading is required.

26  133.  Merrill Lynch denies the allegations of paragraph 133.

27  134.  With respect to the allegations of paragraph 134, Merrill Lynch states that

28  such allegations consist of statements and/or conclusions of law to which no responsive

4475800.1                          - 18 -

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

142

1    pleading is required.

2        135.    With respect to the allegations of paragraph 135, Merrill Lynch states that

3    such allegations consist of statements and/or conclusions of law to which no responsive

4    pleading is required.

5        136.    With respect to the allegations of paragraph 136, Merrill Lynch states that

6    such allegations consist of statements and/or conclusions of law to which no responsive

7    pleading is required.

8        137.    With respect to the allegations of paragraph 137, Merrill Lynch states that

9    such allegations consist of statements and/or conclusions of law to which no responsive

10    pleading is required.  Merrill Lynch notes, however, that there is no section 6301(a)(2) in the

11    California Labor Code.

12        138.    With respect to the allegations of paragraph 138, Merrill Lynch states that

13    such allegations consist of statements and/or conclusions of law to which no responsive

14    pleading is required.

15        139.    With respect to the allegations of paragraph 139, Merrill Lynch states that

16    such allegations consist of statements and/or conclusions of law to which no responsive

17    pleading is required.

18        140.    With respect to the allegations of paragraph 140, Merrill Lynch states that

19    such allegations consist of statements and/or conclusions of law to which no responsive

20    pleading is required.

21        141.    With respect to the allegations of paragraph 141, Merrill Lynch states that

22    such allegations consist of statements and/or conclusions of law to which no responsive

23    pleading is required.  Merrill Lynch notes, however, that there is no section 6407.7(a)(5) in

24    the California Labor Code.

25        142.    With respect to the allegations of paragraph 142, Merrill Lynch states that

26    such allegations consist of statements and/or conclusions of law to which no responsive

27    pleading is required.

28        143.    With respect to the allegations of paragraph 143, Merrill Lynch states that

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

**143**

1    such allegations consist of statements and/or conclusions of law to which no responsive

2    pleading is required.

3        144.    With respect to the allegations of paragraph 144, Merrill Lynch states that

4    such allegations consist of statements and/or conclusions of law to which no responsive

5    pleading is required.

6        145.    With respect to the allegations of paragraph 145, Merrill Lynch states that

7    such allegations consist of statements and/or conclusions of law to which no responsive

8    pleading is required.

9        146.    With respect to the allegations of paragraph 146, Merrill Lynch states that

10   such allegations consist of statements and/or conclusions of law to which no responsive

11   pleading is required.

12       147.    With respect to the allegations of paragraph 147, Merrill Lynch states that

13   such allegations consist of statements and/or conclusions of law to which no responsive

14   pleading is required.

15       148.    With respect to the allegations of paragraph 148, Merrill Lynch states that

16   such allegations consist of statements and/or conclusions of law to which no responsive

17   pleading is required.  Merrill Lynch notes, however, that the quoted text does not appear in

18   Civil Procedure Code section 527.8(k).

19       149.    With respect to the allegations of paragraph 149, Merrill Lynch states that

20   such allegations consist of statements and/or conclusions of law to which no responsive

21   pleading is required.

22       150.    With respect to the allegations of paragraph 150, Merrill Lynch states that

23   such allegations consist of statements and/or conclusions of law to which no responsive

24   pleading is required.

25       151.    With respect to the allegations of paragraph 151, Merrill Lynch states that

26   such allegations consist of statements and/or conclusions of law to which no responsive

27   pleading is required.

28       152.    With respect to the allegations of paragraph 152, Merrill Lynch states that

4475800.1

- 20 -

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

144

1    such allegations consist of statements and/or conclusions of law to which no responsive

2    pleading is required.  To the extent a response is deemed required, however, Merrill Lynch

3    denies these allegations.  Further responding, Merrill Lynch states that the phrase "each of

4    the designated constitutional provisions, statutes, and/or any rules or regulations

5    promulgated thereunder" is vague and ambiguous and, on that additional basis, denies those

6    allegations.

7        153.    With respect to the allegations of paragraph 153, Merrill Lynch states that

8    such allegations consist of statements and/or conclusions of law to which no responsive

9    pleading is required.

10       154.    With respect to the allegations of paragraph 154, Merrill Lynch states that

11   such allegations consist of statements and/or conclusions of law to which no responsive

12   pleading is required.  To the extent a response is deemed required, however, Merrill Lynch

13   denies these allegations.

14       155.    Merrill Lynch denies the allegations of paragraph 155, except it admits that

15   Plaintiff complained to Merrill Lynch about Mr. Barnao.

16       156.    Merrill Lynch denies the allegations of paragraph 156.  Further responding,

17   Merrill Lynch states that the phrase "the gender discrimination and/or sexual harassment" is

18   vague and ambiguous and on that additional basis denies those allegations.

19       157.    Merrill Lynch denies the allegations of paragraph 157.  Further responding,

20   Merrill Lynch states that the phrases "the Gender Discrimination Litigation" and "the Racial

21   Discrimination Litigation" are vague and ambiguous and on that additional basis denies

22   those allegations.

23       158.    Merrill Lynch denies the allegations of paragraph 158.  Further responding,

24   Merrill Lynch states that the phrases "the Gender Discrimination Litigation," "the Racial

25   Discrimination Litigation" and "the broader issues of racial and gender discrimination" are

26   vague and ambiguous and on that additional basis denies those allegations.

27       159.    Merrill Lynch denies the allegations of paragraph 159.  Further responding,

28   Merrill Lynch states that the phrases "the Gender Discrimination Litigation" and "the Racial

Discrimination Litigation" are vague and ambiguous and on that additional basis denies those allegations.

160. Merrill Lynch denies the allegations of paragraph 160.

161. Merrill Lynch denies the allegations of paragraph 161 and denies that Plaintiff is entitled to the relief requested.

162. Merrill Lynch denies the allegations of paragraph 162 and denies that Plaintiff is entitled to the relief requested.

163. Merrill Lynch denies the allegations of paragraph 163 and denies that Plaintiff is entitled to the relief requested.

164. Merrill Lynch denies the allegations of paragraph 164 and denies that Plaintiff is entitled to the relief requested.

165. Merrill Lynch denies the allegations of paragraph 165.

166. Merrill Lynch denies the allegations of paragraph 166.

167. Merrill Lynch denies the allegations of paragraph 167 and denies that Plaintiff is entitled to the relief requested.

168. With respect to the allegations of paragraph 168, Merrill Lynch repeats and realleges the applicable responses contained herein.

169. With respect to the allegations of paragraph 169, Merrill Lynch states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

170. With respect to the allegations of paragraph 170, Merrill Lynch states that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required. To the extent a response is required, these allegations are denied, except Merrill Lynch admits that its policies require cooperation with internal investigations, require employees who experience or observe work-related harassment to report it and provide that those who report incidents of misconduct in good faith will not be retaliated against. Merrill Lynch specifically denies that these policies constitute an agreement of any kind. Thus, the phrase "Non-Retaliation Agreement" as defined in this paragraph is vague

and ambiguous, and on that additional basis Merrill Lynch denies that allegation.

171. Merrill Lynch denies the allegations of paragraph 171. Further responding, Merrill Lynch states that the phrases "the Non-Retaliation Agreement," "the Gender Discrimination Litigation" and "the Racial Discrimination Litigation" are vague and ambiguous and on that additional basis denies those allegations.

172. Merrill Lynch denies the allegations of paragraph 172 and denies that Plaintiff is entitled to the relief requested.

173. Merrill Lynch denies the allegations of paragraph 173 and denies that Plaintiff is entitled to the relief requested.

174. With respect to the allegations of paragraph 174, Merrill Lynch repeats and realleges the applicable responses contained herein.

175. With respect to the allegations of paragraph 175, Merrill Lynch states that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

176. With respect to the allegations of paragraph 176, Merrill Lynch states that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required. To the extent a response is required, these allegations are denied, except Merrill Lynch admits that its policies provide that those who cooperate in internal investigations and/or report incidents of misconduct in good faith will not be retaliated against. Merrill Lynch specifically denies that these policies constitute a promise of any kind. Thus, the phrase "Non-Retaliation Promises" as defined in this paragraph is vague and ambiguous, and on that additional basis Merrill Lynch denies that allegation.

177. With respect to the allegations of paragraph 177, Merrill Lynch states that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required. To the extent a response is required, these allegations are denied. Further responding, Merrill Lynch states that the phrase "the Non-Retaliation Promises" is vague and ambiguous and on that additional basis denies that allegation.

178. With respect to the allegations of paragraph 178, Merrill Lynch states that to

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

147

the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required. To the extent a response is required, these allegations are denied, except Merrill Lynch admits that Plaintiff did complain to Ms. Williams and Merrill Lynch Human Resources about Mr. Barnao. Further responding, Merrill Lynch states that the phrase "the Non-Retaliation Promises" is vague and ambiguous and on that additional basis denies that allegation.

179. Merrill Lynch denies the allegations of paragraph 179 and denies that Plaintiff is entitled to the relief requested.

180. Merrill Lynch denies the allegations of paragraph 180 and denies that Plaintiff is entitled to the relief requested.

181. Merrill Lynch denies that Plaintiff is entitled to the relief he claims is due in his Prayer for Relief and all paragraphs (1 through 5) included therein.

## AFFIRMATIVE DEFENSES

Defendants asserts the following separate and independent affirmative defenses:

### AS AND FOR A
### FIRST AFFIRMATIVE DEFENSE

1. Each cause of action is barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A
### SECOND AFFIRMATIVE DEFENSE

2. Each cause of action in the Complaint is barred, in whole or in part, by the relevant statute of limitations, including but not limited to Civil Procedure Code section(s) 335.1, 337, 338, 339 and/or 340, Labor Code section 98.7 and/or Government Code section 12960.

4475800.1

- 24 -

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

148

1

<div align="center">

**AS AND FOR A**
**THIRD AFFIRMATIVE DEFENSE**

</div>

2

3        3.        Each cause of action in the Complaint is barred, in whole or in part,

4    because there is no private right of action for the violation alleged.

5

<div align="center">

**AS AND FOR A**
**FOURTH AFFIRMATIVE DEFENSE**

</div>

6

7        4.        Each cause of action in the Complaint is barred, in whole or in part,

8    because Plaintiff failed to exhaust his administrative and/or internal remedies prior to filing suit.

9

<div align="center">

**AS AND FOR A**
**FIFTH AFFIRMATIVE DEFENSE**

</div>

10

11        5.        Each cause of action in the Complaint is barred, in whole or in part, by the

12    doctrine of unclean hands.

13

<div align="center">

**AS AND FOR A**
**SIXTH AFFIRMATIVE DEFENSE**

</div>

14

15        6.        Each cause of action is barred, in whole or in part, because Plaintiff has not

16    sustained any injury or damage by reason of any act or omission of Defendants.

17

<div align="center">

**AS AND FOR A**
**SEVENTH AFFIRMATIVE DEFENSE**

</div>

18

19        7.        Each cause of action is barred, in whole or in part, because if Plaintiff was

20    damaged in any way as a result of the matters alleged in the Complaint, the damage or injury

21    was due wholly to his own conduct.

22

<div align="center">

**AS AND FOR A**
**EIGHTH AFFIRMATIVE DEFENSE**

</div>

23

24        8.        Without admitting any wrongful conduct by Defendants, the acts and

25    statements that are alleged to give rise to liability were and are protected by the doctrines of

26    justification and/or privilege and cannot form the basis of any tort claim.

27

28

4475800.1                                     - 25 -

<div align="center">

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

</div>

## AS AND FOR A
## NINTH AFFIRMATIVE DEFENSE

9.    Without admitting any wrongful conduct by Defendants, Plaintiff's claims for damages for physical injury and/or emotional distress are barred by the exclusive remedy provisions of the Workers' Compensation Act, California Labor Code section 3200 *et seq.*

## AS AND FOR A
## TENTH AFFIRMATIVE DEFENSE

10.    The claims for punitive damages in the Complaint are barred by California law and/or by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and/or by other constitutional and statutory protections.

## AS AND FOR A
## ELEVENTH AFFIRMATIVE DEFENSE

11.    Without admitting any wrongful conduct by Defendants, Plaintiff is not entitled to recover punitive damages because Plaintiff has failed to allege facts sufficient to state a claim for such damages, and the statutory requirements for an award of punitive damages pursuant to Civil Code section 3294 are not met.

## AS AND FOR A
## TWELFTH AFFIRMATIVE DEFENSE

12.    Without admitting any wrongful conduct by Defendants, Plaintiff is barred and precluded from recovery to the extent that he has failed to mitigate or reasonably attempt to mitigate his damages, if any, as required by law.

## AS AND FOR A
## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiff's purported causes of action for discrimination and retaliation fail because any actions or decisions Defendants made with respect to Plaintiff were done for legitimate, non-discriminatory or non-retaliatory reasons unrelated to Plaintiff's political views, any complaint he made or any other protected basis.

4475800.1                           - 26 -

AS AND FOR A
**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     Without admitting any wrongful conduct by Defendants, Defendant Merrill Lynch acted in good faith and had sufficient cause for the termination of Plaintiff.

AS AND FOR A
**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     Without admitting any wrongful conduct by Defendants, Defendants allege that Plaintiff was an "at-will" employee who could be discharged with or without cause under California Labor Code section 2922.

AS AND FOR A
**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     The remedies sought in some or all of Plaintiff's causes of action are barred, in whole or in part, because the penalties, attorney fees and damages sought are not commensurate with the violations alleged, and the Court should use its discretion to award no such penalties, attorney fees and damages.

AS AND FOR A
**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     Plaintiff is not entitled to punitive damages because Defendant Merrill Lynch maintains policies against discrimination and complies in good faith with the anti-discrimination laws.

AS AND FOR A
**EIGHTEENTH  AFFIRMATIVE DEFENSE**

18.     The claims in the Complaint are barred, in whole or in part, because the Defendants' acts were not spiteful, malicious, in bad faith or motivated by ill will or fraud. Rather, their acts were privileged, proper and taken in good faith and in accordance with their rights as set forth by statute and/or law.

AS AND FOR A
## NINETEENTH AFFIRMATIVE DEFENSE

19.    The claims in the Complaint are barred, in whole or in part, by the doctrines of estoppel, waiver, and consent.

AS AND FOR A
## TWENTIETH AFFIRMATIVE DEFENSE

20.    Each cause of action is barred, in whole or in part, because to the extent that Plaintiff was paid compensation beyond that to which he were entitled while employed by Merrill Lynch, such additional compensation would satisfy in whole or part any alleged claim for monetary relief.

AS AND FOR A
## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Each cause of action in the Complaint is barred, in whole or in part, by the unavailability of the damages requested, including without limitation, the unavailability of damages and/or attorney fees.

AS AND FOR A
## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Without admitting any wrongful conduct by Defendants, Plaintiff's claims for damages are barred, in whole or in part, because Defendants acquired new evidence after Plaintiff's termination that would have given Defendants additional and independent reasons to terminate Plaintiff's employment.

Further responding, Defendants state that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional affirmative defenses in the event that discovery indicates they would be appropriate.

Additionally, Defendants reserve the right to amend this answer if necessary.

DEFENDANTS' AMENDED ANSWER TO COMPLAINT

1

2                                    **PRAYER**

3            WHEREFORE, Defendants pray as follows:

4            1.      That Plaintiff take nothing by his Complaint and that such complaint be

5    dismissed with prejudice;

6            2.      That Defendants recover their costs and attorneys' fees incurred herein

7    pursuant to relevant statutes; and

8            3.      That the Court grant Defendants whatever other relief it deems appropriate.

9

10   DATED: February 26, 2008                    MUNGER, TOLLES & OLSON LLP
                                                 TERRY E. SANCHEZ
11                                               KATHERINE M. FORSTER
                                                 SORAYA C. KELLY
12

13

14                                       By: _Katherine M. Forster_ (SK)
15                                           KATHERINE M. FORSTER

16                                       Attorneys for Defendants
     MERRILL LYNCH, PIERCE, FENNER &
17   SMITH INCORPORATED and PATRICIA
     WILLIAMS
18

19

20

21

22

23

24

25

26

27

28

4475800.1
                                          - 29 -
                         DEFENDANTS' AMENDED ANSWER TO COMPLAINT

## VERIFICATION

I, Patricia Williams, have read and know the contents of the attached DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT, which becomes Defendants' operative pleading in this matter subject to a stipulation entered into by the parties on February 20, 2008, and pursuant to this Court's order dated February 25, 2008.

I am a Director of Merrill Lynch's Silicon Valley Capital Complex and a party to this action. Neither I nor any single representative of Merrill Lynch has personal knowledge of all the facts contained in the Complaint and Merrill Lynch's and my Amended Answer thereto. The information necessary to prepare the Amended Answer was obtained from a number of sources. With respect to those matters of which I have personal knowledge, I affirm that such facts are true, correct and complete. With respect to all other matters contained therein, I have been informed and believe that the matters stated therein are true, correct and complete.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at ~~San Jose~~ Newport Beach, California on this 10ᵗʰ day of March 2008.

_____
Patricia Williams

1                                    PROOF OF SERVICE

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3            I, the undersigned, declare: that I am employed in the aforesaid County; I am over
     the age of 18 and not a party to the within action; my business address is 355 South Grand
4    Avenue, Thirty-Fifth Floor, Los Angeles, California  90071-1560.

5            On March 10, 2008, I served upon the interested party(ies) in this action the
     foregoing document(s) described as:
6
                 DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S
7                VERIFIED COMPLAINT

8    ☒   By placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed
9        as stated on the attached service list.

10   ☒   BY MAIL  I caused such envelope(s) to be deposited with postage thereon fully prepaid
         in the United States mail at a facility regularly maintained by the United States Postal
11       Service at Los Angeles, California.  I am "readily familiar" with the firm's practice of
         collecting and processing correspondence for mailing.  Under that practice it would be
12       deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid
         at Los Angeles, California in the ordinary course of business.  I am aware that on motion
13       of the party served, service is presumed invalid if postal cancellation dated or postage
         meter date is more than one day after dated of deposit for mailing, pursuant to this
14       affidavit.

15   ☐   BY FEDERAL EXPRESS PRIORITY OVERNIGHT DELIVERY  I caused such
         envelope(s) to be placed for Federal Express collection and delivery at Los Angeles,
16       California.  I am "readily familiar" with the firm's practice of collection and processing
         correspondence for Federal Express mailing.  Under that practice it would be deposited
17       with the Federal Express office on that same day with instructions for overnight delivery,
         fully prepaid, at Los Angeles, California in the ordinary course of business.  I am aware
18       that on motion of the party served, service is presumed invalid if the Federal Express
         delivery date is more than one day after dated of deposit with the local Federal Express
19       office, pursuant to this affidavit.

20   ☒   BY FACSIMILE  By sending a copy of said document by facsimile machine for
         instantaneous transmittal via telephone line.

21
     ☒   BY E-MAIL I caused such document(s) to be sent by email transmission to the party(ies)
22       indicated below.

23   ☒   (STATE) I declare under penalty of perjury under the laws of the State of California that
         the foregoing is true and correct.

24
     ☐   (FEDERAL) I declare that I am employed in the office of a member of the Bar of this
25       Court at whose direction the service was made.

26

27

28
     4545356.1

1

Steven M. Fink, Esq.                          Via Mail, Facsimile and E-Mail
Mesirow & Fink

2

10 Almaden Boulevard, Suite 400
San Jose, CA  95113-2237

3

Phone: (408) 288-8100
Fax: (408) 288-9409

4

Email: smf@sjlawyers.com

5

Executed on March 10, 2008, at Los Angeles, California.

6

_____

7

Marie S. Young

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4545356.1

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Steven M. Fink, Esq.          SBN 47789<br>Mesirow & Fink<br>10 Almaden Boulevard, Suite 400<br>San Jose, CA 95113-2237<br>TELEPHONE NO.: (408) 288-8100   FAX NO.(Optional): (408) 288-9409<br>E-MAIL ADDRESS (Optional): smf@sjlawyers.com<br>ATTORNEY FOR (Name): Plaintiff, MARK L. GRINGERI | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: MARK L. GRINGERI

DEFENDANT/RESPONDENT: MERRILL LYNCH, PIERCE, FENNER & INC., et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): [X] UNLIMITED CASE    [ ] LIMITED CASE<br>(Amount demanded    (Amount demanded is $25,000<br>exceeds $25,000)    or less) | 1-07-CV-090322 |

---

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: November 27, 2007   Time: 3:00 pm   Dept.: 22   Div.:   Room:
Address of court (if different from the address above):

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. [X] This statement is submitted by party (name): Plaintiff, MARK L. GRINGERI
   b. [ ] This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): 7/20/07
   b. [ ] The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [X] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served (specify names and explain why not):
      (2) [ ] have been served but have not appeared and have not been dismissed (specify names):
      (3) [ ] have had a default entered against them (specify names):
   c. [ ] The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in [X] complaint [ ] cross-complaint   (describe, including causes of action):
      Ten Causes of Action for employment discrimination, wrongful termination and retaliation in violation of various Labor and Government Code sections and Public Policy; breach of contract; promissory estoppel.

---

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007]    Martin Dean's ESSENTIAL FORMS™

**CASE MANAGEMENT STATEMENT**

Page 1 of 4
Cal. Rules of Court,<br>rule 3.720-3.730<br>www.courtinfo.ca.gov

Ex. H          GRINGERI          157

PLAINTIFF/PETITIONER: MARK GRINGERI

DEFENDANT/RESPONDENT: MERRILL LYNCH, PIERCE, FENNER &

CM-110

SE NUMBER:
L-07-CV-090322

Case 5:08-cv-01453-JW    Document 1-3    Filed 07/17/2008    Page 32 of 60

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff was a long term (23+ years) employee of Defendant. He believes he was wrongfully terminated for protected activities and retaliated against when he complied with company investigations. Damages have not yet been determined.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☒ a jury trial    ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial)*:

6. **Trial date**
a. ☐ The trial has been set for *(date)*:
b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*:

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one)*:
a. ☒ days *(specify number)*: 7 days
b. ☐ hours (short causes) *(specify)*:

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption    ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section)*:

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☒ has ☐ has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date)*:
c. ☐ The case has gone to an ADR process *(indicate status)*:

GRINGERI

158

CM-110

| PLAINTIFF/PETITIONER: MARK GRINGERI | SE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MERRILL LYNCH, PIERCE, FENNER & | 1-07-CV-090322 |

10. d.   The party or parties are willing to participate in *(check all that apply)*:

(1) ☒ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify)* :

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court   *(specify exemption)* :

11. **Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)* :

12. **Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)* :

b. Reservation of rights:   ☐ Yes   ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)* :

13. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy   ☐ Other *(specify)* :

Status:

14. **Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1)  Name of case:

(2)  Name of court:

(3)  Case number:

(4)  Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party)* :

15. **Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)* :

16. **Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)* :

Martin Dean's
**ESSENTIAL FORMS**™

GRINGERI

**159**

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: MARIO GRINGERI | SE NUMBER: |
| DEFENDANT/RESPONDENT: MERRILL LYNCH, PIERCE, FENNER & | 1-07-CV-090322 |

**17. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| <u>Party</u> | <u>Description</u> | <u>Date</u> |
|---|---|---|
| Plaintiff | Depositions of defendants, witnesses | Yet to be determined |

    c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
Previous case management orders in this case are *(check one)*: ☒ none ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: November 9, 2007

| STEVEN M. FINK | ▶ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ▶ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached

**CASE MANAGEMENT STATEMENT**

Martin Dean's
ESSENTIAL FORMS™

GRINGERI

1  Santa Clara County Superior Court
   Case Name:  *Mark Gringeri v. Merrill Lynch, et al.*
2  Case No.: 1-07-CV-090322

3

4  ## PROOF OF SERVICE

5      I am a citizen of the United States and a resident of Santa Clara County; I am over the age of
   eighteen years and not a party to the within action. My business address is 10 Almaden Blvd., Suite 400,
6  San Jose, California 95113-2237.  On November 9, 2007, I served the following documents:

7  ## CASE MANAGEMENT STATEMENT

8      **BY CERTIFIED/RETURN-RECEIPT U.S. MAIL** on the following party(ies) in said action, in accordance with
   Code of Civil Procedure §1013(a) by placing a true copy thereof in a sealed envelope with postage fully prepaid, in a
9  designated area for outgoing mail at the place of business of MESIROW & FINK which mail is deposited that same day
   in a United States mailbox in the City of San Jose, State of California.

10

   X   **BY OVERNIGHT DELIVERY** on the following party(ies) in said action, in accordance with Code of Civil Procedure
11 §1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, in a
   designated area for outgoing overnight mail, addressed as set forth below.  In the ordinary course of business at
12 MESIROW & FINK mail placed in that designated area is picked up that same day for delivery the following business
   day.

13

       **BY FACSIMILE TRANSMISSION,** in accordance with Code of Civil Procedure §1013(e), to the following party(ies)
14 at the facsimile number(s) indicated.

15 Katherine Forster
   Munger, Tolles & Olson
16 355 South Grand Avenue, 35th Floor
   Los Angeles, CA 90071

17

       I declare under penalty of perjury that the foregoing is true and correct, and that this declaration
18 was executed in San Jose, California, on November 9, 2007.

19

20                                                 Sally M. Wagner

21

22

23

24

25

26

Mesirow 27
&
Fink 28

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Terry E. Sanchez (SBN 101318)<br>Katherine M. Forster (SBN 217609)<br>Munger, Tolles & Olson, LLP, 355 S. Grand Ave., 35th Floor<br>Los Angeles, CA 90071-1560<br>TELEPHONE NO.: (213) 683-9100    FAX NO. *(Optional)*: (213) 593-2838<br>E-MAIL ADDRESS *(Optional)*: Katherine.Forster@mto.com<br>ATTORNEY FOR *(Name)*: Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. et al. | **(ENDORSED)**<br>**FILED**<br>NOV 1 3 2007<br>KIRI TORRE<br>Chief Executive Officer<br>Superior Court of CA County of Santa Clara<br>BY _____ J. Zenzen _____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SANTA CLARA**

STREET ADDRESS: 191 N. First Street

MAILING ADDRESS: 191 N. First Street

CITY AND ZIP CODE: San Jose, CA 95113

BRANCH NAME: Downtown Superior Court

PLAINTIFF/PETITIONER: MARK L. GRINGERI

DEFENDANT/RESPONDENT: MERRILL LYNCH, PIERCE, FENNER & SMITH, INC

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one):  ☒ UNLIMITED CASE<br>(Amount demanded exceeds $25,000)    ☐ LIMITED CASE<br>(Amount demanded is $25,000 or less) | 107CV090322 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: November 27, 2007    Time: 3:00 p.m.    Dept.: 22    Div.:    Room:

Address of court *(if different from the address above)*:
161 N. First Street, San Jose, CA 95113

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1.  **Party or parties** *(answer one)*:
    a.  ☒  This statement is submitted by party *(name)*: Defts Merrill Lynch, Pierce, Fenner & Smith Inc., Patricia Williams
    b.  ☐  This statement is submitted **jointly** by parties *(names)*:

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date):*
    b.  ☐  The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  ☐  All parties *named* in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b.  ☐  The following *parties* named in the complaint or cross-complaint
        (1)  ☐  have not been served *(specify names and explain why not):*
        (2)  ☐  have been served but have not appeared and have not been dismissed *(specify names):*
        (3)  ☐  have had a default entered against them *(specify names):*
    c.  ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4.  **Description of case**
    a.  Type of case in  ☒ complaint    ☐ cross-complaint    *(describe, including causes of action):*
        Plaintiff's multiple claims include discrimination and retaliation in violation of Labor Code §§ 98.6(a) & (b), 232.5(a) & (c), 1101, 1102, 2699, 6310(a)(1) & (2), 6310(b); retaliation in violation of opposition and participation clauses of Gov't Code § 12940(h); invasion of privacy; wrongful termination; breach of contract and estoppel.

Page 1 of 4

American LegalNet, Inc.
www.FormsWorkflow.com

Ex. I

162

COPY    VIA FAX

CM-110

| PLAINTIFF/PETITIONER: MARK L. GRINGERI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MERRILL LYNCH, PIERCE, FENNER & SMITH | 107CV090322 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges that Defendants Merrill Lynch and Patricia Williams (collectively "Defendants") wrongfully terminated his employment for discriminatory and retaliatory reasons in violation of state statutory and common law. Plaintiff is seeking compensatory and punitive damages.

Defendants deny Plaintiff's allegations. Defendants maintain that Plaintiff was an at-will employee whose employment was terminated for legitimate, non-discriminatory, and non-retaliatory reasons. Specifically, after learning that Plaintiff may have made inappropriate and discriminatory comments to coworkers, Merrill Lynch investigated, concluded that he had made such comments in violation of company policy and terminated his employment for that reason.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*
Plaintiff has requested a jury trial.

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* A trial date in late August 2008 (approx. 14 months from filing) should accommodate the necessary discovery, summary judgment motion practice, witness' schedules and trial counsel's schedules.
c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):* Defense counsel have an arbitration in Texas commencing on June 2, 2008, and a trial in Los Angeles that will likely be set to commence on July 8, 2008, or July 22, 2008.

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☒ days *(specify number):* 5 to 7 days
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: MARK L. GRINGERI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MERRILL LYNCH, PIERCE, FENNER & SMITH | 107CV090322 |

10. d.    The party or parties are willing to participate in (check all that apply):
- (1) ☒ Mediation
- (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
- (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
- (4) ☐ Binding judicial arbitration
- (5) ☐ Binding private arbitration
- (6) ☐ Neutral case evaluation
- (7) ☐ Other (specify):

e.    ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f.    ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g.    ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

11. Settlement conference
   ☐ The party or parties are willing to participate in an early settlement conference (specify when):

12. Insurance
   a.  ☒ Insurance carrier, if any, for party filing this statement (name): XL Insurance Ltd.
   b.  Reservation of rights:  ☐ Yes  ☐ No
   c.  ☐ Coverage issues will significantly affect resolution of this case (explain):

13. Jurisdiction
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy   ☐ Other (specify):
   Status:

14. Related cases, consolidation, and coordination
   a.  ☐ There are companion, underlying, or related cases.
       (1) Name of case:
       (2) Name of court:
       (3) Case number:
       (4) Status:
       ☐ Additional cases are described in Attachment 14a
   b.  ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by (name party):

15. Bifurcation
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

16. Other motions
   ☒ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):
   This case is still in its early stages.  Defendants expect to file a motion for summary judgment or summary adjudication, and possibly discovery motions.

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: MARK L. GRINGERI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MERRILL LYNCH, PIERCE, FENNER & SMITH | 107CV090322 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Defendant | Defendant's Interrogatories & Document Requests | Served 09/10/07 |
| Defendant | Responses to Plaintiff's Document Requests | Served 10/12/07 |
| Defendant | Responses to Plaintiff's Interrogatories | Served 10/19/07 |
| Defendant | Deposition of Plaintiff | Set for 01/14/08 |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☒ none ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____0_____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: November 12, 2007

KATHERINE M. FORSTER

| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
|---|---|

| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
|---|---|

☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]                                                                 Page 4 of 4

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkflow.com

165



(ENDORSED)
**FILED**

NOV 1 3 2007

KIRI TORRE
Chief Executive Officer
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

      I, the undersigned, declare that I am over the age of 18 and not a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California 90071-1560.

      On November 13, 2007, I served upon the interested party(ies) in this action the foregoing document(s) described as:

**CASE MANAGEMENT STATEMENT**

☐  By placing ☐ the original(s) ☒ a true and correct copy(ies) thereof, as set out below, in an addressed, sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) set forth on the attached service list.

☒  **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such envelope(s) to be placed in interoffice mail for collection and deposit in the United States Postal Service at 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California, on that same date, following ordinary business practices. I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

☐  **BY FEDERAL EXPRESS PRIORITY OVERNIGHT DELIVERY (AS INDICATED ON ATTACHED SERVICE LIST)** I delivered the sealed Federal Express envelope(s) to an employee authorized by Federal Express to receive documents, with delivery fees paid or provided for.

☒  **BY Electronic Mail (AS INDICATED ON ATTACHED SERVICE LIST)** By sending a copy of said document by electronic mail for instantaneous transmittal.

☐  **BY FACSIMILE (AS INDICATED ON ATTACHED SERVICE LIST)** By causing to be sent a true and correct copy(ies) of said document via facsimile transmission. The transmission was reported as complete and without error. A true and correct copy of the machine's transmission report, indicating the date and time that the transmission was completed without error is attached to this proof of service and is incorporated herein by this reference. The telephone number of the facsimile machine I used was (213) 683-9510. This facsimile machine complies with Rule 2003(3) of the California Rules of Court.

☒  **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.


      Executed on November 13, 2007, at Los Angeles, California.

*Monica J. Walker*
Monica J. Walker

1

## SERVICE LIST

2

3

4

Steven M. Fink, Esq.
MESIROW & FINK                smf@sjlawyers.com
10 Almaden Boulevard
San Jose, CA 95113-2237
Telephone:  408-288-8100
Facsimile:  408-288-9409

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3544312.1

- 2 -

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. First Street
San Jose, CA 95113-1090


TO:   Katherine M Forster
      Munger Tolles & Olson
      355 S. Grand  35th Floor
      Los Angeles,  CA 90071-1560


RE:  M. Gringeri. vs Merrill Lynch, et al
Case Nbr:  1-07-CV-090322

### NOTICE OF MEDIATION STATUS CONFERENCE

The above entitled case has been referred to mediation per the parties'
stipulation.

Within 20 days of the stipulation to mediation, the parties shall agree on a
mediator and a mediation date.  Within the same 20-day period, plaintiff's
counsel shall either complete and submit to the ADR Administrator the
enclosed ADR Stipulation and Order form (Local Civil Rule 2(b)(2)), or shall
submit the same information by letter.

The parties may use the court referral service by contacting the ADR
Administrator at (408) 882-2530 or by accessing the Court web site at
www.sccsuperiorcourt.org/civil/ADR.  Parties may also make their own
arrangements for a mediator, but must submit the name of the mediator and
date of mediation within 20 days in any event.


The Mediation Status Conference for the above entitled case is:
ON: 02/28/08  AT: 1030AM  IN: Dept 22
Superior Court, 191 N. 1st Street, San Jose, CA 95113

_____

COPIES TO:

CC: Steven M. Fink , Mesirow Fink Eisenhart & Dawson
        10 Almaden Boulevard, Suite 400, San Jose, CA 95113-2226


If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's Office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD. California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 12-3-08.  KIRI TORRE, Chief Executive Officer/Clerk by Jane Lu, Deputy

Ex. J                              168

ATTACHMENT CV-5008

| ATTORNEY OR PARTY WITHOUT AN ATTORNEY (NAME AND ADDRESS)<br>STEVEN M. FINK, SBN 47789<br>MESIROW & FINK<br>10 Almaden Blvd., #400, San Jose, CA 95113<br>ATTORNEY FOR (Name): **Plaintiff, Mark L. Gringeri** | TELEPHONE NUMBER:<br>(408)288-8100 | FOR COURT USE ONLY |
|---|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS:       191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE:    San Jose, California  95113
BRANCH NAME:

PLAINTIFF:  **MARK L. GRINGERI**

DEFENDANT:  **MERRILL LYNCH, etc., et al.**

| **ADR STIPULATION AND ORDER FORM** | CASE NUMBER:<br>**1-07-CV-090322** |
|---|---|

Pursuant to California Rule of Court 3.221(a)(4), the parties and their attorneys stipulate that all parties in this action have appeared, and the claims in this action shall be submitted to the following alternative dispute resolution process:

☑ Mediation
☐ Neutral Evaluation
☐ Referee/Special Master
☐ Settlement Conference with Private Neutral
☐ Binding Arbitration
☐ Non-binding Judicial Arbitration pursuant to CCP §1141.10 et seq., CRC Rule 3.810 et seq.
    ☐ Discovery will remain open until 30 days before trial
☐ Other:_____

It is also stipulated that __HON. HARRY W. LOW (Ret.)__ (name of individual neutral, not organization) shall serve as __mediator_____ (neutral function/process) and that the session will take place on _____2/5/08_____ (enter a FIRM date) at _____9:30 a.m._____ (time).

This  is ☑ is not ☐  an  Order after CMC Hearing.  The CMC Hearing was held on _____11/27/07_____.

Date: __January 24, 2008__

STEVEN M. FINK
    (Type or Print Name)

KATHERINE M. FORSTER
    (Type or Print Name)

_____
    (Type or Print Name)

_____
    (Type or Print Name)

_____
    (Signature)

_____
    (Signature)

_____
    (Signature)

_____
    (Signature)

(Attach Additional Signature Pages if Necessary)

**ORDER ON REVERSE SIDE**

CV-5008 REV 1/08                **ADR STIPULATION AND ORDER FORM**                Page 1 of 2

Ex. K

169

ATTACHMENT CV-5008

**ORDER:**
Case Number: 1-07-CV-090322 _____

☐ The Case Management Conference currently set for _____, 20_____, at_____AM/PM in Department _____ is hereby vacated.

☑ Mediation Status Review
☐ Case Status Review re:_____
☐ Trial Setting Conference

is set for __February 28__, 20 _08_, at __10:30__ AM/PM in Department ___22___.

☐ Judicial Arbitration Order Review Hearing will be set by notice upon assignment of the arbitrator.

☐ Trial Setting Conference following ADR Review is set for _____, 20_____, at_____ AM/PM in Department _____.

IT IS SO ORDERED.

Date:_____        _____
                                                Judge of the Superior Court

---

☐                    **CLERK'S CERTIFICATE OF PERSONAL SERVICE**

I certify that I am not a party to this cause and that a true and correct copy of this document was hand-delivered to the parties listed below at _____ (time) on _____ (date) in the Clerk's Office, Calendar Unit of the Santa Clara County Superior Court, located at 191 N. First Street, San Jose, California.

Kiri Torre, Clerk of the Court, by _____, Deputy Clerk

☐                    **CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party to this cause and that a true and correct copy of this document was mailed first class postage prepaid in a sealed envelope addressed as shown below and the document was mailed at _____ (time) on _____ (date) in San Jose, California.

Kiri Torre, Clerk of the Court, by _____, Deputy Clerk

TO:_____        TO:_____
_____        _____
_____        _____
_____        _____

TO:_____        TO:_____
_____        _____
_____        _____
_____        _____

---

CV-5008 REV 1/08            **ADR STIPULATION AND ORDER FORM**            Page 2 of 2

170

ENDORSED FILED

09 FEB 27 AM 8:18

1  TERRY E. SANCHEZ (State Bar No. 101318)
   KATHERINE M. FORSTER (State Bar No. 217609)
2  SORAYA C. KELLY (State Bar No. 252993)
   MUNGER, TOLLES & OLSON LLP
3  355 South Grand Avenue
   Thirty-Fifth Floor
4  Los Angeles, CA 90071-1560
   Telephone:    (213) 683-9100
5  Facsimile:     (213) 687-3702

6  Attorneys for Defendants
   MERRILL LYNCH, PIERCE, FENNER & SMITH
7  INCORPORATED and PATRICIA WILLIAMS

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  COUNTY OF SANTA CLARA

10

11  MARK L. GRINGERI,                    CASE NO. 107CV090322

12          Plaintiff,

13      vs.                              STIPULATION AND ORDER TO AMEND
                                         ANSWER OF DEFENDANTS MERRILL
14  MERRILL LYNCH, PIERCE, FENNER        LYNCH, PIERCE, FENNER & SMITH,
    & SMITH INCORPORATED, PAT            INCORPORATED AND PATRICIA
15  WILLIAMS, and DOES 1 through 25,     WILLIAMS TO ADD AFFIRMATIVE
    inclusive,                           DEFENSE

16          Defendants.

17

18

19          IT IS HEREBY STIPULATED AND AGREED by and between the parties to the

20  above-captioned matter, through their respective counsel of record, pursuant to California Code

21  of Civil Procedure Section 473(a)(1), that an Order be entered permitting Defendants to file an

22  Amended Answer which adds only a twenty-second affirmative defense, based on the after-

23  acquired evidence doctrine, which shall read as follows:

24          "Without admitting any wrongful conduct by Defendants, Plaintiff's claims for

25  damages are barred, in whole or in part, because Defendants acquired new evidence after

26  Plaintiff's termination that would have given Defendants additional and independent reasons to

27  terminate Plaintiff's employment."

28

4512239.1

STIPULATION AND ORDER TO AMEND DEFENDANTS' ANSWER

Ex. L

171

1    A copy of Defendants' Amended Answer is attached as Exhibit A and shall be

2    deemed the operative pleading in this matter upon the Court's approval of this Stipulation and

3    Order.  The twenty-second affirmative defense now appears on page 28, line 18 of the Amended

4    Answer.

5

6    DATED: _2/20/08_____, 2008          MUNGER, TOLLES & OLSON LLP

7                                        TERRY E. SANCHEZ
                                         KATHERINE M. FORSTER
8                                        SORAYA C. KELLY

9

10                                       By: _Katherine M Forster_ (SK)
                                             KATHERINE M. FORSTER
11

12                                       Attorneys for Defendants
                                         MERRILL LYNCH, PIERCE, FENNER &
13                                       SMITH INCORPORATED and PATRICIA
                                         WILLIAMS
14

15

16    DATED: _2/20/08_, 2008             MESIROW & FINK
                                         STEVEN M. FINK
17

18                                       By: _____
19                                              STEVEN M. FINK

20                                       Attorneys for Plaintiff
                                         MARK L. GRINGERI
21

22

23                    * * * * *

24

25                    **ORDER**

26    The Court approves the Stipulation entered into by the parties regarding the

27    Amended Answer of Defendants.  Defendants' Amended Answer to Plaintiff's Complaint,

28

4512239.1                          - 2 -
STIPULATION AND ORDER TO AMEND DEFENDANTS' ANSWER

1 | attached as Exhibit A to this Stipulation and Order, which adds only a twenty-second affirmative

2 | defense, shall be the operative pleading in this matter for Defendants.

3 | Dated: _____2-25_____, 2008

KEVIN J. MURPHY

4 |

_____

5 | Judge of the Superior Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4512239.1

- 3 -

STIPULATION AND ORDER TO AMEND DEFENDANTS' ANSWER

173

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. First Street
San Jose, CA  95113-1090


TO:    Katherine M Forster
       Munger Tolles & Olson
       355 S. Grand  35th Floor
       Los Angeles,  CA 90071-1560


RE:  M. Gringeri vs Merrill Lynch, et al
Case Nbr:  1-07-CV-090322


NOTICE OF FURTHER CASE MANAGEMENT CONFERENCE

A further Case Management Conference has been scheduled for the above
entitled case, and you are directed to appear in court on:

Date: 06/24/08  At: 1000AM  in: Dept 22

Superior Court, 191 North First St., San Jose, CA  95113


For further information, contact the Calendar Office at (408)882-2100.

_____

Parties/Attorneys of Record:

CC: Steven M. Fink , Mesirow Fink Eisenhart & Dawson
       10 Almaden Boulevard, Suite 400, San Jose, CA 95113-2226


If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD California Relay Service, (800)735-2922.

 DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 3-5-08.  KIRI TORRE, Chief Executive Officer/Clerk by Jane Lu, Deputy


Ex. M

174

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

Steven M. Fink, Esq.                    SBN 47789
Mesirow & Fink
10 Almaden Boulevard, Suite 400
San Jose, CA 95113-2237
TELEPHONE NO.: (408) 288-8100   FAX NO. *(Optional)*: (408) 288-9409
E-MAIL ADDRESS *(Optional)*: smf@sjlawyers.com
ATTORNEY FOR *(Name)*: Plaintiff, MARK L. GRINGERI

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: MARK L. GRINGERI

DEFENDANT/RESPONDENT: MERRILL LYNCH, PIERCE, FENNER & INC., et al.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| **(Check one):** ☒ UNLIMITED CASE (Amount demanded exceeds $25,000) | ☐ LIMITED CASE (Amount demanded is $25,000 or less) | 1-07-CV-090322 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: June 24, 2008    Time: 10:00 am  Dept.: 22    Div.:    Room:
Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☒ This statement is submitted by party *(name)*: Plaintiff, MARK L. GRINGERI
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: 7/20/07
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☒ complaint  ☐ cross-complaint    *(describe, including causes of action)*:
   Ten Causes of Action for employment discrimination, wrongful termination and retaliation in violation of various Labor and Government Code sections and Public Policy; breach of contract; promissory estoppel.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]



**CASE MANAGEMENT STATEMENT**

Page 1 of 4
Cal. Rules of Court,
rule 3.720-3.730
www.courtinfo.ca.gov

Ex. N                    GRINGERI

175

CM-110

PLAINTIFF/PETITIONER: MARIO GRINGERI

DEFENDANT/RESPONDENT: MERRILL LYNCH, PIERCE, FENNER &

SE NUMBER:
1-07-CV-090322

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff was a long term (23+ years) employee of Defendant.  He believes he was wrongfully terminated for protected activities and retaliated against when he complied with company investigations. Damages have not yet been determined.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial)* :

6. **Trial date**
   a. ☐ The trial has been set for *(date)* :
   b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)* :

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one)* :
   a. ☒ days *(specify number)* :  7 days
   b. ☐ hours (short causes) *(specify)* :

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section)* :

10. **Alternative Dispute Resolution (ADR)**
   a. Counsel ☒ has ☐ has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
   b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date)* :
   c. ☐ The case has gone to an ADR process *(indicate status)* :

**CASE MANAGEMENT STATEMENT**

Martin Dean's
ESSENTIAL FORMS™

GRINGERI

**176**

| PLAINTIFF/PETITIONER: MARK GRINGERI | SE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MERRILL LYNCH, PIERCE, FENNER & | 1-07-CV-090322 |

10. d.  The party or parties are willing to participate in (check all that apply):
  (1) ☒ Mediation
  (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
  (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
  (4) ☐ Binding judicial arbitration
  (5) ☐ Binding private arbitration
  (6) ☐ Neutral case evaluation
  (7) ☐ Other (specify):

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court    (specify exemption):

11. **Settlement conference**
  ☐ The party or parties are willing to participate in an early settlement conference(specify when):

12. **Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement (name):
  b. Reservation of rights:  ☐ Yes  ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case(explain):

13. **Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
  ☐ Bankruptcy  ☐ Other (specify):
  Status:

14. **Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
     (1) Name of case:
     (2) Name of court:
     (3) Case number:
     (4) Status:
     ☐ Additional cases are described in Attachment 14a.
  b. ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by (name party):

15. **Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

16. **Other motions**
  ☒ The party or parties expect to file the following motions before trial(specify moving party, type of motion, and issues):
  Motion to file amended complaint.

Martin Dean's
ESSENTIAL FORMS™

GRINGERI

**177**

CM-110

PLAINTIFF/PETITIONER: MARIE GRINGERI

DEFENDANT/RESPONDENT: MERRILL LYNCH, PIERCE, FENNER &

CASE NUMBER: 1-07-CV-090322

17. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Depositions of parties and witnesses | June 11, 12, and ongoing thereafter |

   c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**
   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

21. **Case management orders**
   Previous case management orders in this case are *(check one)*: ☒ none   ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  June 5, 2008

STEVEN M. FINK
(TYPE OR PRINT NAME)                    ▶ _____
                                          (SIGNATURE OF PARTY OR ATTORNEY)

_____                ▶ _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

**CASE MANAGEMENT STATEMENT**

Martin Dean's
ESSENTIAL FORMS™

GRINGERI

178

1  Santa Clara County Superior Court
   Case Name:  *Mark Gringeri v. Merrill Lynch, et al.*
2  Case No.: 1-07-CV-090322

3

4                    <u>PROOF OF SERVICE</u>

5        I am a citizen of the United States and a resident of Santa Clara County; I am over the age of
   eighteen years and not a party to the within action.  My business address is 10 Almaden Blvd., Suite 400,
6  San Jose, California 95113-2237.  On June 5, 2008, I served the following documents:

7                CASE MANAGEMENT STATEMENT

8  __     **BY CERTIFIED/RETURN-RECEIPT U.S. MAIL** on the following party(ies) in said action, in accordance with
         Code of Civil Procedure §1013(a) by placing a true copy thereof in a sealed envelope with postage fully prepaid, in a
9        designated area for outgoing mail at the place of business of MESIROW & FINK which mail is deposited that same day
         in a United States mailbox in the City of San Jose, State of California.
10

11  X    **BY OVERNIGHT DELIVERY** on the following party(ies) in said action, in accordance with Code of Civil Procedure
         §1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, in a
12       designated area for outgoing overnight mail, addressed as set forth below.  In the ordinary course of business at
         MESIROW & FINK mail placed in that designated area is picked up that same day for delivery the following business
13       day.

    __   **BY FACSIMILE TRANSMISSION,** in accordance with Code of Civil Procedure §1013(e), to the following party(ies)
14       at the facsimile number(s) indicated.

15  Katherine Forster
    Munger, Tolles & Olson
16  355 South Grand Avenue, 35th Floor
    Los Angeles, CA 90071
17
        I declare under penalty of perjury that the foregoing is true and correct, and that this declaration
18  was executed in San Jose, California, on June 5, 2008.

19

20                              Sally M. Wagner

21

22

23

24

25

26

Mesirow  27
  &
Fink     28

CM-110

<table>
<tr><td>

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Terry E. Sanchez (SBN 101318); Katherine M. Forster (SBN 217609)
Soraya C. Kelly (SBN 252993)
Munger, Tolles & Olson, LLP, 355 S. Grand Ave., 35th Floor
Los Angeles, CA 90071-1560
　　TELEPHONE NO.: (213) 683-9100　　FAX NO. (Optional): (213) 593-2838
E-MAIL ADDRESS (Optional): Katherine.Forster@mto.com
　　ATTORNEY FOR (Name): Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. et al.

</td><td>

FOR COURT USE ONLY
ENDORSED
2009 JUN 10 P 3: 52
[stamp] CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY _____ DEPUTY CLERK
M. Rosales

</td></tr>
</table>

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SANTA CLARA**
　STREET ADDRESS: 191 N. First Street
　MAILING ADDRESS: 191 N. First Street
　CITY AND ZIP CODE: San Jose, CA 95113
　BRANCH NAME: Downtown Superior Court

PLAINTIFF/PETITIONER: MARK L. GRINGERI

DEFENDANT/RESPONDENT: MERRILL LYNCH, PIERCE, FENNER & SMITH, INC

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER. |
|---|---|---|
| (Check one): ☒ UNLIMITED CASE (Amount demanded exceeds $25,000) | ☐ LIMITED CASE (Amount demanded is $25,000 or less) | 1-07-CV-090322 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: June 24, 2008　　Time: 10:00 a.m.　　Dept.: 22　　Div.:　　Room:
Address of court (if different from the address above):
161 N. First Street, San Jose, CA 95113

　　**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
　a. ☒　This statement is submitted by party (name): Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc. and Patricia Williams
　b. ☐　This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
　a.　The complaint was filed on (date):
　b. ☐　The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
　a. ☐　All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
　b. ☐　The following parties named in the complaint or cross-complaint
　　(1) ☐　have not been served (specify names and explain why not):
　　(2) ☐　have been served but have not appeared and have not been dismissed (specify names):
　　(3) ☐　have had a default entered against them (specify names):
　c. ☐　The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
　a.　Type of case in ☒ complaint　☐ cross-complaint　(describe, including causes of action):
　　Plaintiff's claims include discrimination and retaliation in violation of Labor Code §§ 98.6(a) & (b), 232.5(a) & (c), 1101, 1102, 2699, 6310(a)(1) & (2), 6310(b); retaliation in violation of opposition and participation clauses of Gov't Code § 12940(h); invasion of privacy; wrongful termination; breach of contract; promissory estoppel.

Page 1 of 4

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720-3.730<br>www.courtinfo.ca.gov |
|---|---|---|

Ex. O

180

CM-110

| PLAINTIFF/PETITIONER: MARK L. GRINGERI | CASE NUMBER:<br>1-07-CV-090322 |
|---|---|
| DEFENDANT/RESPONDENT: MERRILL LYNCH, PIERCE, FENNER & SMITH INC | |

4. b.    Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges that Defendants Merrill Lynch and Patricia Williams (collectively "Defendants") wrongfully terminated his employment for discriminatory and retaliatory reasons in violation of state statutory and common law.  Plaintiff is seeking compensatory and punitive damages, the amount of which has not yet been determined.
Defendants deny Plaintiff's allegations.  Defendants maintain that Plaintiff was an at-will employee whose employment was terminated for legitimate, non-discriminatory, and non-retaliatory reasons.  Specifically, after learning that Plaintiff may have made inappropriate and discriminatory comments to coworkers, Merrill Lynch conducted an investigation, concluded that Plaintiff had in fact made such comments in violation of company policy, and terminated his employment for that reason.

☐    *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.    **Jury or nonjury trial**
The party or parties request    ☒    a jury trial    ☐    a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*
Plaintiff has requested a jury trial.

6.    **Trial date**
a.    ☐    The trial has been set for *(date):*
b.    ☒    No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* A trial date in early January 2009 (approx. 18 months from filing) should accommodate the necessary discovery, summary judgment motion practice, witness' schedules and trial counsel's schedules.
c.    Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Defense counsel have out-of-town commitments on November 13, 2008.

7.    **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.    ☒    days *(specify number):* 5 to 7 days
b.    ☐    hours (short causes) *(specify):*

8.    **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial    ☒    by the attorney or party listed in the caption    ☐    by the following:
a.    Attorney:
b.    Firm:
c.    Address:
d.    Telephone number:
e.    Fax number:
f.    E-mail address:
g.    Party represented:
☐    Additional representation is described in Attachment 8.

9.    **Preference**
☐    This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.    Counsel    ☒    has    ☐    has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.    ☐    All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.    ☐    The case has gone to an ADR process *(indicate status):*

**181**

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: MARK L. GRINGERI | CASE NUMBER: |
| DEFENDANT/RESPONDENT: MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. | 1-07-CV-090322 |

10. d. The party or parties are willing to participate in *(check all that apply):*

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

a. ☒ Insurance carrier, if any, for party filing this statement *(name):* XL Insurance Ltd.

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

This case is still in the discovery stage. Defendants expect to file a motion for summary judgment or summary adjudication, and possibly discovery motions.

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: MARK L. GRINGERI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. | 1-07-CV-090322 |

**17. Discovery**

    a. ☐  The party or parties have completed all discovery.

    b. ☒  The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Defendant | Deposition of Plaintiff | 06/24/08 - 06/25/08 |
| Plaintiff | Deposition of various Merrill Lynch witnesses | 06/11/08 to 08/08 |

    c. ☐  The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

    a. ☐  This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐  This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

    ☐  The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

    a. ☒  The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b.  After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

    Previous case management orders in this case are *(check one)*:  ☒  none  ☐  attached as Attachment 21.

**22.** Total number of pages attached *(if any)*:  ____0____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: June 10, 2007

KATHERINE M. FORSTER
_____
          (TYPE OR PRINT NAME)

▶ _____
          (SIGNATURE OF PARTY OR ATTORNEY)

_____
          (TYPE OR PRINT NAME)

▶ _____
          (SIGNATURE OF PARTY OR ATTORNEY)

    ☐  Additional signatures are attached

**CASE MANAGEMENT STATEMENT**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. First Street
San Jose, CA  95113-1090


TO:    Katherine M Forster
       Munger Tolles & Olson
       355 S. Grand  35th Floor
       Los Angeles,  CA 90071-1560


RE:  M. Gringeri vs Merrill Lynch, et al
Case Nbr:  1-07-CV-090322

### NOTICE OF TRIAL SETTING CONFERENCE

A Trial Setting Conference has been scheduled for:

Date: 08/19/08  At: 1100AM  in: Dept 22

Superior Court, 191 North First Street, San Jose, Ca., 95113



NOTE:   EXCEPT UPON FURTHER ORDER OF THE COURT, RESETTING ORDERS WILL HAVE NO
EFFECT UPON THE DATES FOR DISCOVERY CUTOFF, PRIOR TO THE ORIGINAL TRIAL DATE.

For further information, call the Calendar Office (408)882-2100.

---

Parties/Attorneys of Record:

CC: Steven M. Fink , Mesirow Fink
        10 Almaden Boulevard, Suite 400, San Jose, CA 95113-2226


If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or the Voice/TDD California Relay Service, (800)735-2922.


DECLARATION OF SERVICE BY MAIL.  I declare under penalty of perjury that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the U.S. Mail at San Jose, CA on 06-26-08.  KIRI TORRE, Chief Executive Officer/Clerk  by Loan Nguyen, Deputy.

Ex. P

184

COPY

VIA FAX

1 | TERRY E. SANCHEZ (State Bar No. 101318)
KATHERINE M. FORSTER (State Bar No. 217609)
2 | SORAYA C. KELLY (State Bar No. 252993)
MUNGER, TOLLES & OLSON LLP
3 | 355 South Grand Avenue
Thirty-Fifth Floor
4 | Los Angeles, CA 90071-1560
Telephone:   (213) 683-9100
5 | Facsimile:   (213) 687-3702

6 | Attorneys for Defendants
MERRILL LYNCH, PIERCE, FENNER & SMITH
7 | INCORPORATED and PATRICIA WILLIAMS

ENDORSED

2008 JUL 16  A 11: 01

David H. Yamasaki, Clerk of the Superior Court
Apparatus of Santa Clara, California
By: A. Ilas
Deputy Clerk

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SANTA CLARA

10

11 | MARK L. GRINGERI,                 CASE NO. 107CV090322

12 |           Plaintiff,

13 |    vs.                            STIPULATION AND [PROPOSED]
                                       ORDER FOR DISMISSAL OF
14 | MERRILL LYNCH, PIERCE, FENNER    DEFENDANT WILLIAMS WITH
& SMITH INCORPORATED, PAT            PREJUDICE
15 | WILLIAMS, and DOES 1 through 25,
inclusive,

16 |           Defendants.

17

18

19

20 |       WHEREAS, Plaintiff Mark Gringeri ("Plaintiff") brought suit against Defendant

21 | Pat Williams ("Defendant Williams") in the above-titled action;

22 |       WHEREAS, Plaintiff has agreed to dismiss this action against Defendant Williams

23 | with prejudice, in exchange for a waiver of costs and fees.

24 |       IT IS HEREBY STIPULATED THAT:

25 |       1.      The above-captioned matter be dismissed with prejudice against

26 | Defendant Williams only; and

27

28

5412509.1

STIPULATION AND [PROPOSED] ORDER FOR DISMISSAL OF DEFENDANT WILLIAMS WITH PREJUDICE

1        2.    All costs and attorneys' fees shall be borne by the respective parties who

2    incurred such costs and fees.

3

4

5    DATED: July /0 , 2008                    MUNGER, TOLLES & OLSON LLP
                                               TERRY E. SANCHEZ
6                                              KATHERINE M. FORSTER
                                               SORAYA C. KELLY
7

8                                              By: _____
9                                                  KATHERINE M. FORSTER

10                                             Attorneys for Defendants
                                               MERRILL LYNCH, PIERCE, FENNER &
11                                             SMITH INCORPORATED and PATRICIA
                                               WILLIAMS
12

13

14   DATED: July /0 , 2008                     MESIROW & FINK
                                               STEVEN M. FINK
15

16

17                                             By: _____
18                                                 STEVEN M. FINK

19                                             Attorneys for Plaintiff
                                               MARK L. GRINGERI
20                                                 * * * * *

21

22                                    **ORDER**

23        GOOD CAUSE APPEARING THEREFORE, the above-captioned matter is

24   hereby dismissed with prejudice against Defendant Patricia Williams <u>only</u>.  Each party is to bear

25   his or her own costs and attorneys' fees.

26
     Dated: ___7-16___ , 2008                  KEVIN J. MURPHY
27                                             _____
                                               Judge of the Superior Court
28

5412509.1                        - 2 -

STIPULATION AND [PROPOSED] ORDER FOR DISMISSAL OF DEFENDANT WILLIAMS WITH PREJUDICE

**186**